IN THE __CIRCUIT__ COURT OF THE __FIRST__ JUDICIAL DISTRICT
OF HINDS, COUNTY, MISSISSIPPI

__HUNTER EARLBON__                                          PLAINTIFF

VS.                                             NO. __251-11-000767-CIV__

__INTOWN LEASEE ASSOCIATES LLC__                             DEFENDANT

 

     I, BARBARA DUNN, CIRCUIT CLERK, OF THE CIRCUIT COURT
IN AND FOR THE SAID STATE AND COUNTY DO HEREBY CERTIFY THAT
THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL THE PAPERS
FILED IN THIS OFFICE IN THE ABOVE STYLED AND NUMBERED CAUSE,
AS OF THIS DATE THE SAME IS OF RECORD IN THIS OFFICE IN DOCKET
BOOK NO. __11__ PAGE NO. ____767__ TO WIT:

     GIVEN UNDER MY HAND AND SEAL OF OFFICE THIS THE __4TH__
DAY OF __MAY__, __2012__.

 

                            BARBARA DUNN, CIRCUIT CLERK
                            HINDS COUNTY, MISSISSIPPI

                            BY _____ D.C.

**EXHIBIT**

*A*

CCKCTF1

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**OF HINDS COUNTY, MISSISSIPPI**

FILED

AUG 26 2011

BARBARA DUNN, CIRCUIT CLERK
BY _____ D.C

**EARLBON HUNTER**                                                    **PLAINTIFF**

**VS.**                                               CAUSE NO: 251-1-767C IV

**INTOWN LESSEE ASSOCIATES, LLS; INTOWN**
**LESSEE SERVICES, LLS; IT TENANT RBS, LLC;**
**CHARLES CAMPBELL, INDIVIDUALLY;**
**BRANDON WALKER, INDIVIDUALLY;**
**AND JOHN DOES 1-3**                                            **DEFENDANTS**

## COMPLAINT

### Trial by Jury Requested

COMES NOW the Plaintiff, Earlbon Hunter, and files this his Complaint against the

Defendants, InTown Lessee Associates, LLS; InTown Lessee Services, LLS; IT Tenant RBS,

LLC (hereinafter all InTown entities will be collectively referred to as "InTown"); Charles

Campbell, Individually; Brandon Walker, Individually and John Does 1-3 in support thereof

would respectfully show the Court the following facts to-wit:

### PARTIES

1.      Plaintiff, Earlbon Hunter (hereinafter "Hunter") is an adult resident citizen of

Hinds County, Mississippi.

2.      Defendant, InTown Lessee Associates, LLC (hereinafter "InTown "), is a foreign

corporation licensed to do business in the state of Mississippi with its principal office located at

2727 Paces Ferry Road, Suite II-1200, Atlanta, Georgia 30339 and who may be served with

- 1 -

process through its registered agent for process C T Corporation System at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3.    Defendant, InTown Lessee Services, LLC (hereinafter "InTown "), is a foreign corporation licensed to do business in the state of Mississippi with its principal office located at 2727 Paces Ferry Road, Suite 11-1200, Atlanta, Georgia 30339 and who may be served with process through its registered agent for process C T Corporation System at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

4.    Defendant, IT Tenant RBS, LLC (hereinafter "InTown"), is a foreign corporation licensed to do business in the state of Mississippi with its principal office located at 2727 Paces Ferry Road, Suite IT-1200, Atlanta, Georgia 30339 and who may be served with process through its registered agent for process C T Corporation System at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

5.    Defendant, Charles Campbell (hereinafter "Campbell"), is an adult resident of Hinds County, Mississippi with his principal residence located at 53 Northtown Drive, Apt. 36-I, Jackson, Mississippi 39211 and who may be served with process at his residence.

6.    Defendant Brandon Walker (hereinafter "Walker"), is an adult resident of Hinds County, Mississippi with his principal residence located 5731 I-55 North Frontage Road, InTown Suites, Rm. 319, Jackson, Mississippi 39213 and who may be served with process at his residence.

7.    John Does 1-3 are entities and/or individuals, including but not limited to, employees, agents, owners and operators of the Jackson, Mississippi InTown Suites who are liable to Plaintiffs and who maintained authority and discretion regarding the maintenance of, control of, or standards for the safety procedures of InTown Suites.

- 2 -

## JURISDICTION AND VENUE

8.     This Court has *in personam* jurisdiction over Defendant because the negligent acts and omissions of Defendant were committed in whole or in part in the State of Mississippi against residents of the State of Mississippi.

9.     Venue is proper in Hinds County, Mississippi, pursuant to Miss. Code Ann.§11-11-3, as one or more of the Defendants does business or resides in and may be found in Hinds County, Mississippi.

## FACTS

10.    At all pertinent times, Defendants owned, possessed, controlled, and/or managed or provided security for the InTown Suites located at 5731 1-55 North, Jackson, Mississippi 39206.

11.    On or about, April 12, 2009 Plaintiff was a resident of the InTown Suites in Jackson, Mississippi located off the frontage road of I-55.  Plaintiff moved into InTown Suites about a year and a half prior to the incident. When initially became a resident, he and his sister, advised the manager that he had health problems which required a handicap room and that he needed to be checked upon daily. Per Plaintiff's request, the manager placed him in a handicap room and promised to check on the Plaintiff daily. The manager stated that on the days they were not on the property there was a maintenance man, Brandon Walker, who lived on the property, and that he would check on the Plaintiff. Both Brandon Walker and Charles Campbell were aware of the Plaintiff's health condition of Parkinson's disease and assumed the duty to check on the Plaintiff daily. Plaintiff had resided at InTown Suites for approximately a year and a half in

- 3 -

## NEGLIGENCE OF INTOWN SUITES

15.    Plaintiff adopt by reference the foregoing paragraphs as if fully set forth herein.

16.    Contributing and/or proximate factors or causes of the serious injuries of the Plaintiff caused by the negligence of Defendant InTown Suites include, but are not limited to, the failure to check on the Plaintiff daily as promised, the lack of and/or inadequate amount of personnel, failure to hire, supervise and maintain proper sanitation on the property, failure of the property owner to provide adequate instruction and supervision of the cleaning crew as well as management, and creating and enabling the unsafe conditions of the InTown Suites property in general, including the bathrooms in the guest rooms, failure to adequately maintain and perform sanitation on the property in the guest rooms. Allowing the guest rooms to be inadequately cleaned, failure to instruct its employees to check on the Plaintiff, failure to properly maintain the guest room bathrooms, failure to provide adequate first aid to the Plaintiff, failure to properly instruct its employees on providing first aid to invitees, negligence per se, breach of contract, negligence based upon reasonable foreseeability, and negligence based on assumption of duty.

## NEGLIGENCE OF CHARLES CAMPBELL

17.    Plaintiffs adopt by reference the foregoing paragraphs as if fully set forth herein.

18.    At all times presented Defendant Charles Campbell was a manager providing assistance to the guests and invitees of InTown Suites. Contributing and/or proximate factors or causes of the serious injuries of the Plaintiff caused by the negligence of Defendant Campbell include, but are not limited to, failure to check on the Plaintiff daily, failure to instruct employees to check on the Plaintiff daily, failure to train and instruct cleaning staff on Mississippi State

- 5 -

sanitation requirements and enabling the unsafe conditions of the InTown Suites property in general, including the guest rooms, failure to adequately monitor the property, failure as management personnel to keep a reasonable degree of watchfulness over the property, negligence per se, breach of contract, negligence based upon reasonable foreseeability, and negligence based on assumption of duty.

19.     Defendant Campbell is also charged with negligence for failure to provide adequate aid, failure to render aid to Plaintiff after knowing he was injured, negligently attempting to provide aid to the Plaintiff, and failure to call for emergency aid within a reasonable time period. Defendant Campbell is also charged with negligently choosing to abandon his duty to make rounds and check on the Plaintiff and failure to instruct employees to make rounds and check on Plaintiff in his absence.

20.     Plaintiff also charges the Defendant Campbell with strict liability regarding the sanitation of the guest room bathrooms and insuring that the employees complied with the duty.


## NEGLIGENCE OF BRANDON WALKER

21.     Plaintiffs adopt by reference the foregoing paragraphs as if fully set forth herein.

22.     At all times presented Defendant Brandon Walker was maintenance providing assistance to the guests and invitees of InTown Suites. Contributing and/or proximate factors or causes of the serious injuries of the Plaintiff caused by the negligence of Defendant Walker include, but are not limited to, failure to check on the Plaintiff daily, failure to adequately monitor the property, failure as maintenance personnel to keep a reasonable degree of watchfulness over the property, negligence per se, breach of contract, negligence based upon reasonable foreseeability, and negligence based on assumption of duty.

- 6 -

23.    Defendant Walker is also charged with negligence for failure to provide adequate aid, failure to render aid to Plaintiff after knowing he was injured, negligently attempting to provide aid to the Plaintiff, and failure to call for emergency aid within a reasonable time period. Defendant Walker is also charged with negligently choosing to abandon his duty to make rounds and check on the Plaintiff, failure to instruct another employee to make rounds in his absence and check on Plaintiff.

## NEGLIGENCE OF JOHN DOES 1-3

24.    Plaintiffs adopts by reference the foregoing paragraphs as if fully set forth herein.

25.    John Does 1-3 are alleged cleaning services, cleaning staff, or other owners, managers or operators of InTown Suites who may have negligently acted or otherwise been a contributing cause to the injuries of the Plaintiff. John Does 1-3 may have been employed or acting as cleaning crew or other staff or owners and on the property at the time the Plaintiff was injured; those who were instructed to check on the Plaintiff daily; or those responsible for the property and compliance with Mississippi State Health Codes. The John Does 1-3 will be named when and if they are located and found to be party to this cause.

26.    At the time of the serious injuries of the Plaintiff, all Defendants had failed to fulfill their joint, several, and/or collective duties of providing ordinary, reasonable sanitation and maintenance of the InTown Suites property and to take other such reasonable precautions or measures to protect invitees from foreseeable harm and danger, including the harm suffered by Plaintiff.

## DAMAGES

27.     As a proximate result of the negligence alleged above, Plaintiff, received the

following injuries: severe generalized metabolic derangement, renal failure, acidosis, prolonged

protime, and severe myoglobinemia and myoglobinuria. Plaintiff has irreversible ischemia of the

right upper extremity and right lateral chest wall which resulted in right shoulder disarticulation,

removal of a large portion of the lateral aspect of the right chest wall with chest wall coverage

with flap from the right deltoid region. Plaintiff's right arm was amputated. Plaintiff was

hospitalized and now requires 24-hour assistance. Plaintiff has incurred medical bills and is

currently treating with physicians and is expected to continue to require future medical treatment

for his injuries.  Plaintiff now has a permanent disability, deformity and impairment to his body.

Plaintiff has also suffered severe emotional, mental and physical pain and suffering from this

incident. Plaintiff reasonably anticipate future damages, proximately caused by said negligence

of Defendants, including future medical expenses, future pain, suffering and mental anguish,

permanent physical impairment, permanent disfigurement, future travel expenses and other

damages.

## CLAIMS FOR RELIEF

28.     Plaintiffs adopt and incorporate by reference the foregoing paragraphs.

29.     Defendants, individually, jointly and severally, owed to the Plaintiff an ordinary

duty of care. Defendants breached said duty owed to the Plaintiff and were negligent by failing

to provide adequate sanitation at InTown Suites, failing to take steps to implement reasonable

measures for the safety of the Plaintiff, failing to supervise the employees on the property to

insure they complied with undertaken duties and duties required by the Mississippi Department

of Health, failing to provide the services offered to guests, failing to keep a reasonable degree of watchfulness over the property, failing to reasonably inspect, monitor and make safe the premises from the foreseeable harm suffered by the Plaintiff, including the failure to properly maintain and perform upkeep on the InTown Suites property, including the guest room bathrooms.

30.    As a result and proximate consequence of all the Defendants' negligence, breach of their duty of care, the Plaintiff was unable to notify hotel staff that he needed assistance, and he was left in peril for three days before being checked on, causing the Plaintiff to suffer physical pain and injuries, ongoing chronic pain, as well as, emotional pain and suffering and can reasonably be expected to incur further physical and emotional pain and suffering in the future. Plaintiff, therefore, is entitled to all damages of every type and variety that are permitted by law, including, but not limited to, past, present and future physical and mental pain and suffering, past, present and future medical expenses, disability and impairment and lost wages. Plaintiff is further entitled to other general damages as well as punitive damages.

WHEREFORE PREMISES CONSIDERED, the Plaintiff demand a trial by jury and judgment from Defendants InTown Lessee Associates, LLC; InTown Lessee Services, LLC; IT Tenant RBS, LLC; Charles Campbell, individually; Brandon Walker, individually; and John Does 1-3 jointly and severally for actual, compensatory, consequential and incidental damages in an amount exceeding the jurisdictional minimal limits of this Court for compensatory damages and for punitive damages including all expenses and costs of this civil action, and such other general relief as the Court and the jury deem just.

This the 18th day of August, 2011.

Respectfully Submitted,

EARLBON HUNTER


By: _J. Ashley Ogden_
J. ASHLEY OGDEN


OF COUNSEL:

J. ASHLEY OGDEN, ESQ. (MSB #9842)
WENDY M. YUAN, ESQ. (MSB #102867)
JAMES W. SMITH, JR., ESQ. (MSB #7534)
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
Telephone: (601) 969-0999
Facsimile: (601) 969-0089
ATTORNEYS FOR PLAINTIFF

# OGDEN & ASSOCIATES
### Attorneys at Law, PLLC

James Ashley Ogden*
Curtis W. Brannon**
Wendy M. Yuan***
_____
James W. Smith, Jr.
of Counsel

500 East Capitol Street
Suite 3
Jackson, Mississippi 39201

Telephone (601) 969-0999
Facsimile (601) 969-0089

* Licensed in Mississippi & Florida
** Licensed in Florida
*** Licensed in Mississippi

August 18, 2011

Ms. Barbara Dunn
Hinds County Circuit Clerk
P.O. Box 327
Jackson, MS 39205

RE:   **Earlbon Hunter vs. InTown Lessee Associates, LLS; InTown Lessee Services,
LLS; IT Tenant RBS, LLC; Charles Campbell, Individually; Brandon
Walker, Individually and John Does 1-3; In the Circuit Court of the First
Judicial District of Hinds County, Mississippi**

Dear Ms. Dunn:

Enclosed please find the following documents in the above referenced matter.

1.  My firm's check in the amount of $120.00
2.  Civil cover sheet
3.  Two Original Summons for each defendant
4.  Original and five (5) copies of the Complaint

Please issue the Summons and file the original Complaint and return the issued Summons
and stamped "filed" copies of the Complaint to me via my runner. Thank you for your assistance
and should you have any questions please contact my office.

Sincerely,

_J. Ashley Ogden_

J. Ashley Ogden

JAO/cat
Enc.

# OGDEN & ASSOCIATES
## Attorneys at Law, PLLC

James Ashley Ogden*
Curtis W. Brannon**
Wendy M. Yuan***

James W. Smith, Jr.
of Counsel

500 East Capitol Street
Suite 3
Jackson, Mississippi 39201

Telephone (601) 969-0999
Facsimile (601) 969-0089

* Licensed in Mississippi & Florida
** Licensed in Florida
*** Licensed in Mississippi

September 1, 2011

Ms. Barbara Dunn
Hinds County Circuit Clerk
P.O. Box 327
Jackson, MS 39205

**RE:** **Earlbon Hunter vs. InTown Lessee Associates, LLS; InTown Lessee Services, LLS; IT Tenant RBS, LLC; Charles Campbell, Individually; Brandon Walker, Individually and John Does 1-3; In the Circuit Court of the First Judicial District of Hinds County, Mississippi; Cause No. 251-11-767 CIV**

Dear Ms. Dunn:

Enclosed please find the original and one (1) copy of the following document in the above referenced matter to be filed in your office:

1. Executed Summons for Charles Campbell

Please file the original in your usual manner and return the stamp-filed copy to me via my runner. Thank you for your assistance and should you have any questions please contact my office.

Sincerely,

*J. Ashley Ogden*

J. Ashley Ogden

JAO/cat
Enc.

COPY

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

**EARLBON HUNTER**                                                          **PLAINTIFF**

**VS.**                                                    CAUSE NO: 251-11-767CIV

**INTOWN LESSEE ASSOCIATES, LLS; INTOWN**                    **F I L E D**
**LESSEE SERVICES, LLS; IT TENANT RBS, LLC;**
**CHARLES CAMPBELL, INDIVIDUALLY;**                          SEP 0 1 2011
**BRANDON WALKER, INDIVIDUALLY;**                            BARBARA DUNN, CIRCUIT CLERK
**AND JOHN DOES 1-3**                                        BY_____ DC **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI: TO THE SHERIFF OF HINDS COUNTY
OR ANY OTHER LAWFUL PERSON:

TO:    Charles Campbell
       53 Northtown Drive, Apt. 36-I
       Jackson, Mississippi 39211

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to:
**J. Ashley Ogden whose address is 500 East Capitol Street, Suite 3, Jackson, Mississippi
39201.**

Your response must be mailed or delivered within thirty (30) days from the date of
delivery of this summons and complaint or a judgment by default will be entered against you for
the money or other things demanded in your complaint.

You must also file the original of your response with the Clerk of this Court within a
reasonable time afterwards.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 26 day of
_____, 2011.

ATTEST A TRUE COPY
AUG 26 2011
BARBARA DUNN, CIRCUIT CLERK
BY_____ D.C.

BARBARA DUNN, CIRCUIT CLERK
P.O. BOX 327, JACKSON, MS 39205

By_____ D.C.

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**OF HINDS COUNTY, MISSISSIPPI**

**EARLBON HUNTER**                                                            **PLAINTIFF**

**VS.**                                                    **CAUSE NO:** 251-11-767CIV

**INTOWN LESSEE ASSOCIATES, LLS; INTOWN**
**LESSEE SERVICES, LLS; IT TENANT RBS, LLC;**
**CHARLES CAMPBELL, INDIVIDUALLY;**
**BRANDON WALKER, INDIVIDUALLY;**
**AND JOHN DOES 1-3**                                              **DEFENDANTS**

**SUMMONS**

THE STATE OF MISSISSIPPI: TO THE SHERIFF OF HINDS COUNTY **FILED**
OR ANY OTHER LAWFUL PERSON:

                                                             **SEP 0 1 2011**

TO:   C T Corporation System Agent for Service of Process for     BARBARA DUNN, CIRCUIT CLERK
      InTown Lessee Services, LLC                                 BY_____ D.C.
      645 Lakeland East Drive, Suite 101
      Flowood, Mississippi 39232

NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

      You are required to mail or hand-deliver a copy of a written response to the Complaint to:
**J. Ashley Ogden whose address is 500 East Capitol Street, Suite 3, Jackson, Mississippi**
**39201.**

      Your response must be mailed or delivered within thirty (30) days from the date of
delivery of this summons and complaint or a judgment by default will be entered against you for
the money or other things demanded in your complaint.

      You must also file the original of your response with the Clerk of this Court within a
reasonable time afterwards.

      ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 26 day of
_____, 2011.

                              ATTEST A TRUE COPY          BARBARA DUNN, CIRCUIT CLERK
                              AUG 2  2011                 P.O. BOX 327, JACKSON, MS 39205
                          BARBARA DUNN, CIRCUIT CLERK
                                              D.C.
                          BY                             By:_____ D.C.

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI**

**EARLBON HUNTER**                                                                    **PLAINTIFF**

**VS.**                                                          **CAUSE NO:** 251-11-767CIV

**INTOWN LESSEE ASSOCIATES, LLS; INTOWN
LESSEE SERVICES, LLS; IT TENANT RBS, LLC;
CHARLES CAMPBELL, INDIVIDUALLY;
BRANDON WALKER, INDIVIDUALLY;
AND JOHN DOES 1-3**                                                        **DEFENDANTS**

**SUMMONS**

THE STATE OF MISSISSIPPI: TO THE SHERIFF OF HINDS COUNTY
OR ANY OTHER LAWFUL PERSON:

**F I L E D**

SEP 0 1 2011

BARBARA DUNN, CIRCUIT CLERK

BY_____D.C.

TO:   C T Corporation System Agent for Service of Process for
       InTown Lessee Associates, LLC
       645 Lakeland East Drive, Suite 101
       Flowood, Mississippi 39232

<u>NOTICE TO DEFENDANT</u>

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to:
**J. Ashley Ogden whose address is 500 East Capitol Street, Suite 3, Jackson, Mississippi
39201.**

Your response must be mailed or delivered within thirty (30) days from the date of
delivery of this summons and complaint or a judgment by default will be entered against you for
the money or other things demanded in your complaint.

You must also file the original of your response with the Clerk of this Court within a
reasonable time afterwards.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 26 day of
_____Aug____, 2011.

ATTEST A TRUE COPY

AUG 26 2011

BARBARA DUNN, CIRCUIT CLERK

BY_____ D.C.By:

BARBARA DUNN, CIRCUIT CLERK
P.O. BOX 327, JACKSON, MS 39205

_____D.C.

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

**EARLBON HUNTER**                                                      **PLAINTIFF**

**VS.**                                                      CAUSE NO: 25H1-767CV

**INTOWN LESSEE ASSOCIATES, LLS; INTOWN**
**LESSEE SERVICES, LLS; IT TENANT RBS, LLC;**
**CHARLES CAMPBELL, INDIVIDUALLY;**
**BRANDON WALKER, INDIVIDUALLY;**
**AND JOHN DOES 1-3**                                        **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI: TO THE SHERIFF OF HINDS COUNTY
OR ANY OTHER LAWFUL PERSON:

**FILED**

SEP 0 1 2011

BARBARA DUNN, CIRCUIT CLERK

BY_____ D.C.

TO:   C T Corporation System Agent for Service of Process for
      IT Tenant RBS, LLC
      645 Lakeland East Drive, Suite 101
      Flowood, Mississippi 39232

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand-deliver a copy of a written response to the Complaint to:
**J. Ashley Ogden whose address is 500 East Capitol Street, Suite 3, Jackson, Mississippi
39201.**

        Your response must be mailed or delivered within thirty (30) days from the date of
delivery of this summons and complaint or a judgment by default will be entered against you for
the money or other things demanded in your complaint.

        You must also file the original of your response with the Clerk of this Court within a
reasonable time afterwards.

        ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 26 day of
_____, 2011.

ATTEST A TRUE COPY

AUG 26 2011

BARBARA DUNN, CIRCUIT CLERK

BY_____ D.C.

BARBARA DUNN, CIRCUIT CLERK
P.O. BOX 327, JACKSON, MS 39205

By:_____ D.C.

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI**

**EARLBON HUNTER**                                                      **PLAINTIFF**

**VS.**                                                                CAUSE NO: 25JIL767CIV

**INTOWN LESSEE ASSOCIATES, LLS; INTOWN
LESSEE SERVICES, LLS; IT TENANT RBS, LLC;
CHARLES CAMPBELL, INDIVIDUALLY;
BRANDON WALKER, INDIVIDUALLY;
AND JOHN DOES 1-3**                                                    **DEFENDANTS**

**SUMMONS**

THE STATE OF MISSISSIPPI: TO THE SHERIFF OF HINDS COUNTY
OR ANY OTHER LAWFUL PERSON:

# FILED

TO:   Brandon Walker
      5731 I-55 North Frontage Road
      InTown Suites, Rm. 319
      Jackson, Mississippi 39213

SEP 0 1 2011

BARBARA DUNN, CIRCUIT CLERK
BY_____D.C.

<u>NOTICE TO DEFENDANT</u>

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to:
**J. Ashley Ogden whose address is 500 East Capitol Street, Suite 3, Jackson, Mississippi
39201.**

Your response must be mailed or delivered within thirty (30) days from the date of
delivery of this summons and complaint or a judgment by default will be entered against you for
the money or other things demanded in your complaint.

You must also file the original of your response with the Clerk of this Court within a
reasonable time afterwards.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 26 day of
_____ 2011.

ATTEST A TRUE COPY
AUG 26 2011
BARBARA DUNN, CIRCUIT CLERK
BY

BARBARA DUNN, CIRCUIT CLERK
P.O. BOX 327, JACKSON, MS 39205

By_____ D.C.

PROOF OF SERVICE – SUMMONS

Name of Person or Entity Served: ___Brandon  Walker_____

     I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set fourth below (Process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used)

     ( ) FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid) copies to the person served, together with the copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attached completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)

     (✓) PERSONAL SERVICE. I have personally delivered copies of the summons and complaint on the _1_ day of _Sept_, 2011 to: _Brandon Walker @ 1045am_ where I found said person in _Hinds_ County in the state of Mississippi.

     ( ) RESIDENCE SERVICE. After due diligence I was unable to deliver copies of the summons and complaint to _____ within _____ County, Mississippi. I served the summons and complaint on the ____ day of _____, 2011, at the usual place of abode of said _____, by leaving a true copy of said summons and complaint with _____, who is the _____, a member of the family of the person served above the age sixteen years and willing to receive the summons and complaint, and thereafter on the ____ day of _____, 2011, I mailed (by first class mail, postage prepaid) copies to the person served at his or her place of abode where the copies were left.

     ( ) CERTIFIED MAIL SERVICE. By mailing to an address outside of Mississippi (by first class mail, postage prepaid, requiring return receipt) copies to the person to be served. (Attach signed return receipt or other evidence of actual delivery to the person to be served.)

Fee for Service $ _n/a_

Process server must list below: [Please print or type}
Name _Aaron Jolly_____
Address: _500 E Capital St, Jxsn MS 39201_
Telephone No._(601) 969-0989_____

State of Mississippi
County of _Hinds_

     Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Aaron Jolly_ who by me first being duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server (signature)

     Sworn to and subscribed before me this the _1_ day of _September_, 2011.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:

_Feb. 21, 2012_

*[Stamp: FILED SEP -1 2011 BARBARA DUNN CIRCUIT CLERK D.C.]*

*[Notary seal: STATE OF MISSISSIPPI NOTARY PUBLIC ID # 66445 CHASITY THOMPSON Commission Expires Feb. 21, 2012 RANKIN COUNTY]*

PROOF OF SERVICE – SUMMONS

Name of Person or Entity Served: _CT Corporation / Joanie Jones_

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set fourth below (Process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used)

( ) FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid) copies to the person served, together with the copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attached completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)

(✓) PERSONAL SERVICE. I have personally delivered copies of the summons and complaint on the _1_ day of _Sept_, 2011 to: _Joanie Jones @ 1150 pm_ where I found said person in _Rankin_ County in the state of Mississippi.

( ) RESIDENCE SERVICE. After due diligence I was unable to deliver copies of the summons and complaint to _____ within _____ County, Mississippi. I served the summons and complaint on the _____ day of _____, 2011, at the usual place of abode of said _____, by leaving a true copy of said summons and complaint with _____, who is the _____, a member of the family of the person served above the age sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2011, I mailed (by first class mail, postage prepaid) copies to the person served at his or her place of abode where the copies were left.

( ) CERTIFIED MAIL SERVICE. By mailing to an address outside of Mississippi (by first class mail, postage prepaid, requiring return receipt) copies to the person to be served. (Attach signed return receipt or other evidence of actual delivery to the person to be served.)

Fee for Service $ _N/A_

Process server must list below: [Please print or type}
Name _Aaron Jolly_
Address: _500 E Capital St, Jackson MS_
Telephone No. _601 969-0999_

**FILED**

SEP -1 2011

BARBARA DUNN, CIRCUIT CLERK

BY_____ D.C.

State of Mississippi
County of _Hinds_

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Aaron Jolly_ who by me first being duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server (signature)

Sworn to and subscribed before me this the _1_ day of _September_, 2011.

_Chasity Thompson_
NOTARY PUBLIC

MY COMMISSION EXPIRES:

_Feb. 21, 2012_

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 66445
CHASITY THOMPSON
Commission Expires
Feb. 21, 2012
RANKIN COUNTY

PROOF OF SERVICE – SUMMONS

Name of Person or Entity Served: _CT Corporation / Joanie Jones_

    I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set fourth below (Process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used)

    ( ) FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid) copies to the person served, together with the copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attached completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)

    (✓) PERSONAL SERVICE. I have personally delivered copies of the summons and complaint on the _1_ day of _Sept_ , 2011 to: _Joanie Jones @ 11:00_ _An_, where I found said person in _Rankin_ County in the state of Mississippi.

    ( ) RESIDENCE SERVICE. After due diligence I was unable to deliver copies of the summons and complaint to _____ within _____ County, Mississippi. I served the summons and complaint on the____ day of _____, 2011, at the usual place of abode of said _____, by leaving a true copy of said summons and complaint with _____, who is the _____, a member of the family of the person served above the age sixteen years and willing to receive the summons and complaint, and thereafter on the ____ day of _____, 2011, I mailed (by first class mail, postage prepaid) copies to the person served at his or her place of abode where the copies were left.

    ( ) CERTIFIED MAIL SERVICE. By mailing to an address outside of Mississippi (by first class mail, postage prepaid, requiring return receipt) copies to the person to be served. (Attach signed return receipt or other evidence of actual delivery to the person to be served.)

Fee for Service $ _n/a_

**FILED**

SEP -1 2011

Process server must list below: [Please print or type}
Name _A Ann Jolly_
Address: _500 E Capitol St, Jackson MS_
Telephone No. _601 969-0899_

BARBARA DUNN, CIRCUIT CLERK

BY _____ D.C

State of Mississippi
County of _Hinds_

    Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _A Ann Jolly_ who by me first being duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server (signature)

Sworn to and subscribed before me this the _1_ day of _September_ 2011.

_Chasity Thompson_
NOTARY PUBLIC

MY COMMISSION EXPIRES:

_Feb. 21, 2012_

STATE OF MISS.
NOTARY PUBLIC
ID # 6644
CHASITY THOMPSON
Commission Expires
Feb. 21, 2012
RANKIN COUNTY

PROOF OF SERVICE – SUMMONS

Name of Person or Entity Served: _C T Corporation / Joanie Jones_

    I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set fourth below (Process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used)

    ( ) FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid) copies to the person served, together with the copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attached completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)

    (✗) PERSONAL SERVICE. I have personally delivered copies of the summons and complaint on the _1_ day of _Sept_ , 2011 to: _Joanie Jones @ 1150 Am_ where I found said person in ___Rankin___ County in the state of Mississippi.

    ( ) RESIDENCE SERVICE. After due diligence I was unable to deliver copies of the summons and complaint to _____ within _____ County, Mississippi. I served the summons and complaint on the ____ day of _____, 2011, at the usual place of abode of said _____, by leaving a true copy of said summons and complaint with _____, who is the _____, a member of the family of the person served above the age sixteen years and willing to receive the summons and complaint, and thereafter on the ____ day of _____, 2011, I mailed (by first class mail, postage prepaid) copies to the person served at his or her place of abode where the copies were left.

    ( ) CERTIFIED MAIL SERVICE. By mailing to an address outside of Mississippi (by first class mail, postage prepaid, requiring return receipt) copies to the person to be served. (Attach signed return receipt or other evidence of actual delivery to the person to be served.)

Fee for Service $ _n/A_

# F I L E D

SEP – 1 2011

BARBARA DUNN, CIRCUIT CLERK

BY _____ D.C.

Process server must list below: [Please print or type]
Name _Aaron Jolly_
Address: _SW 6 Chapel St   Jackson MS_
Telephone No. _(601) 969-0999_

State of Mississippi
County of _Hinds_

    Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Aaron Jolly_ who by me first being duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server (signature)

    Sworn to and subscribed before me this the _1_ day of _September_ 2011.

_Chasity Thompson_
NOTARY PUBLIC

MY COMMISSION EXPIRES:

_Feb. 21, 2012_

PROOF OF SERVICE – SUMMONS

Name of Person or Entity Served: _Charles Campbell_

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set fourth below (Process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used)

( ) FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid) copies to the person served, together with the copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attached completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)

(✓) PERSONAL SERVICE. I have personally delivered copies of the summons and complaint on the _31_ day of _August_, 2011 to: _Charles Campbell_, where I found said person in _Hinds_ County in the state of Mississippi. _Time 3:30 p.m._

( ) RESIDENCE SERVICE. After due diligence I was unable to deliver copies of the summons and complaint to _____ within _____ County, Mississippi. I served the summons and complaint on the ____ day of _____, 2011, at the usual place of abode of said _____, by leaving a true copy of said summons and complaint with _____, who is the _____, a member of the family of the person served above the age sixteen years and willing to receive the summons and complaint, and thereafter on the ____ day of _____, 2011, I mailed (by first class mail, postage prepaid) copies to the person served at his or her place of abode where the copies were left.

( ) CERTIFIED MAIL SERVICE. By mailing to an address outside of Mississippi (by first class mail, postage prepaid, requiring return receipt) copies to the person to be served. (Attach signed return receipt or other evidence of actual delivery to the person to be served.)

Fee for Service $ _N/A_

Process server must list below: [Please print or type]
Name _Jackie Stubbs_
Address: _500 E. Capitol St. Suite 3 Jackson MS_
Telephone No.(_601_) _969-0999_

State of Mississippi
County of _Hinds_

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Jackie Stubbs_ who by me first being duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_Jackie Stubbs_
Process Server (signature)

Sworn to and subscribed before me this the _31st_ day of _August_, 2011.

_Chasity Thompson_
NOTARY PUBLIC

MY COMMISSION EXPIRES:

_Feb. 21, 2012_

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 86445
CHASITY THOMPSON
Commission Expires
Feb. 21, 2012
RANKIN COUNTY

FILED
SEP - 1 2011
BY
BARBARA DUNN CIRCUIT CLERK

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

**EARLBON HUNTER**                                                      **PLAINTIFF**

**VS.**                                               **CIVIL ACTION NO. 251-11-767CIV**

**INTOWN LESSEE ASSOCIATES, LLS;**
**INTOWN LESSEE SERVICES, LLS; IT TENANT**
**RBS, LLC; CHARLES CAMPBELL, individually;**
**BRANDON WALKER, individually; and**
**JOHN DOES 1-3**                                                   **DEFENDANTS**

**F I L E D**
NOV 17 2011
BARBARA DUNN, CIRCUIT CLERK
BY _____

---

## AGREED ORDER DISMISSING INTOWN LESSEE ASSOCIATES, LLS AND IT TENANT RBS, LLC AS DEFENDANTS WITHOUT PREJUDICE

---

The plaintiff in this action having advised the Court through his counsel that he desires to dismiss all claims filed in this action against InTown Lessee Associates, LLC and IT Tenant RBS, LLC, and the Court being fully advised in the premises, does hereby dismiss, without prejudice, all claims against these defendants only. The Court further orders that the entry of this dismissal order as to InTown Lessee Associates, LLC and IT Tenant RBS, LLC applies to these parties only and does not apply to the plaintiff's claims against the other defendants.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's claims against InTown Lessee Associates, LLC and IT Tenant RBS, LLC are dismissed without prejudice.

SO ORDERED THIS THE 17th DAY OF NOVEMBER 2011.

_____
Circuit Court Judge

{01271609}

Agreed:

_J. Ashley Ogden_
J. Ashley Ogden
Attorney for Plaintiff

_Sheldon G. Alston_
Sheldon G. Alston
Attorney for Intown Lessee Services, LLC,
Charles Campbell and Brandon Walker

{01271609}



ATTORNEYS AT LAW

SHELDON G. ALSTON

E-mail: salston@brunini.com
Direct: 601.960.6889

The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, Mississippi 39201
Telephone: 601.948.3101

Post Office Drawer 119
Jackson, Mississippi 39205

Facsimile: 601.960.6902

November 18, 2011

Barbara Dunn, Circuit Clerk
Hinds County, Mississippi
Post Office Box 327
Jackson, Mississippi  39205

      RE:    *Earlbon Hunter vs. InTown Lessee Associates, LLS, et al*; In the Circuit Court of
          the First Judicial District of Hinds County, Mississippi; Civil Action No. 251-11-
          767CIV

Dear Ms. Dunn:

      Enclosed is the original and one copy each of the following documents:

1.      Answer and Affirmative Defenses of Defendant InTown Lessee Services, LLC;
2.      Answer and Affirmative Defenses of Defendant Brandon Walker; and,
3.      Answer and Affirmative Defenses of Defendant Charles Campbell;

      Please file the originals and return one copy of each stamped "filed" in the enclosed self-
addressed postage pre-paid envelope.

      Thank you for your assistance in this matter.

              Sincerely,

              Brunini, Grantham, Grower & Hewes, PLLC

              Sheldon G. Alston

SGA/vcb
Enclosures

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

**FILED**

NOV 18 2011

BARBARA DUNN, CIRCUIT CLERK
BY_____ D.C.

EARLBON HUNTER                                          **PLAINTIFF**

VS.                               **CIVIL ACTION NO. 251-11-767CIV**

INTOWN LESSEE ASSOCIATES, LLS;
INTOWN LESSEE SERVICES, LLS; IT TENANT
RBS, LLC; CHARLES CAMPBELL, individually;
BRANDON WALKER, individually; and
JOHN DOES 1-3                                **DEFENDANTS**

---

### ANSWER AND AFFIRMATIVE DEFENSES OF
### DEFENDANT INTOWN LESSEE SERVICES, LLC

---

### ANSWER

Defendant, InTown Lessee Services, LLC, by and through counsel, files this Answer to the Complaint filed against it as follows:

### FIRST AFFIRMATIVE DEFENSE

Now answering the Complaint *seriatim*, InTown Lessee Services, LLC ("ILS") states:

### PARTIES

1.      ILS has insufficient information to admit or deny the allegations contained in paragraph 1 of the Complaint, and therefore, these allegations are denied.

2.      ILS denies the allegations contained in paragraph 2 of the Complaint.

3.      ILS admits the allegations contained in paragraph 3 of the Complaint.

4.      ILS denies the allegations contained in paragraph 4 of the Complaint.

5.      ILS has insufficient information to admit or deny the allegations contained in paragraph 5 of the Complaint, and therefore, these allegations are denied.

6.      ILS admits the allegations contained in paragraph 6 of the Complaint.

7.      ILS has insufficient information to admit or deny the allegations contained in paragraph 7 of the Complaint, and therefore, these allegations are denied.

### JURISDICTION AND VENUE

8.      ILS denies the allegations of paragraph 8.  ILS would admit that this Court has jurisdiction over the matter.

9.      ILS admits that venue is proper in Hinds County, Mississippi.

### FACTS

10.      ILS denies the allegations of paragraph 10.

11.      ILS denies the allegations of paragraph 11 of the Complaint.  ILS would admit that on or about April 12, 2009, Plaintiff was occupying room 134 at the property in Jackson, Mississippi off the frontage road of I-55 and had been staying there for more than one year.

12.      ILS specifically denies all allegations, characterizations and implications of paragraph 12 of the Complaint to the extent directed to ILS.  ILS has insufficient information to admit or deny the remaining allegations contained in paragraph 12 of the Complaint, and therefore, these allegations are denied.

13.      ILS denies the allegations of paragraph 13 of the Complaint.

14.      ILS denies the allegations of paragraph 14 of the Complaint.

### NEGLIGENCE OF INTOWN SUITES

15.      ILS reincorporates all preceding paragraphs of this Answer.

16.      ILS denies the allegations of paragraph 16 of the Complaint.

### NEGLIGENCE OF CHARLES CAMPBELL

17.      ILS reincorporates all preceding paragraphs of this Answer.

18.     ILS denies the allegations of paragraph 18 of the Complaint.  ILS would admit that Charles Campbell was a manager of the property during the time in question.

19.     ILS denies the allegations of paragraph 19 of the Complaint.

20.     ILS denies the allegations of paragraph 20 of the Complaint.

## NEGLIGENCE OF BRANDON WALKER

21.     ILS reincorporates all preceding paragraphs of this Answer.

22.     ILS denies the allegations of paragraph 22 of the Complaint.  ILS would admit that Brandon Walker provided maintenance services at the property.

23.     ILS denies the allegations of paragraph 23 of the Complaint.

## NEGLIGENCE OF JOHN DOES 1-3

24.     ILS reincorporates all preceding paragraphs of this Answer.

25.     To the extent paragraph 25 of the Complaint is not directed to ILS, ILS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint.  ILS specifically denies all allegations, characterizations and implications of paragraph 25 of the Complaint to the extent directed to ILS.

26.     To the extent paragraph 26 of the Complaint is not directed to ILS, ILS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint.  ILS specifically denies all allegations, characterizations and implications of paragraph 26 of the Complaint to the extent directed to ILS.

## DAMAGES

27.     ILS denies the allegations of paragraph 27 of the Complaint.

## CLAIMS FOR RELIEF

28.     ILS reincorporates all preceding paragraphs of this Answer.

3

29.    ILS denies the allegations of paragraph 29 of the Complaint.

30.    ILS denies the allegations of paragraph 30 of the Complaint.

ILS denies the allegations contained in the unnumbered paragraph of the Complaint beginning with "WHEREFORE PREMISES CONSIDERED." All allegations of the Complaint not heretofore admitted are hereby denied specifically.

AND NOW, having fully answered the factual allegations made against it in the Complaint, ILS asserts the following additional matters affirmatively:

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted, and should therefore be dismissed.

### THIRD AFFIRMATIVE DEFENSE

ILS asserts the defense of assumption of the risk.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered any injuries or damages as alleged, the same were caused by and contributed to by Plaintiff's own acts or omissions which contributed to and were the sole proximate cause of the damages alleged, and Plaintiff's damages, if any, should be reduced by the percentage of fault attributed to Plaintiff's negligence.

### FIFTH AFFIRMATIVE DEFENSE

ILS avers that if Plaintiff suffered any damages, then such damages were caused in part by the acts or omissions of third parties, for which acts or omissions ILS is in no way liable, and such acts or omissions constitute the independent, intervening and sole proximate cause of any such injuries and damages, and Plaintiff's damages, if any, should be reduced by the percentage of fault attributed to the negligence or other fault of such third parties.

4

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, accord and satisfaction, release, waiver, and/or discharge.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by lack of consideration and statute of frauds.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred:

(a)   By the Eighth Amendment of the United States Constitution, Section 28 of the Mississippi Constitution;

(b)   By the Fifth and Fourteenth Amendments of the United States Constitution prohibiting substantive and procedural due process violations, as well as by Section 14 of the Mississippi Constitution;

(c)   By the Fourteenth Amendment to the United States Constitution guaranteeing equal protection of the laws;

(d)   By the Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution and sections 14, 17, 26 and 28 of the Constitution of the State of Mississippi to the extent such sanctions are attempted to be imposed without requiring the burden of proof to be beyond a reasonable doubt; and

(e)   By the provisions of Miss. Code Ann. § 11-1-65 (1972 Amended).

## TENTH AFFIRMATIVE DEFENSE

ILS hereby gives notice that it intends to rely on any other defenses that may become legally available or appear during the discovery proceedings in this case, and hereby reserve its right to amend its Answer to assert any such defense.

Respectfully submitted this the 18th day of November, 2011.

INTOWN LESSEE SERVICES, LLC

_____
One of its Attorneys

OF COUNSEL:
Sheldon Alston, MSB # 9784
salston@brunini.com
William Trey Jones, III, MSB #99185
tjones@brunini.com
Karen Howell, MSB # 102243
khowell@brunini.com
William D. Drinkwater, MSB # 103913
wdrinkwater@brunini.com
Brunini, Grantham, Grower & Hewes, PLLC
190 East Capitol Street, Suite 100 (39201)
Post Office Box 119
Jackson, MS 39205-0119
Telephone: (601) 948-3101
Facsimile: (601) 960-6902

## **CERTIFICATE OF SERVICE**

I, Sheldon G. Alston, one of the attorneys for Defendant InTown Lessee Services, LLC, do hereby certify that I have this day served a true copy of the above and foregoing document via United States mail, postage prepaid, to the following:

J. Ashley Ogden
Wendy M. Yuan
James W. Smith, Jr.
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201

SO CERTIFIED, this the 18th day of November, 2011.

SHELDON G. ALSTON

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

EARLBON HUNTER                                                    PLAINTIFF

VS.                                                    CIVIL ACTION NO. 251-11-767CIV

INTOWN LESSEE ASSOCIATES, LLS;
INTOWN LESSEE SERVICES, LLS; IT TENANT
RBS, LLC; CHARLES CAMPBELL, individually;
BRANDON WALKER, individually; and
JOHN DOES 1-3                                                    DEFENDANTS

---

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT BRANDON WALKER

---

### ANSWER

Defendant Brandon Walker, by and through counsel, files this Answer to the Complaint

filed against him as follows:

### SECOND AFFIRMATIVE DEFENSE

Now answering the Complaint *seriatim*, Brandon Walker states:

### PARTIES

1.      Brandon Walker has insufficient information to admit or deny the allegations

contained in paragraph 1 of the Complaint, and therefore, these allegations are denied.

2.      Brandon Walker has insufficient information to admit or deny the allegations

contained in paragraph 2 of the Complaint, and therefore, these allegations are denied.

3.      Brandon Walker has insufficient information to admit or deny the allegations

contained in paragraph 3 of the Complaint, and therefore, these allegations are denied.

4.      Brandon Walker has insufficient information to admit or deny the allegations

contained in paragraph 4 of the Complaint, and therefore, these allegations are denied.

1

5.      Brandon Walker has insufficient information to admit or deny the allegations contained in paragraph 5 of the Complaint, and therefore, these allegations are denied.

6.      Brandon Walker admits the allegations contained in paragraph 6 of the Complaint.

7.      Brandon Walker has insufficient information to admit or deny the allegations contained in paragraph 7 of the Complaint, and therefore, these allegations are denied.

## JURISDICTION AND VENUE

8.      Brandon Walker denies the allegations of paragraph 8.  Brandon Walker would admit that this Court has jurisdiction over the matter.

9.      Brandon Walker admits venue is proper in Hinds County, Mississippi.

## FACTS

10.     Brandon Walker denies the allegations of paragraph 10 of the Complaint to the extent directed to Brandon Walker.  To the extent paragraph 10 of the Complaint is not directed to Brandon Walker, the allegations of paragraph 10 of the Complaint are denied.

11.     Brandon Walker denies the allegations of paragraph 11 of the Complaint. Brandon Walker would admit that on or about April 12, 2009, Plaintiff was occupying room 134 at the property in Jackson, Mississippi off the frontage road of I-55 and had been staying there for more than one year.

12.     Brandon Walker specifically denies all allegations, characterizations and implications of paragraph 12 of the Complaint to the extent directed to Brandon Walker. Brandon Walker has insufficient information to admit or deny the remaining allegations contained in paragraph 12 of the Complaint, and therefore, these allegations are denied.

13.     Brandon Walker denies the allegations of paragraph 13 of the Complaint.

2

14.    Brandon Walker denies the allegations of paragraph 14 of the Complaint.

## NEGLIGENCE OF INTOWN SUITES

15.    Brandon Walker reincorporates all preceding paragraphs of this Answer.

16.    Brandon Walker denies the allegations of paragraph 16 of the Complaint to the extent directed to Brandon Walker.  Brandon Walker is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants, and therefore, these allegations are denied.

## NEGLIGENCE OF CHARLES CAMPBELL

17.    Brandon Walker reincorporates all preceding paragraphs of this Answer.

18.    Brandon Walker denies the allegations of paragraph 18 of the Complaint to the extent they are directed to Brandon Walker.  Brandon Walker is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants, and therefore, these allegations are denied.

19.    Brandon Walker denies the allegations of paragraph 19 of the Complaint to the extent directed to Brandon Walker.  Brandon Walker is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants, and therefore, these allegations are denied.

20.    Brandon Walker denies the allegations of paragraph 20 of the Complaint to the extent directed to Brandon Walker.  Brandon Walker is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants, and therefore, these allegations are denied.

## NEGLIGENCE OF BRANDON WALKER

21.    Brandon Walker reincorporates all preceding paragraphs of this Answer.

22.     Brandon Walker denies the allegations of paragraph 22 of the Complaint. Brandon Walker would admit that he provided maintenance services at the property during the time in question.

23.     Brandon Walker denies the allegations of paragraph 23 of the Complaint.

## NEGLIGENCE OF JOHN DOES 1-3

24.     Brandon Walker reincorporates all preceding paragraphs of this Answer.

25.     To the extent paragraph 25 of the Complaint is not directed to Brandon Walker, Brandon Walker is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint.   Brandon Walker specifically denies all allegations, characterizations and implications of paragraph 25 of the Complaint to the extent directed to Brandon Walker.

26.     To the extent paragraph 26 of the Complaint is not directed to Brandon Walker, Brandon Walker is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint.   Brandon Walker specifically denies all allegations, characterizations and implications of paragraph 26 of the Complaint to the extent directed to Brandon Walker.

## DAMAGES

27.     Brandon Walker denies the allegations of paragraph 27 of the Complaint.

## CLAIMS FOR RELIEF

28.     Brandon Walker reincorporates all preceding paragraphs of this Answer.

29.     Brandon Walker denies the allegations of paragraph 29 of the Complaint.

30.     Brandon Walker denies the allegations of paragraph 30 of the Complaint.

4

Brandon Walker denies the allegations contained in the unnumbered paragraph of the Complaint beginning with "WHEREFORE PREMISES CONSIDERED." All allegations of the Complaint not heretofore admitted are hereby denied specifically.

AND NOW, having fully answered the factual allegations made against it in the Complaint, Brandon Walker assert the following additional matters affirmatively:

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted, and should therefore be dismissed.

## THIRD AFFIRMATIVE DEFENSE

Brandon Walker asserts the defense of assumption of the risk.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered any injuries or damages as alleged, the same were caused by and contributed to by Plaintiff's own acts or omissions which contributed to and were the sole proximate cause of the damages alleged, and Plaintiff's damages, if any, should be reduced by the percentage of fault attributed to Plaintiff's negligence.

## FIFTH AFFIRMATIVE DEFENSE

Brandon Walker avers that if Plaintiff suffered any damages, then such damages were caused in part by the acts or omissions of third parties, for which acts or omissions Brandon Walker is in no way liable, and such acts or omissions constitute the independent, intervening and sole proximate cause of any such injuries and damages, and Plaintiff's damages, if any, should be reduced by the percentage of fault attributed to the negligence or other fault of such third parties.

5

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, accord and satisfaction, release, waiver, and/or discharge.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by lack of consideration and statute of frauds.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred:

(a)     By the Eighth Amendment of the United States Constitution, Section 28 of the Mississippi Constitution;

(b)     By the Fifth and Fourteenth Amendments of the United States Constitution prohibiting substantive and procedural due process violations, as well as by Section 14 of the Mississippi Constitution;

(c)     By the Fourteenth Amendment to the United States Constitution guaranteeing equal protection of the laws;

(d)     By the Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution and sections 14, 17, 26 and 28 of the Constitution of the State of Mississippi to the extent such sanctions are attempted to be imposed without requiring the burden of proof to be beyond a reasonable doubt; and

(e)     By the provisions of Miss. Code Ann. § 11-1-65 (1972 Amended).

## TENTH AFFIRMATIVE DEFENSE

Brandon Walker hereby gives notice that it intends to rely on any other defenses that may become legally available or appear during the discovery proceedings in this case, and hereby reserve its right to amend its Answer to assert any such defense.

Respectfully submitted this the 18th day of November, 2011.

**BRANDON WALKER**

One of His Attorneys

OF COUNSEL:
Sheldon Alston, MSB # 9784
salston@brunini.com
William Trey Jones, III, MSB #99185
tjones@brunini.com
Karen Howell, MSB # 102243
khowell@brunini.com
William D. Drinkwater, MSB # 103913
wdrinkwater@brunini.com
Brunini, Grantham, Grower & Hewes, PLLC
190 East Capitol Street, Suite 100 (39201)
Post Office  Box 119
Jackson, MS 39205-0119
Telephone:  (601) 948-3101
Facsimile:  (601) 960-6902

## CERTIFICATE OF SERVICE

I, Sheldon G. Alston, one of the attorneys for Defendant Brandon Walker, do hereby certify that I have this day served a true copy of the above and foregoing document via United States mail, postage prepaid, to the following:

J. Ashley Ogden
Wendy M. Yuan
James W. Smith, Jr.
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201

SO CERTIFIED, this the 18th day of November, 2011.

SHELDON G. ALSTON

**FILED**

**NOV 18 2011**

BARBARA DUNN CIRCUIT CLERK

by _____ D.C

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

EARLBON HUNTER                                                      PLAINTIFF

VS.                                             CIVIL ACTION NO. 251-11-767CIV

INTOWN LESSEE ASSOCIATES, LLS;
INTOWN LESSEE SERVICES, LLS; IT TENANT
RBS, LLC; CHARLES CAMPBELL, individually;
BRANDON WALKER, individually; and
JOHN DOES 1-3                                                      DEFENDANTS

---

### ANSWER AND AFFIRMATIVE DEFENSES
### OF CHARLES CAMPBELL

---

### ANSWER

Defendant Charles Campbell, by and through counsel, files this Answer to the Complaint
filed against him as follows:

### SECOND AFFIRMATIVE DEFENSE

Now answering the Complaint *seriatim*, Charles Campbell states:

### PARTIES

1.      Charles Campbell has insufficient information to admit or deny the allegations
contained in paragraph 1 of the Complaint, and therefore, these allegations are denied.

2.      Charles Campbell has insufficient information to admit or deny the allegations
contained in paragraph 2 of the Complaint, and therefore, these allegations are denied.

3.      Charles Campbell has insufficient information to admit or deny the allegations
contained in paragraph 3 of the Complaint, and therefore, these allegations are denied.

4.      Charles Campbell has insufficient information to admit or deny the allegations
contained in paragraph 4 of the Complaint, and therefore, these allegations are denied.

1

5.      Charles Campbell admits the allegations contained in paragraph 5 of the Complaint.

6.      Charles Campbell has insufficient information to admit or deny the allegations contained in paragraph 6 of the Complaint, and therefore, these allegations are denied.

7.      Charles Campbell has insufficient information to admit or deny the allegations contained in paragraph 7 of the Complaint, and therefore, these allegations are denied.

### JURISDICTION AND VENUE

8.      Charles Campbell denies the allegations of paragraph 8.  Charles Campbell would admit that this Court has jurisdiction over the matter.

9.      Charles Campbell admits that venue is proper in Hinds County, Mississippi.

### FACTS

10.     Charles Campbell denies the allegations of paragraph 10 of the Complaint to the extent directed to Charles Campbell.  To the extent paragraph 10 of the Complaint is not directed to Charles Campbell, the allegations of paragraph 10 of the Complaint are denied.

11.     Charles Campbell denies the allegations of paragraph 11 of the Complaint. Charles Campbell would admit that on or about April 12, 2009, Plaintiff was occupying room 134 at the property in Jackson, Mississippi off the frontage road of I-55 and had been staying there for more than one year.

12.     Charles Campbell specifically denies all allegations, characterizations and implications of paragraph 12 of the Complaint to the extent directed to Charles Campbell. Charles Campbell has insufficient information to admit or deny the remaining allegations contained in paragraph 12 of the Complaint, and therefore, these allegations are denied.

13.     Charles Campbell denies the allegation of paragraph 13 of the Complaint.

14.     Charles Campbell denies the allegations of paragraph 14 of the Complaint.

### NEGLIGENCE OF INTOWN SUITES

15.     Charles Campbell reincorporates all preceding paragraphs of this Answer.

16.     Charles Campbell denies the allegations of paragraph 16 of the Complaint to the extent directed to Charles Campbell.  Charles Campbell is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants, and therefore, these allegations are denied.

### NEGLIGENCE OF CHARLES CAMPBELL

17.     Charles Campbell reincorporates all preceding paragraphs of this Answer.

18.     Charles Campbell denies the allegations of paragraph 18 of the Complaint. Charles Campbell would admit that he was a manager of the property during the time in question.

19.     Charles Campbell denies the allegations of paragraph 19 of the Complaint.

20.     Charles Campbell denies the allegations of paragraph 20 of the Complaint.

### NEGLIGENCE OF BRANDON WALKER

21.     Charles Campbell reincorporates all preceding paragraphs of this Answer.

22.     Charles Campbell denies the allegations of paragraph 22 of the Complaint to the extent directed to Charles Campbell.  Charles Campbell would admit that Brandon Walker provided maintenance serves at the property.

23.     Charles Campbell denies the allegations of paragraph 23 of the Complaint to the extent directed to Charles Campbell.  Charles Campbell is without knowledge or information

3

sufficient to form a belief as to the truth of the allegations as they pertain to other defendants, and therefore, these allegations are denied.

## NEGLIGENCE OF JOHN DOES 1-3

24.     Charles Campbell reincorporates all preceding paragraphs of this Answer.

25.     To the extent paragraph 25 of the Complaint is not directed to Charles Campbell, Charles Campbell is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint.  Charles Campbell specifically denies all allegations, characterizations and implications of paragraph 25 of the Complaint to the extent directed to Charles Campbell.

26.     To the extent paragraph 26 of the Complaint is not directed to Charles Campbell, Charles Campbell is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint.  Charles Campbell specifically denies all allegations, characterizations and implications of paragraph 26 of the Complaint to the extent directed to Charles Campbell.

## DAMAGES

27.     Charles Campbell denies the allegations of paragraph 27 of the Complaint.

## CLAIMS FOR RELIEF

28.     Charles Campbell reincorporates all preceding paragraphs of this Answer.

29.     Charles Campbell denies the allegations of paragraph 29 of the Complaint.

30.     Charles Campbell denies the allegations of paragraph 30 of the Complaint.

Charles Campbell denies the allegations contained in the unnumbered paragraph of the Complaint beginning with "WHEREFORE PREMISES CONSIDERED."  All allegations of the Complaint not heretofore admitted are hereby denied specifically.

4

AND NOW, having fully answered the factual allegations made against it in the Complaint, Charles Campbell assert the following additional matters affirmatively:

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted, and should therefore be dismissed.

### THIRD AFFIRMATIVE DEFENSE

Charles Campbell asserts the defense of assumption of the risk.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered any injuries or damages as alleged, the same were caused by and contributed to by Plaintiff's own acts or omissions which contributed to and were the sole proximate cause of the damages alleged, and Plaintiff's damages, if any, should be reduced by the percentage of fault attributed to Plaintiff's negligence.

### FIFTH AFFIRMATIVE DEFENSE

Charles Campbell avers that if Plaintiff suffered any damages, then such damages were caused in part by the acts or omissions of third parties, for which acts or omissions Charles Campbell is in no way liable, and such acts or omissions constitute the independent, intervening and sole proximate cause of any such injuries and damages, and Plaintiff's damages, if any, should be reduced by the percentage of fault attributed to the negligence or other fault of such third parties.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, accord and satisfaction, release, waiver, and/or discharge.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by lack of consideration and statute of frauds.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred:

(a)    By the Eighth Amendment of the United States Constitution, Section 28 of the Mississippi Constitution;

(b)    By the Fifth and Fourteenth Amendments of the United States Constitution prohibiting substantive and procedural due process violations, as well as by Section 14 of the Mississippi Constitution;

(c)    By the Fourteenth Amendment to the United States Constitution guaranteeing equal protection of the laws;

(d)    By the Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution and sections 14, 17, 26 and 28 of the Constitution of the State of Mississippi to the extent such sanctions are attempted to be imposed without requiring the burden of proof to be beyond a reasonable doubt; and

(e)    By the provisions of Miss. Code Ann. § 11-1-65 (1972 Amended).

## TENTH AFFIRMATIVE DEFENSE

Charles Campbell hereby gives notice that it intends to rely on any other defenses that may become legally available or appear during the discovery proceedings in this case, and hereby reserve its right to amend its Answer to assert any such defense.

Respectfully submitted this the 18th day of November, 2011.

CHARLES CAMPBELL

*[signature]*
One of His Attorneys

OF COUNSEL:
Sheldon Alston, MSB # 9784
salston@brunini.com
William Trey Jones, III, MSB #99185
tjones@brunini.com
Karen Howell, MSB # 102243
khowell@brunini.com
William D. Drinkwater, MSB # 103913
wdrinkwater@brunini.com
Brunini, Grantham, Grower & Hewes, PLLC
190 East Capitol Street, Suite 100 (39201)
Post Office Box 119
Jackson, MS 39205-0119
Telephone:  (601) 948-3101
Facsimile:  (601) 960-6902

## CERTIFICATE OF SERVICE

I, Sheldon G. Alston, one of the attorneys for Defendant Charles Campbell, do hereby certify that I have this day served a true copy of the above and foregoing document via United States mail, postage prepaid, to the following:

J. Ashley Ogden
Wendy M. Yuan
James W. Smith, Jr.
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201

SO CERTIFIED, this the 18th day of November, 2011.

*[signature]*
SHELDON G. ALSTON

7

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI

EARLBON HUNTER                                                    PLAINTIFF

v.                                                     CAUSE NO. 251-11-767CIV

INTOWN LESSEE ASSOCIATES, LLS; INTOWN
LESSEE SERVICES, LLS; IT TENTANT RBS, LLC;
CHARLES CAMPBELL, INDIVIDUALLY;
BRANDON WALKER, INDIVIDUALLY;
AND JOHN DOES 1-3                                                DEFENDANTS

---

### NOTICE OF SERVICE OF DISCOVERY

---

Notice is hereby given that InTown Lessee Services, LLS, has this day served in the above- entitled action:

(1)    **InTown Lessee Associates, LLS's First Set of Interrogatories; and**

(2)    **InTown Lessee Associates, LLS's First Set of Requests for Production and Things.**

The undersigned retains the originals of these documents.

**DATED** this the 23ed day November, 2011.

Respectfully submitted,

**INTOWN LESSEE ASSOCIATES, LLS**

By: _____
One of Its Attorneys

01284282

OF COUNSEL:

Sheldon Alston, MSB # 9784
William Trey Jones MSB #99185
William D. Drinkwater, MSB #103913
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205
(601) 948-3101
(601) 960-6902

## CERTIFICATE OF SERVICE

I, Sheldon G. Alston, do hereby certify that I have this day mailed a true copy of the above and foregoing document to the following:

J. Ashley Ogden, Esq.
500 East Capitol Street, Suite 3
Jackson, MS 39201

SO CERTIFIED, this the 23rd day of November, 2011.

_____
SHELDON G. ALSTON



ATTORNEYS AT LAW

**MARY KATHERINE COOPER**  The Pinnacle Building, Suite 100      Post Office Drawer 119
                          190 East Capitol Street                Jackson, Mississippi 39205
E-mail: mkcooper@brunini.com  Jackson, Mississippi 39201
Direct: 601.973.8705          Telephone: 601.948.3101            Facsimile: 601.960.6902

November 23, 2011

Barbara Dunn, Circuit Clerk
Hinds County, Mississippi
Post Office Box 327
Jackson, Mississippi  39205

     RE:    *Earlbon Hunter vs. InTown Lessee Associates, LLS, et al*; In the Circuit Court of
           the First Judicial District of Hinds County, Mississippi; Civil Action No. 251-11-
           767CIV

Dear Ms. Dunn:

     Enclosed is the original and one copy of a Notice of Service of Discovery. Please file
the original and return the copy stamped "filed" in the enclosed stamped, self-addressed
envelope.

     Thank you for your assistance in this matter.

                    Sincerely,

                    Brunini, Grantham, Grower & Hewes, PLLC

                    Mary Katherine Cooper
                    Paralegal

MKC
Enclosures
cc:  J. Ashley Ogden, Esq.

FILED

DEC 09 2011

BARBARA DUNN, CIRCUIT CLERK

_____ D.C.

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI

EARLBON HUNTER                                             **PLAINTIFF**

**v.**                                           **CAUSE NO.251-11-767CIV**

INTOWN LESSEE ASSOCIATES, LLS; INTOWN
LESSEE SERVICES, LLS; IT TENTANT RBS, LLC;
CHARLES CAMPBELL, INDIVIDUALLY;
BRANDON WALKER, INDIVIDUALLY;
AND JOHN DOES 1-3                             **DEFENDANTS**

### NOTICE OF SERVICE OF DISCOVERY

TO:     Sheldon G. Alston, Esq.
        Brunini, Grantham, Grower & Hewes, PLLC
        Post Office Drawer 119
        Jackson, Mississippi 39205

        Notice is hereby given, pursuant to Uniform Local Rules, that Wendy M. Yuan
has this date served in the above entitled action:

     1.   Plaintiff's First Set of Interrogatories to Defendant InTown Lessee Services, LLS;

     2.   Plaintiff's First Set of Requests for Production of Documents to Defendant InTown
        Lessee Services, LLS;

     3.   Plaintiff's First Set of Interrogatories to Defendant Charles Campbell;

     4.   Plaintiff's First Set of Requests for Production of Documents to Defendant Charles
        Campbell;

     5.   Plaintiff's First Set of Interrogatories to Defendant Brandon Walker; and

     6.   Plaintiff's First Set of Requests for Production of Documents to Defendant Brandon
        Walker.

        The undersigned retains the original(s) of the above paper(s) as custodians thereof
pursuant to Uniform Local Rules.

                                      Respectfully Submitted,

                                      EARLBON HUNTER

                     By:     _Wendy M. Yuan_
                           Wendy M. Yuan

1

OF COUNSEL:

J. ASHLEY OGDEN, ESQ. (MSB #9842)
WENDY M. YUAN, ESQ. (MSB #102867)
JAMES W. SMITH, JR., ESQ. (MSB #7534)
OGDEN & ASSOCIATES, PLLC.
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
Telephone: (601) 969-0999
Facsimile: (601) 969-0089
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, Wendy M. Yuan, do hereby certify that I have this day via United States mail
service, postage pre-paid, mailed, the above forgoing documents to counsel for the Defendants at
their last known mailing address:

Sheldon G. Alston, Esq.
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205

This the 6th day of December, 2011.

Wendy M. Yuan

# OGDEN & ASSOCIATES

Attorneys at Law, PLLC

James Ashley Ogden*
Curtis W. Brannon**
Wendy M. Yuan***

James W. Smith, Jr.
of Counsel

Telephone (601) 969-0999
Facsimile (601) 969-0089

* Licensed in Mississippi & Florida
** Licensed in Florida
*** Licensed in Mississippi

500 East Capitol Street
Suite 3
Jackson, Mississippi 39201

December 6, 2011

Ms. Barbara Dunn
Hinds County Circuit Clerk
P.O. Box 327
Jackson, MS 39205

RE: *Earlbon Hunter vs. InTown Lessee Associates, LLS; et al*; In the Circuit Court of the
First Judicial District of Hinds County, Mississippi; Cause No. 251-11-767 CIV

Dear Ms. Dunn:

Enclosed please find the original and one (1) copy of the following document in the
above referenced matter to be filed in your office:

1.  Notice of Service of Discovery

After filing the original I ask that you return the stamped "filed" copy to me in the
enclosed self addressed postage pre-paid envelope. Thank you for your assistance and should
you have any questions please contact my office.

Sincerely,

*Wendy M. Yuan*

Wendy M. Yuan

WMY/cat
Enc.
cc: Sheldon G. Alston, Esq. (w/enc.)

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

EARLBON HUNTER                                                                    PLAINTIFF

VS.                                                          CAUSE NO.: 251-11-280-CIV

INTOWN LESSEESERVICES, LLC;
CHARLES CAMPBELL, INDIVIDUALLY;
BRANDON WALKER, INDIVIDUALLY;
AND JOHN DOES 1-3                                                          DEFENDANTS

**FILED**

DEC 13 2011

BARBARA DUNN, CIRCUIT CLERK

BY _____ D.C.

11 - 767

## AGREED SCHEDULING ORDER

Pursuant to Rule 83, M.R.C.P. and Local Rule 3, it is hereby ordered:

1.    That counsel shall complete all discovery, including all evidentiary depositions, no later than June 15, 2012.  Completion of discovery includes all supplementation of responses to discovery required by Rule 26(f), M.R.C.P. and counsel shall commence discovery in time so that the discovery can be completed by the discovery deadline.

2.    Plaintiff's expert witnesses shall be designated no later than April 2, 2012. Defendants' expert witnesses shall be designated no later than June 1, 2012.  Both Plaintiff's and Defendants' expert designations shall include all information required by Rule 26(b)(4)(A)(i).

3.    That counsel shall serve all motions to amend and to join additional parties no later than December 30, 2012.

4.    That counsel shall serve all other pretrial motions, including dispositive, non-dispositive and motions to exclude expert testimony, but excepting only evidentiary in limine motions, no later than June 29, 2012.

5.    The parties will submit a pretrial order in a form substantially similar to Form 3 of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi.

These deadlines may not be extended by agreement of the parties but only by permission of the Court upon the showing of good cause.

The trial of this case has been set on the 29th day of October, 2012 as a 5th setting.

BY ORDER OF THIS COURT, this the 12th day of December, 2011.

_____
CIRCUIT COURT JUDGE

BOOK 722        PAGE 149

APPROVED:

J. Ashley Ogden, Esq. (MSB #9842)
Wendy M. Yuan, Esq. (MSB #102867)
Ogden & Associates, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
Attorney for Plaintiff

Sheldon G. Alston, Esq. (MSB #9784)
Brunini Grantham Grower & Hewes
Post Office Drawer 119
Jackson, Mississippi 39205
Attorney for Defendants



**BRUNINI**

ATTORNEYS AT LAW

WILLIAM TREY JONES, III

E-mail: tjones@brunini.com
Direct: 601.960.6857

The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, Mississippi 39201
Telephone: 601.948.3101

Post Office Drawer 119
Jackson, Mississippi 39205

Facsimile: 601.960.6902

January 26, 2012

**HAND DELIVERY**
Barbara Dunn, Circuit Clerk
Hinds County, Mississippi
407 East Pascagoula Street
Jackson, Mississippi 39201

RE:     *Earlbon Hunter vs. InTown Lessee Associates, LLS, et al*; In the Circuit Court of
        the First Judicial District of Hinds County, Mississippi; Civil Action No. 251-11-
        767CIV

Dear Ms. Dunn:

        Enclosed is the original and one copy of Defendant's Motion to Compel.  Please file
the original and return the copy stamped "filed" with our office courier.

        Thank you for your assistance in this matter.

                                Sincerely,

                                Brunini, Grantham, Grower & Hewes, PLLC

                                William Trey Jones, III

WEJ/mkc
Enclosures
cc:  J. Ashley Ogden, Esq.
     Judge Bill Gowan

{01308124}

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

EARLBON HUNTER                                                                      PLAINTIFF

VS.                                                       CIVIL ACTION NO. 251-11-767CIV

INTOWN LESSEE SERVICES, ET AL.,                                         DEFENDANTS

**FILED**

JAN 26 2012

BARBARA DUNN, CIRCUIT CLERK

D.C.

## DEFENDANT'S MOTION TO COMPEL

Defendant InTown Lessee Services files this motion to compel Plaintiff to respond to written discovery requests and to provide deposition dates.

1.      Defendant served its First Set of Interrogatories and First Set of Requests for Production of Documents on November 23, 2011. See Notice of Service, Exhibit A.   On the same date, counsel for Defendant notified Plaintiff's counsel that Defendant requested to depose Plaintiff and his sister in January as soon as Plaintiff responded to discovery and Defendant obtained medical records.   See correspondence, Exhibit B.

2.      Plaintiff did not respond to the discovery by the due date and instead prepared and issued his own written discovery requests.  Plaintiff requested (and Defendant agreed to) an extension of time until January 13, 2012 to respond to Defendant's discovery.  See correspondence, Exhibit C.  Plaintiff also stated that it would not provide deposition dates until Defendant served its  responses to Plaintiff's discovery. Id.

3.      Plaintiff did not provide discovery responses or responsive documents by

{01308020}

January 13 as he agreed, has still to this date provided no discovery responses and has still provided no deposition dates. The responses are well overdue. Defendant has conferred in good faith with opposing counsel in an effort to resolve this dispute and has been unable to do so.

4.      Plaintiff's failure to provide written discovery responses and deposition dates is unfairly inhibiting Defendant's defense of this case and its efforts to meet the deadlines in the Scheduling Order. Defendant diligently commenced the discovery in this case by initiating written discovery requests and requesting deposition dates. Defendant should not have to respond to Plaintiff's discovery requests until Plaintiff responds to Defendant's requests which were served weeks prior. And Defendant should not have to respond to Plaintiff's discovery requests before being provided with deposition dates.

Accordingly, Defendant respectfully requests that the Court enter an order compelling Plaintiff, by a date certain as soon as the Court deems appropriate, to serve his responses to Defendant's First Set of Interrogatories and First Set of Requests for Production of Documents and all responsive documents and to provide deposition dates for Plaintiff and his sister. Defendant seeks any additional relief the Court deems proper.

Dated: January 26, 2012.


                                          INTOWN LESSEE SERVICES


                                          One of its Attorneys


                                {01308020}2

OF COUNSEL:
Sheldon Alston, MSB # 9784
salston@brunini.com
William Trey Jones, III, MSB #99185
tjones@brunini.com
Karen Howell, MSB # 102243
khowell@brunini.com
Brunini, Grantham, Grower & Hewes, PLLC
190 East Capitol Street, Suite 100 (39201)
Post Office  Box 119
Jackson, MS 39205-0119
Telephone:  (601) 948-3101
Facsimile:  (601) 960-6902

## CERTIFICATE OF SERVICE

I, Trey Jones, one of the attorneys for Defendant InTown Lessee Services, does hereby certify that I have this day served a true copy of the above and foregoing document by hand-deliver to the following:

J. Ashley Ogden
Wendy M. Yuan
James W. Smith, Jr.
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201

This the 26 day of January, 2012.

_____
TREY JONES

{01308020}3

NOV 23 2011

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI

BY _____ D.C.

EARLBON HUNTER                                                    PLAINTIFF

v.                                                        CAUSE NO. 251-11-767CIV

INTOWN LESSEE ASSOCIATES, LLS; INTOWN
LESSEE SERVICES, LLS; IT TENTANT RBS, LLC;
CHARLES CAMPBELL, INDIVIDUALLY;
BRANDON WALKER, INDIVIDUALLY;
AND JOHN DOES 1-3                                             DEFENDANTS

---

### NOTICE OF SERVICE OF DISCOVERY

---

Notice is hereby given that InTown Lessee Services, LLS, has this day served in the above- entitled action:

(1)    **InTown Lessee Associates, LLS's First Set of Interrogatories; and**

(2)    **InTown Lessee Associates, LLS's First Set of Requests for Production and Things.**

The undersigned retains the originals of these documents.

DATED this the 23rd day November, 2011.

Respectfully submitted,

INTOWN LESSEE ASSOCIATES, LLS

By: _____

One of Its Attorneys

**EXHIBIT**

**A**

01284282

OF COUNSEL:

Sheldon Alston, MSB # 9784
William Trey Jones MSB #99185
William D. Drinkwater, MSB #103913
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205
(601) 948-3101
(601) 960-6902

## CERTIFICATE OF SERVICE

I, Sheldon G. Alston, do hereby certify that I have this day mailed a true copy of the above and foregoing document to the following:

J. Ashley Ogden, Esq.
500 East Capitol Street, Suite 3
Jackson, MS 39201

SO CERTIFIED, this the 23rd day of November, 2011.

_____
SHELDON G. ALSTON

**Trey Jones**

| | |
|---|---|
| **From:** | Sheldon Alston |
| **Sent:** | Wednesday, November 23, 2011 3:00 PM |
| **To:** | 'wendy@ogdenandassoc.com' |
| **Cc:** | Trey Jones |
| **Subject:** | RE: Scheduling Order - Hunter v. InTown Suites |

Wendy – I should be able to get back to you on Monday concerning the scheduling order.

I am issuing some discovery today, and would like to take both the Plaintiff and his sister's deposition as soon as you have responded to the discovery and we have received all the medical records. I would assume this could take place sometime in January.

Thanks.

## Sheldon G. Alston
E: salston@brunini.com
P: 601-960-6889 F: 601-960-6902
===========
**From:** Wendy Yuan [mailto:wendy@ogdenandassoc.com]
**Sent:** Friday, November 18, 2011 2:49 PM
**To:** Sheldon Alston
**Subject:** Re: Scheduling Order - Hunter v. InTown Suites

Sheldon,

Attached is a proposed Agreed Scheduling Order. Please review said Order and if you approve sign and return it to me so that we can get the above matter set for trial next year.

If you have any questions feel free to contact me.

--
Wendy M. Yuan, Esq.
Ogden & Associates, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
T (601)969-0999
F (601)969-0089



EXHIBIT

B

11/28/2011

# OGDEN & ASSOCIATES

## Attorneys at Law, PLLC

James Ashley Ogden*
Curtis W. Brannon**
Wendy M. Yuan***
_____
James W. Smith, Jr.
of Counsel

500 East Capitol Street
Suite 3
Jackson, Mississippi 39201

Telephone (601) 969-0999
Facsimile (601) 969-0089

\* Licensed in Mississippi & Florida
\*\* Licensed in Florida
\*\*\* Licensed in Mississippi



December 21, 2011

Sheldon G. Alston, Esq.
Brunini Grantham Grower & Hewes
Post Office Drawer 119
Jackson, Mississippi 39205

**RE:** **Earlbon Hunter vs. InTown Lessee Associates, LLS; InTown Lessee Services, LLS; IT Tenant RBS, LLC; Charles Campbell, Individually; Brandon Walker, Individually and John Does 1-3; In the Circuit Court of the First Judicial District of Hinds County, Mississippi; Cause No. 251-11-767 CIV**

Dear Sheldon:

This letter will confirm your telephone conversation this afternoon with my paralegal Chasity wherein you agreed to give the Plaintiff an extension to file his responses to Defendants First Set of Discovery. Plaintiff will provide his discovery responses no later than January 13, 2012.

Also, it is our office policy not to set any depositions until all written discovery has been completed by all parties. As soon as your discovery responses are received I will be bale to provide you dates.

If you have any questions please call me.

Sincerely,

Wendy M. Yuan

WMY/cat

**EXHIBIT**

C

# OGDEN
# ASSOCIATES
### Attorneys at Law, PLLC

James Ashley Ogden*
Curtis W. Brannon**
Wendy M. Yuan***

James W. Smith, Jr.
of Counsel

500 East Capitol Street
Suite 3
Jackson, Mississippi 39201

Telephone (601) 969-0999
Facsimile (601) 969-0089

* Licensed in Mississippi & Florida
** Licensed in Florida
*** Licensed in Mississippi

February 1, 2012

Ms. Barbara Dunn
Hinds County Circuit Clerk
P.O. Box 327
Jackson, MS 39205

RE:  *Earlbon Hunter vs. InTown Lessee Associates, LLS; et al*; In the Circuit Court of the
First Judicial District of Hinds County, Mississippi; Cause No. 251-11-767 CIV

Dear Ms. Dunn:

Enclosed please find the original and one (1) copy of the following document in the
above referenced matter to be filed in your office:

1.   Notice of Service of Discovery Responses

After filing the original I ask that you return the stamped "filed" copy to me via my
runner. Thank you for your assistance and should you have any questions please contact my
office.

Sincerely,

J. Ashley Ogden

J. Ashley Ogden

JAO/cat
Enc.
cc: Sheldon G. Alston, Esq. (w/enc.)

FILED

FEB 01 2012

BARBARA DUNN CIRCUIT CLERK
BY_____ D.C.

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
HINDS COUNTY, MISSISSIPPI

EARLBON HUNTER                                                    PLAINTIFF

v.                                                    CAUSE NO.251-11-767CIV

INTOWN LESSEE ASSOCIATES, LLS; INTOWN
LESSEE SERVICES, LLS; IT TENTANT RBS, LLC;
CHARLES CAMPBELL, INDIVIDUALLY;
BRANDON WALKER, INDIVIDUALLY;
AND JOHN DOES 1-3                                               DEFENDANTS

## NOTICE OF SERVICE OF DISCOVERY RESPONSES

TO:    Sheldon G. Alston, Esq.
       Brunini, Grantham, Grower & Hewes, PLLC
       The Pinnacle Building, Suite 100
       190 East Capitol Street
       Jackson, Mississippi 39201

       Notice is hereby given, pursuant to Uniform Local Rules, that J. Ashley Ogden
has this date served in the above entitled action:

1.  Plaintiff's Response to Defendant InTown Lessee Associates, LLS's First Set of
    Interrogatories.

2.  Plaintiff's Response to Defendant InTown Lessee Associates, LLS First Set of
    Requests for Production of Documents and Things.

       The undersigned retains the original(s) of the above paper(s) as custodians thereof
pursuant to Uniform Local Rules.

                                      Respectfully Submitted,

                                      EARLBON HUNTER

                              By:  _J. A. Ogden_____
                                      J. Ashley Ogden

1

OF COUNSEL:

J. ASHLEY OGDEN, ESQ. (MSB #9842)
WENDY M. YUAN, ESQ. (MSB #102867)
JAMES W. SMITH, JR., ESQ. (MSB #7534)
OGDEN & ASSOCIATES, PLLC.
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
Telephone: (601) 969-0999
Facsimile: (601) 969-0089
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, J. Ashley Ogden, do hereby certify that I have this day via hand delivery delivered, the above forgoing document to counsel for the Defendant InTown Lessee Associates, LLS at their last known mailing address:

Sheldon G. Alston, Esq.
Brunini, Grantham, Grower & Hewes, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, Mississippi 39201

This the 1st day of February, 2012.

J. Ashley Ogden

FILED

FEB 06 2012
BARBARA DUNN CIRCUIT CLERK
D.C.

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
HINDS COUNTY, MISSISSIPPI

EARLBON HUNTER                                                      PLAINTIFF

V.                                                    CAUSE NO.251-11-767CIV

INTOWN LESSEE ASSOCIATES, LLS; INTOWN
LESSEE SERVICES, LLS; IT TENTANT RBS, LLC;
CHARLES CAMPBELL, INDIVIDUALLY;
BRANDON WALKER, INDIVIDUALLY;
AND JOHN DOES 1-3                                                  DEFENDANTS

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL

COMES NOW Plaintiff, Earlbon Hunter, by and through his attorney of record herein,

and files this his response to Defendant's Motion to Compel:

1. On February 1, 2012 Plaintiff hand-delivered signed discovery and produced all

documents and things to the Defendants.

2. On January 10, 2012 Plaintiff provided Defendant dates to take the deposition of

Plaintiff and his sister. (See, attached email Exhibit "A.") Defendant did not respond to said

email.

3. On January 27, 2012 Plaintiff again provided different available dates to take the

deposition of Plaintiff and his sister. (See, attached letter Exhibit "B.")

4. Plaintiff is acting in good faith and conferring with Defendant to set depositions in this

matter. Furthermore, Plaintiff has provided Defendant with responses to written discovery and

provided all responsive documents and things. Plaintiff respectfully requests that Defendant's

Motion to Compel be deemed moot.

1

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully request that this Honorable Court deem Defendant's Motion to Compel moot. Plaintiffs further pray for any other relief as this Court deems proper.

**RESPECTFULLY SUBMITTED,** this the 3rd day of February, 2012.

Respectfully Submitted,

EARBON HUNTER

By: _J. A Ogd_

J. ASHLEY OGDEN

OF COUNSEL:

J. ASHLEY OGDEN, ESQ. (MSB #9842)
WENDY M. YUAN, ESQ. (MSB #102867)
JAMES W. SMITH, JR., ESQ. (MSB # 7534)
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
Telephone: (601) 969-0999
Facsimile: (601) 969-0089
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, the undersigned counsel for the Plaintiff, do hereby certify that I have this day delivered via U.S. mail, a true and correct copy of the above document to:

Sheldon G. Alston, Esq.
W. Trey Jones, III, Esq.
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205

This the 3rd day of February, 2012.

J. ASHLEY OGDEN

2

**Subject:** Re: Hunter v. InTown
**From:** Wendy Yuan <wendy@ogdenandassoc.com>
**Date:** 1/10/2012 2:40 PM
**To:** Sheldon Alston <salston@brunini.com>

Sheldon,

Plaintiff will agree to allow Defendants' an extension until January 27, 2012 to respond to discovery.

The only dates that we have available in February currently are February 13, 14 and/or 15. I would like to set Charles Campbell and Brandon Walker on one of these dates. When we receive your discovery there may be one or more others we would want to try to set (employees working at the time of the incident). If you are available, we could set aside two days and try to knock most the depos out.

Let me know.

Thanks.


--
Wendy M. Yuan, Esq.
Ogden&  Associates, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
T (601)969-0999
F (601)969-0089


EXHIBIT
"A"

# OGDEN
# ASSOCIATES &
### Attorneys at Law, PLLC

James Ashley Ogden*
Curtis W. Brannon**
Wendy M. Yuan***

James W. Smith, Jr.
of Counsel

500 East Capitol Street
Suite 3
Jackson, Mississippi 39201

Telephone (601) 969-0999
Facsimile (601) 969-0089

\* Licensed in Mississippi & Florida
\*\* Licensed in Florida
\*\*\* Licensed in Mississippi

January 27, 2012

**VIA FACSIMILE ONLY 601-960-6902**

Sheldon G. Alston, Esq.
Brunini Grantham Grower & Hewes
Post Office Drawer 119
Jackson, Mississippi 39205

**RE:**   **Earlbon Hunter vs. InTown Lessee Associates, LLS; InTown Lessee Services, LLS; IT Tenant RBS, LLC; Charles Campbell, Individually; Brandon Walker, Individually and John Does 1-3; In the Circuit Court of the First Judicial District of Hinds County, Mississippi; Cause No. 251-11-767 CIV**

Dear Sheldon:

This letter is in regards to your e-mail dated January 23, 2012. I will have the responses to you by Wednesday February 1, 2012. If you would like an unsigned copy please let me know and I can get that sent out today.

Also, on January 10, 2012 I provided you deposition dates in February to take the deposition of Plaintiff and his sister (please see attached email) these dates are no longer available. I am available on March 12, 13, 14 and 15 to set the deposition of Earlbon Hunter and his sister. As I stated in my January 10, 2012 correspondence, I would like to set the deposition of Charles Campbell and Brandon Walker and others. Please inform me of your availability on the March dates.

Sincerely,

Wendy M. Yuan

Wendy M. Yuan

WMY/cat
Enc.

EXHIBIT
" B "

# OGDEN
# ASSOCIATES
### Attorneys at Law, PLLC

James Ashley Ogden*
Curtis W. Brannon**
Wendy M. Yuan***

James W. Smith, Jr.
of Counsel

500 East Capitol Street
Suite 3
Jackson, Mississippi 39201

Telephone (601) 969-0999
Facsimile (601) 969-0089

\* Licensed in Mississippi & Florida
\*\* Licensed in Florida
\*\*\* Licensed in Mississippi

February 3, 2012

Ms. Barbara Dunn
Hinds County Circuit Clerk
P.O. Box 327
Jackson, MS 39205

     RE: *Earlbon Hunter vs. InTown Lessee Associates, LLS; et al*; In the Circuit Court of the
        First Judicial District of Hinds County, Mississippi; Cause No. 251-11-767 CIV

Dear Ms. Dunn:

     Enclosed please find the original and one (1) copy of the following document in the
above referenced matter to be filed in your office:

    1.  Plaintiff's Response to Defendant's Motion to Compel

     After filing the original I ask that you return the stamped "filed" copy to me in the
enclosed self addressed postage pre-paid envelop. Thank you for your assistance and should you
have any questions please contact my office.

     Sincerely,

     *J. Ashley Ogden /ldm*
     J. Ashley Ogden

JAO/ldm
Enc.
cc: Honorable Judge William A. Gowan (w/enc.)
     Sheldon G. Alston, Esq. (w/enc.)

FILED

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT FEB 10 2012
OF HINDS COUNTY, MISSISSIPPI

BARBARA DUNN, CIRCUIT CLERK
BY _____ D.C.

EARLBON HUNTER                                                    PLAINTIFF

VS.                                          CIVIL ACTION NO. 251-11-767CIV

INTOWN LESSEE SERVICES, ET AL.,                                  DEFENDANTS

---

## DEFENDANT'S NOTICE OF WITHDRAWAL OF MOTION TO COMPEL

---

Defendant InTown Lessee Services files this notice of withdrawal of its previously filed motion to compel Plaintiff to respond to written discovery requests and to provide deposition dates.

Subsequent to the filing of Defendant's motion, Plaintiff served discovery responses and responsive documents. Counsel have also now agreed to deposition dates. Accordingly, Defendant withdraws its motion to compel.

Dated: February 8, 2012.

INTOWN LESSEE SERVICES

_____
One of its Attorneys

OF COUNSEL:
Sheldon Alston, MSB # 9784
salston@brunini.com
William Trey Jones, III, MSB #99185
tjones@brunini.com
Karen Howell, MSB # 102243
khowell@brunini.com
Brunini, Grantham, Grower & Hewes, PLLC
190 East Capitol Street, Suite 100 (39201)
Post Office Box 119
Jackson, MS 39205-0119
Telephone:  (601) 948-3101
Facsimile:  (601) 960-6902

{01314031}

## CERTIFICATE OF SERVICE

I, Trey Jones, one of the attorneys for Defendant InTown Lessee Services, do hereby certify that I have this day served a true copy of the above and foregoing document by U.S. mail to:

J. Ashley Ogden
Wendy M. Yuan
James W. Smith, Jr.
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201

This the ___ day of February, 2012.

_____
TREY JONES



| | | |
|---|---|---|
| **WILLIAM TREY JONES, III**<br><br>E-mail: tjones@brunini.com<br>Direct: 601.960.6857 | The Pinnacle Building, Suite 100<br>190 East Capitol Street<br>Jackson, Mississippi 39201<br>Telephone: 601.948.3101 | Post Office Drawer 119<br>Jackson, Mississippi 39205<br><br>Facsimile: 601.960.6902 |

February 8, 2012

Barbara Dunn, Circuit Clerk
Hinds County, Mississippi
Post Office Box 327
Jackson, Mississippi 39205

RE:     *Earlbon Hunter vs. InTown Lessee Associates, LLS, et al*; In the
        Circuit Court of the First Judicial District of Hinds County,
        Mississippi; Civil Action No. 251-11-767CIV

Dear Ms. Dunn:

Enclosed is the original and one copy of *Defendant's Notice of Withdrawal of Motion to Compel*. Please file the original and return a filed stamped copy to me in the enclosed stamped, self-addressed envelope.

Thank you for your assistance in this matter.

Sincerely,

Brunini, Grantham, Grower & Hewes, PLLC

William Trey Jones, III

WEJ/go

cc:     J. Ashley Ogden, Esq.
        Wendy M. Yuan, Esq.
        James W. Smith, Jr., Esq.

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

**EARLBON HUNTER**                                                                   **PLAINTIFF**

**VS.**                                                    CIVIL ACTION NO. 251-11-767CIV

**INTOWN LESSEE SERVICES, ET AL.,**                              **DEFENDANTS**

---

### NOTICE TO TAKE DEPOSITION OF ROBBIE HUNTER

---

You are hereby notified that InTown Lessee Services through undersigned counsel, will take the stenographic deposition of the following person, pursuant to the Mississippi Code of Civil Procedure, upon oral examination before a duly authorized court reporter on the date and time and at the location indicated:

NAME OF DEPONENT:    Robbie Hunter

DATE and TIME:    Wednesday, March 14, 2012, at 9:00 a.m.
to be continued from day to day as necessary
until completed

LOCATION:    OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201

This deposition is being taken for all purposes as authorized by the Mississippi Code of Civil Procedure. All counsel of record are invited to attend and participate as they deem fit.

THIS the 8th day of February, 2012.

Respectfully submitted,

INTOWN LESSEE SERVICES

_____
One of its Attorneys

OF COUNSEL:
Sheldon Alston, MSB # 9784
salston@brunini.com
William Trey Jones, III, MSB #99185
tjones@brunini.com
Karen Howell, MSB # 102243
khowell@brunini.com
Brunini, Grantham, Grower & Hewes, PLLC
190 East Capitol Street, Suite 100 (39201)
Post Office Box 119
Jackson, MS 39205-0119
Telephone:  (601) 948-3101
Facsimile:  (601) 960-6902

## CERTIFICATE OF SERVICE

I, Sheldon Alston, one of the attorneys for Defendant InTown Lessee Services, does hereby certify that I have this day served a true copy of the above and foregoing document by First Class Mail, postage pre-paid to the following:

J. Ashley Ogden
Wendy M. Yuan
James W. Smith, Jr.
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201

This the 9ᵗʰ day of February, 2012.

_____
SHELDON G. ALSTON

2

FILED

FEB 10 2012

BARBARA DUNN, CIRCUIT CLERK

BY_____ D.C.

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

EARLBON HUNTER                                                                    PLAINTIFF

VS.                                                      CIVIL ACTION NO. 251-11-767CIV

INTOWN LESSEE SERVICES, ET AL.,                                        DEFENDANTS

---

## NOTICE TO TAKE DEPOSITION OF EARLBON HUNTER

You are hereby notified that InTown Lessee Services through undersigned counsel, will

take the stenographic deposition of the following person, pursuant to the Mississippi Code of

Civil Procedure, upon oral examination before a duly authorized court reporter on the date and

time and at the location indicated:

NAME OF DEPONENT:      Earlbon Hunter

DATE and TIME:         Tuesday, March 13, 2012, at 9:00 a.m.
                       to be continued from day to day as necessary
                       until completed

LOCATION:              OGDEN & ASSOCIATES, PLLC
                       500 East Capitol Street, Suite 3
                       Jackson, Mississippi 39201

This deposition is being taken for all purposes as authorized by the Mississippi Code of

Civil Procedure. All counsel of record are invited to attend and participate as they deem fit.

THIS the 8th day of February, 2012.

Respectfully submitted,

INTOWN LESSEE SERVICES

_____
One of its Attorneys

OF COUNSEL:
Sheldon Alston, MSB # 9784
salston@brunini.com
William Trey Jones, III, MSB #99185
tjones@brunini.com
Karen Howell, MSB # 102243
khowell@brunini.com
Brunini, Grantham, Grower & Hewes, PLLC
190 East Capitol Street, Suite 100 (39201)
Post Office Box 119
Jackson, MS 39205-0119
Telephone:  (601) 948-3101
Facsimile:  (601) 960-6902

## CERTIFICATE OF SERVICE

I, Sheldon Alston, one of the attorneys for Defendant InTown Lessee Services, does hereby certify that I have this day served a true copy of the above and foregoing document by First Class Mail, postage pre-paid to the following:

J. Ashley Ogden
Wendy M. Yuan
James W. Smith, Jr.
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201

This the _8th_ day of February, 2012.

_Sheldon G. Alston_
SHELDON G. ALSTON



**BRUNINI**

ATTORNEYS AT LAW

SHELDON G. ALSTON

E-mail: salston@brunini.com
Direct: 601.960.6889

The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, Mississippi 39201
Telephone: 601.948.3101

Post Office Drawer 119
Jackson, Mississippi 39205

Facsimile: 601.960.6902

February 8, 2012

Barbara Dunn, Circuit Clerk
Hinds County, Mississippi
Post Office Box 327
Jackson, Mississippi  39205

RE:   *Earlbon Hunter vs. InTown Lessee Associates, LLS, et al*; In the Circuit Court of
the First Judicial District of Hinds County, Mississippi; Civil Action No. 251-11-
767CIV

Dear Ms. Dunn:

Enclosed is the original and one copy each of the following documents:

1.    Notice to Take Deposition of Earlbon Hunter; and,
2.    Notice to Take Deposition of Robbie Hunter.

Please file the originals and return one copy of each stamped "filed" in the enclosed self-
addressed postage pre-paid envelope.

Thank you for your assistance in this matter.

Sincerely,

Brunini, Grantham, Grower & Hewes, PLLC

Sheldon G. Alston

SGA/sab
Enclosures

{01314029}

# OGDEN
# ASSOCIATES
### Attorneys at Law, PLLC

James Ashley Ogden*
Curtis W. Brannon**
Wendy M. Yuan***

James W. Smith, Jr.
of Counsel

500 East Capitol Street
Suite 3
Jackson, Mississippi 39201

Telephone (601) 969-0999
Facsimile (601) 969-0089

* Licensed in Mississippi & Florida
** Licensed in Florida
*** Licensed in Mississippi

February 10, 2012

Ms. Barbara Dunn
Hinds County Circuit Clerk
P.O. Box 327
Jackson, MS 39205

RE: *Earlbon Hunter vs. InTown Lessee Associates, LLS; et al*; In the Circuit Court of the
First Judicial District of Hinds County, Mississippi; Cause No. 251-11-767 CIV

Dear Ms. Dunn:

Enclosed please find the original and one (1) copy of the following document in the
above referenced matter to be filed in your office:

1. Notice of Deposition for Charles Campbell
2. Notice of Deposition for Brandon Walker

After filing the originals I ask that you return the stamped "filed" copies to me via my
runner. Thank you for your assistance and should you have any questions please contact my
office.

Sincerely,

Wendy M. Yuan

WMY/cat
Enc.
cc: Sheldon G. Alston, Esq. (w/enc.)

FILED

FEB 10 2012

BARBARA DUNN, CIRCUIT CLERK

BY_____D.C.

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF**
**HINDS COUNTY, MISSISSIPPI**

**EARLBON HUNTER**                                                          **PLAINTIFF**

**v.**                                                          **CAUSE NO.251-11-767CIV**

**INTOWN LESSEE ASSOCIATES, LLS; INTOWN**
**LESSEE SERVICES, LLS; IT TENTANT RBS, LLC;**
**CHARLES CAMPBELL, INDIVIDUALLY;**
**BRANDON WALKER, INDIVIDUALLY;**
**AND JOHN DOES 1-3**                                          **DEFENDANTS**

<u>**NOTICE OF DEPOSITION**</u>

TO:                    Sheldon G. Alston, Esq.
                       Brunini, Grantham, Grower & Hewes, PLLC
                       Post Office Drawer 119
                       Jackson, Mississippi 39205

DEPONENT:              Brandon Walker

TIME/DATE:             Wednesday, March 14, 2012 at 2:30 p.m.

LOCATION:              Ogden & Associates, PLLC
                       500 East Capitol Street, Suite 3
                       Jackson, Mississippi 39201

     PLEASE TAKE NOTICE the Plaintiff will take the deposition of the deponent named

above, at the time, date and location indicated above, upon oral examination pursuant to the

Mississippi Rules of Civil Procedure, before an officer duly authorized to administer oaths and

swear witnesses in the State of Mississippi.  The oral examination will continue from day to day

until completed and you are invited to attend if you so desire.

     THIS the 10th day of February, 2012.

1

Respectfully submitted,

EARLBON HUNTER

BY: _____
    WENDY M. YUAN

OF COUNSEL:

J. ASHLEY OGDEN, ESQ. (MSB #9842)
WENDY M. YUAN, ESQ. (MSB #102867)
JAMES W. SMITH, JR., ESQ. (MSB #7534)
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
Telephone: (601) 969-0999
Facsimile: (601) 969-0089
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, the undersigned, of counsel for the Plaintiff, do hereby certify that I have this day mailed a true and correct copy of the above and foregoing pleading to counsel of record as shown below:

Sheldon G. Alston, Esq.
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205
Attorney for the Defendants

THIS the 10th day of February, 2012.

_____
WENDY M. YUAN

2



## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
### HINDS COUNTY, MISSISSIPPI

EARLBON HUNTER                                                    **PLAINTIFF**

**v.**                                              **CAUSE NO.251-11-767CIV**

INTOWN LESSEE ASSOCIATES, LLS; INTOWN
LESSEE SERVICES, LLS; IT TENTANT RBS, LLC;
CHARLES CAMPBELL, INDIVIDUALLY;
BRANDON WALKER, INDIVIDUALLY;
AND JOHN DOES 1-3                                              **DEFENDANTS**

## <u>NOTICE OF DEPOSITION</u>

TO:              Sheldon G. Alston, Esq.
                 Brunini, Grantham, Grower & Hewes, PLLC
                 Post Office Drawer 119
                 Jackson, Mississippi 39205

DEPONENT:        Charles Campbell

TIME/DATE:       Wednesday, March 14, 2012 at 1:30 p.m.

LOCATION:        Ogden & Associates, PLLC
                 500 East Capitol Street, Suite 3
                 Jackson, Mississippi 39201

PLEASE TAKE NOTICE the Plaintiff will take the deposition of the deponent named

above, at the time, date and location indicated above, upon oral examination pursuant to the

Mississippi Rules of Civil Procedure, before an officer duly authorized to administer oaths and

swear witnesses in the State of Mississippi.  The oral examination will continue from day to day

until completed and you are invited to attend if you so desire.

THIS the 10th day of February, 2012.

1

Respectfully submitted,

EARLBON HUNTER

BY: _Wendy M. Yuan_
WENDY M. YUAN

OF COUNSEL:

J. ASHLEY OGDEN, ESQ. (MSB #9842)
WENDY M. YUAN, ESQ. (MSB #102867)
JAMES W. SMITH, JR., ESQ. (MSB #7534)
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
Telephone: (601) 969-0999
Facsimile: (601) 969-0089
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, the undersigned, of counsel for the Plaintiff, do hereby certify that I have this day mailed a true and correct copy of the above and foregoing pleading to counsel of record as shown below:

Sheldon G. Alston, Esq.
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205
Attorney for the Defendants

THIS the 10th day of February, 2012.

_Wendy M. Yuan_
WENDY M. YUAN

2

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**OF HINDS COUNTY, MISSISSIPPI**

EARLBON HUNTER                                                          **PLAINTIFF**

VS.                                             **CIVIL ACTION NO. 251-11-767CIV**

INTOWN LESSEE SERVICES, ET AL.,                            **DEFENDANTS**

---

### RE-NOTICE TO TAKE DEPOSITION OF ROBBIE HUNTER

---

You are hereby notified that InTown Lessee Services through undersigned counsel, will take the stenographic and/or videographic deposition of the following person, pursuant to the Mississippi Code of Civil Procedure, upon oral examination before a duly authorized court reporter on the date and time and at the location indicated:

| | |
|---|---|
| NAME OF DEPONENT: | Robbie Hunter |
| DATE and TIME: | Thursday, March 15, 2012, at 9:00 a.m. to be continued from day to day as necessary until completed |
| LOCATION: | OGDEN & ASSOCIATES, PLLC 500 East Capitol Street, Suite 3 Jackson, Mississippi 39201 |

This deposition is being taken for all purposes as authorized by the Mississippi Code of Civil Procedure. All counsel of record are invited to attend and participate as they deem fit.

THIS the 28th day of February, 2012.

Respectfully submitted,

INTOWN LESSEE SERVICES

One of its Attorneys

OF COUNSEL:
Sheldon Alston, MSB # 9784
salston@brunini.com
William Trey Jones, III, MSB #99185
tjones@brunini.com
Karen Howell, MSB # 102243
khowell@brunini.com
Brunini, Grantham, Grower & Hewes, PLLC
190 East Capitol Street, Suite 100 (39201)
Post Office Box 119
Jackson, MS 39205-0119
Telephone:  (601) 948-3101
Facsimile:  (601) 960-6902

## CERTIFICATE OF SERVICE

I, Sheldon Alston, one of the attorneys for Defendant InTown Lessee Services, does hereby certify that I have this day served a true copy of the above and foregoing document by First Class Mail, postage pre-paid to the following:

J. Ashley Ogden
Wendy M. Yuan
James W. Smith, Jr.
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201

This the 28th day of February, 2012.

_____
SHELDON G. ALSTON

2

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

EARLBON HUNTER                                                    PLAINTIFF

VS.                                          CIVIL ACTION NO. 251-11-767CIV

INTOWN LESSEE SERVICES, ET AL.,                                  DEFENDANTS

---

### RE-NOTICE TO TAKE DEPOSITION OF EARLBON HUNTER

---

You are hereby notified that InTown Lessee Services through undersigned counsel, will take the stenographic and/or videographic deposition of the following person, pursuant to the Mississippi Code of Civil Procedure, upon oral examination before a duly authorized court reporter on the date and time and at the location indicated:

NAME OF DEPONENT:    Earlbon Hunter

DATE and TIME:       Wednesday, March 14, 2012, at 9:00 a.m.
                     to be continued from day to day as necessary
                     until completed

LOCATION:            OGDEN & ASSOCIATES, PLLC
                     500 East Capitol Street, Suite 3
                     Jackson, Mississippi 39201

This deposition is being taken for all purposes as authorized by the Mississippi Code of Civil Procedure. All counsel of record are invited to attend and participate as they deem fit.

THIS the 28th day of February, 2012.

                              Respectfully submitted,

                              INTOWN LESSEE SERVICES

                              _____

                              One of its Attorneys

OF COUNSEL:
Sheldon Alston, MSB # 9784
salston@brunini.com
William Trey Jones, III, MSB #99185
tjones@brunini.com
Karen Howell, MSB # 102243
khowell@brunini.com
Brunini, Grantham, Grower & Hewes, PLLC
190 East Capitol Street, Suite 100 (39201)
Post Office Box 119
Jackson, MS 39205-0119
Telephone:  (601) 948-3101
Facsimile:  (601) 960-6902

## CERTIFICATE OF SERVICE

I, Sheldon Alston, one of the attorneys for Defendant InTown Lessee Services, does hereby certify that I have this day served a true copy of the above and foregoing document by First Class Mail, postage pre-paid to the following:

J. Ashley Ogden
Wendy M. Yuan
James W. Smith, Jr.
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201

This the 28th day of February, 2012.

SHELDON G. ALSTON



# BRUNINI

ATTORNEYS AT LAW

**SHELDON G. ALSTON**

E-mail: salston@brunini.com
Direct: 601.960.6889

The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, Mississippi 39201
Telephone: 601.948.3101

Post Office Drawer 119
Jackson, Mississippi 39205

Facsimile: 601.960.6902

February 28, 2012

Barbara Dunn, Circuit Clerk
Hinds County, Mississippi
Post Office Box 327
Jackson, Mississippi  39205

RE:   *Earlbon Hunter vs. InTown Lessee Associates, LLS, et al*; In the Circuit Court of
the First Judicial District of Hinds County, Mississippi; Civil Action No. 251-11-
767CIV

Dear Ms. Dunn:

Enclosed is the original and one copy each of the following documents:

1.   Re-Notice to Take Deposition of Earlbon Hunter; and,
2.   Re-Notice to Take Deposition of Robbie Hunter.

Please file the originals and return one copy of each stamped "filed" in the enclosed self-
addressed postage pre-paid envelope.

Thank you for your assistance in this matter.

Sincerely,

Brunini, Grantham, Grower & Hewes, PLLC

Sheldon G. Alston

SGA/sab
Enclosures
cc:   J. Ashley Ogden, with enclosures
Wendy M. Yuan, with enclosures
James M. Smith, Jr., with enclosures

01315183



**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF**
**HINDS COUNTY, MISSISSIPPI**

**EARLBON HUNTER**                                                        **PLAINTIFF**

**v.**                                                           **CAUSE NO.251-11-767CIV**

**INTOWN LESSEE ASSOCIATES, LLS; INTOWN**
**LESSEE SERVICES, LLS; IT TENTANT RBS, LLC;**
**CHARLES CAMPBELL, INDIVIDUALLY;**
**BRANDON WALKER, INDIVIDUALLY;**
**AND JOHN DOES 1-3**                                                   **DEFENDANTS**

### RE-NOTICE OF DEPOSITION

TO:     Sheldon G. Alston, Esq.
        Brunini, Grantham, Grower & Hewes, PLLC
        Post Office Drawer 119
        Jackson, Mississippi 39205

DEPONENT:   Charles Campbell

TIME/DATE:   Wednesday, March 15, 2012 at 1:30 p.m.

LOCATION:   Ogden & Associates, PLLC
        500 East Capitol Street, Suite 3
        Jackson, Mississippi 39201

   PLEASE TAKE NOTICE the Plaintiff will take the deposition of the deponent named

above, at the time, date and location indicated above, upon oral examination pursuant to the

Mississippi Rules of Civil Procedure, before an officer duly authorized to administer oaths and

swear witnesses in the State of Mississippi.  The oral examination will continue from day to day

until completed and you are invited to attend if you so desire.

   THIS the 29th day of February, 2012.

1

Respectfully submitted,

EARLBON HUNTER

BY: *Wendy M. Yuan*

WENDY M. YUAN

OF COUNSEL:

J. ASHLEY OGDEN, ESQ. (MSB #9842)
WENDY M. YUAN, ESQ. (MSB #102867)
JAMES W. SMITH, JR., ESQ. (MSB #7534)
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
Telephone: (601) 969-0999
Facsimile: (601) 969-0089
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, the undersigned, of counsel for the Plaintiff, do hereby certify that I have this day mailed a true and correct copy of the above and foregoing pleading to counsel of record as shown below:

Sheldon G. Alston, Esq.
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205
Attorney for the Defendants

THIS the 29th day of February, 2012.

*Wendy M. Yuan*

WENDY M. YUAN

2

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
## HINDS COUNTY, MISSISSIPPI

**EARLBON HUNTER**                                                        **PLAINTIFF**

**v.**                                                     **CAUSE NO.251-11-767CIV**

**INTOWN LESSEE ASSOCIATES, LLS; INTOWN**
**LESSEE SERVICES, LLS; IT TENTANT RBS, LLC;**
**CHARLES CAMPBELL, INDIVIDUALLY;**
**BRANDON WALKER, INDIVIDUALLY;**
**AND JOHN DOES 1-3**                                                  **DEFENDANTS**

## <u>RE-NOTICE OF DEPOSITION</u>

TO:             Sheldon G. Alston, Esq.
                Brunini, Grantham, Grower & Hewes, PLLC
                Post Office Drawer 119
                Jackson, Mississippi 39205

DEPONENT:       Brandon Walker

TIME/DATE:      Wednesday, March 15, 2012 at 2:30 p.m.

LOCATION:       Ogden & Associates, PLLC
                500 East Capitol Street, Suite 3
                Jackson, Mississippi 39201

PLEASE TAKE NOTICE the Plaintiff will take the deposition of the deponent named

above, at the time, date and location indicated above, upon oral examination pursuant to the

Mississippi Rules of Civil Procedure, before an officer duly authorized to administer oaths and

swear witnesses in the State of Mississippi.  The oral examination will continue from day to day

until completed and you are invited to attend if you so desire.

THIS the 29th day of February, 2012.

1

# OGDEN ASSOCIATES
## Attorneys at Law, PLLC

James Ashley Ogden*
Curtis W. Brannon**
Wendy M. Yuan***

James W. Smith, Jr.
of Counsel

500 East Capitol Street
Suite 3
Jackson, Mississippi 39201

Telephone (601) 969-0999
Facsimile (601) 969-0089

\* Licensed in Mississippi & Florida
\*\* Licensed in Florida
\*\*\* Licensed in Mississippi

February 29, 2012

Ms. Barbara Dunn
Hinds County Circuit Clerk
P.O. Box 327
Jackson, MS 39205

RE: *Earlbon Hunter vs. InTown Lessee Associates, LLS; et al*; In the Circuit Court of the
First Judicial District of Hinds County, Mississippi; Cause No. 251-11-767 CIV

Dear Ms. Dunn:

Enclosed please find the original and one (1) copy of the following document in the
above referenced matter to be filed in your office:

1. Re-Notice of Deposition for Charles Campbell
2. Re-Notice of Deposition for Brandon Walker

After filing the originals I ask that you return the stamped "filed" copies to me via my
runner. Thank you for your assistance and should you have any questions please contact my
office.

Sincerely,

Wendy M. Yuan

WMY/cat
Enc.
cc: Sheldon G. Alston, Esq. (w/enc.)



SHELDON G. ALSTON

The Pinnacle Building, Suite 100     Post Office Drawer 119
190 East Capitol Street               Jackson, Mississippi 39205
E-mail: salston@brunini.com    Jackson, Mississippi 39201
Direct: 601.960.6889           Telephone: 601.948.3101     Facsimile: 601.960.6902

March 9, 2012

**FILED**

MAR 9 '12

BARBARA DUNN, CIRCUIT CL.

BY_____

Barbara Dunn, Circuit Clerk
Hinds County, Mississippi
Post Office Box 327
Jackson, Mississippi 39205

RE:     *Earlbon Hunter vs. InTown Lessee Associates, LLS, et al*; In the Circuit Court of
the First Judicial District of Hinds County, Mississippi; Civil Action No. 251-11-
767CIV

Dear Ms. Dunn:

Enclosed is the original and one copy each of the following documents:

1.     Notice of Service of Defendant InTown Lessee Services, LLC's Responses to
Plaintiff's First Set of Interrogatories;
2.     Notice of Service of Defendant InTown Lessee Services, LLC's Responses to
Plaintiff's First Set of Request's for Production;
3.     Notice of Service of Defendant Brandon Walker's Responses to Plaintiff's First
Set of Interrogatories;
4.     Notice of Service of Defendant Brandon Walker's Responses to Plaintiff's First
Set of Requests for Production;
5.     Notice of Service of Defendant Charles Campbell's Responses to Plaintiff's First
Set of Interrogatories; and
6.     Notice of Service of Defendant Brandon Walker's Responses to Plaintiff's First
Set of Requests for Production.

Please file the originals and return one copy of each stamped "filed" in the enclosed self-
addressed postage pre-paid envelope.

Thank you for your assistance in this matter.

Sincerely,

Brunini, Grantham, Grower & Hewes, PLLC

*Sheldon Alston* /sab

Sheldon G. Alston

SGA/dgg

01315183

Ms. Dunn
March 9, 2012
Page 2

Enclosures
cc:    J. Ashley Ogden, with enclosures

01315183

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
## HINDS COUNTY, MISSISSIPPI

**EARLBON HUNTER**                                                    **PLAINTIFF**

**v.**                                                    **CAUSE NO. 251-11-767CIV**

**INTOWN LESSEE ASSOCIATES, LLS; INTOWN
LESSEE SERVICES, LLS; IT TENTANT RBS, LLC;
CHARLES CAMPBELL, INDIVIDUALLY;
BRANDON WALKER, INDIVIDUALLY;
AND JOHN DOES 1-3**                                        **DEFENDANTS**

*[FILED stamp: FILED MAR 09 2012 BARBARA DUNN, CIRCUIT CLERK BY ___]*

---

## NOTICE OF SERVICE OF DEFENDANT BRANDON WALKER'S
## RESPONSES TO PLAINTIFF'S
## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

---

**TO:   All Attorneys of Record**

Notice is hereby given, pursuant to the Mississippi Rules of Civil Procedure, that

Brandon Walker has this date served in the above-entitled action its Responses to Plaintiff's First

Set of Requests for Production of Documents.

The undersigned retains the originals of the above papers as custodian thereof.

**DATED** this the 9th day March, 2012.

                              Respectfully submitted,

                              **BRANDON WALKER**

                              By:_____
                                   One of Its Attorneys

01328478

OF COUNSEL:

Sheldon Alston, MSB # 9784
William Trey Jones, MSB #99185
Karen E. Howell, MSB #102243
William D. Drinkwater, MSB #103913
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office Drawer 119
Jackson, Mississippi  39205
(601) 948-3101
(601) 960-6902

## CERTIFICATE OF SERVICE

I, Sheldon G. Alston, do hereby certify that I have this day hand delivered a true copy of the above and foregoing document to the following:

J. Ashley Ogden, Esq.
500 East Capitol Street, Suite 3
Jackson, MS 39201

SO CERTIFIED, this the 9th day of March, 2012.

SHELDON G. ALSTON

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
HINDS COUNTY, MISSISSIPPI

**EARLBON HUNTER**                                                                    **PLAINTIFF**

v.                                                                  **CAUSE NO. 251-11-767CIV**

INTOWN LESSEE ASSOCIATES, LLS; INTOWN
LESSEE SERVICES, LLS; IT TENTANT RBS, LLC;
CHARLES CAMPBELL, INDIVIDUALLY;
BRANDON WALKER, INDIVIDUALLY;
AND JOHN DOES 1-3                                                   **DEFENDANTS**

**FILED**

MAR 0 9 2012

BARBARA DUNN, CIRCUIT CLERK

BY _____ DC

---

### NOTICE OF SERVICE OF DEFENDANT
### INTOWN LESSEE SERVICES, LLC'S RESPONSES TO PLAINTIFF'S
### FIRST SET OF INTERROGATORIES

---

**TO:**   **All Attorneys of Record**

Notice is hereby given, pursuant to the Mississippi Rules of Civil Procedure, that InTown

Lessee Services, LLC has this date served in the above-entitled action its Responses to Plaintiff's

First Set of Interrogatories.

The undersigned retains the originals of the above papers as custodian thereof.

**DATED** this the 9th day March, 2012.

Respectfully submitted,

**INTOWN LESSEE SERVICES, LLC**

By: _____

One of Its Attorneys

01328481

OF COUNSEL:

Sheldon Alston, MSB # 9784
William Trey Jones, MSB #99185
Karen E. Howell, MSB #102243
William D. Drinkwater, MSB #103913
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office Drawer 119
Jackson, Mississippi  39205
(601) 948-3101
(601) 960-6902

01328481                                        2

## **CERTIFICATE OF SERVICE**

I, Sheldon G. Alston, do hereby certify that I have this day hand delivered a true copy of the above and foregoing document to the following:

J. Ashley Ogden, Esq.
500 East Capitol Street, Suite 3
Jackson, MS 39201

SO CERTIFIED, this the 9th day of March, 2012.

SHELDON G. ALSTON

01328481                                                    3

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
HINDS COUNTY, MISSISSIPPI**

**EARLBON HUNTER**                                                    **PLAINTIFF**

**v.**                                                      **CAUSE NO. 251-11-767CIV**

**INTOWN LESSEE ASSOCIATES, LLS; INTOWN
LESSEE SERVICES, LLS; IT TENTANT RBS, LLC;
CHARLES CAMPBELL, INDIVIDUALLY;
BRANDON WALKER, INDIVIDUALLY;
AND JOHN DOES 1-3**                                         **DEFENDANTS**

FILED

MAR 0 9 2012

BARBARA DUNN, CIRCUIT CLERK

BY_____ D.C.

---

**NOTICE OF SERVICE OF DEFENDANT INTOWN LESSEE SERVICES, LLC'S
RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

**TO:   All Attorneys of Record**

Notice is hereby given, pursuant to the Mississippi Rules of Civil Procedure, that InTown Lessee Services, LLC has this date served in the above-entitled action its Responses to Plaintiff's First Set of Requests for Production of Documents.

The undersigned retains the originals of the above papers as custodian thereof.

**DATED** this the 9th day March, 2012.

Respectfully submitted,

**INTOWN LESSEE SERVICES, LLC**

By:_____
        One of Its Attorneys

01328478

OF COUNSEL:

Sheldon Alston, MSB # 9784
William Trey Jones, MSB #99185
Karen E. Howell, MSB #102243
William D. Drinkwater, MSB #103913
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office Drawer 119
Jackson, Mississippi  39205
(601) 948-3101
(601) 960-6902

## <u>CERTIFICATE OF SERVICE</u>

I, Sheldon G. Alston, do hereby certify that I have this day hand delivered a true copy of the above and foregoing document to the following:

J. Ashley Ogden, Esq.
500 East Capitol Street, Suite 3
Jackson, MS 39201

SO CERTIFIED, this the 9th day of March, 2012.

_____
SHELDON G. ALSTON

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI

**EARLBON HUNTER**                                                        **PLAINTIFF**

**v.**                                                        CAUSE NO. 251-11-767CIV

**INTOWN LESSEE ASSOCIATES, LLS; INTOWN LESSEE SERVICES, LLS; IT TENTANT RBS, LLC; CHARLES CAMPBELL, INDIVIDUALLY; BRANDON WALKER, INDIVIDUALLY; AND JOHN DOES 1-3**

**FILED**

MAR 0 9 2012

BARBARA DUNN, CIRCUIT CLERK

BY _____ **DEFENDANTS**

---

### NOTICE OF SERVICE OF DEFENDANT BRANDON WALKER'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

---

**TO:    All Attorneys of Record**

Notice is hereby given, pursuant to the Mississippi Rules of Civil Procedure, that Brandon Walker has this date served in the above-entitled action its Responses to Plaintiff's First Set of Interrogatories.

The undersigned retains the originals of the above papers as custodian thereof.

**DATED** this the 9th day March, 2012.

Respectfully submitted,

**BRANDON WALKER**

By: _____
One of Its Attorneys

01328481

OF COUNSEL:

Sheldon Alston, MSB # 9784
William Trey Jones, MSB #99185
Karen E. Howell, MSB #102243
William D. Drinkwater, MSB #103913
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205
(601) 948-3101
(601) 960-6902

## CERTIFICATE OF SERVICE

I, Sheldon G. Alston, do hereby certify that I have this day hand delivered a true copy of the above and foregoing document to the following:

J. Ashley Ogden, Esq.
500 East Capitol Street, Suite 3
Jackson, MS 39201

SO CERTIFIED, this the 9th day of March, 2012.

_____
SHELDON G. ALSTON

01328481                                                    3

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
## HINDS COUNTY, MISSISSIPPI

**EARLBON HUNTER**                                                       **PLAINTIFF**

**v.**                                       **CAUSE NO. 251-11-767CIV**

**INTOWN LESSEE ASSOCIATES, LLS; INTOWN**
**LESSEE SERVICES, LLS; IT TENTANT RBS, LLC;**
**CHARLES CAMPBELL, INDIVIDUALLY;**
**BRANDON WALKER, INDIVIDUALLY;**
**AND JOHN DOES 1-3**                             **DEFENDANTS**

FILED
MAR 0 9 2012
BARBARA DUNN, CIRCUIT CLERK
BY_____ D.C.

---

### NOTICE OF SERVICE OF DEFENDANT CHARLES CAMPBELL'S
### RESPONSES TO PLAINTIFF'S
### FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

---

**TO:**    **All Attorneys of Record**

Notice is hereby given, pursuant to the Mississippi Rules of Civil Procedure, that Charles

Campbell has this date served in the above-entitled action its Responses to Plaintiff's First Set of

Requests for Production of Documents.

The undersigned retains the originals of the above papers as custodian thereof.

**DATED** this the 9th day March, 2012.

Respectfully submitted,

**CHARLES CAMPBELL**

By:_____
One of Its Attorneys

01328478

OF COUNSEL:

Sheldon Alston, MSB # 9784
William Trey Jones, MSB #99185
Karen E. Howell, MSB #102243
William D. Drinkwater, MSB #103913
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office Drawer 119
Jackson, Mississippi  39205
(601) 948-3101
(601) 960-6902

## CERTIFICATE OF SERVICE

I, Sheldon G. Alston, do hereby certify that I have this day hand delivered a true copy of the above and foregoing document to the following:

J. Ashley Ogden, Esq.
500 East Capitol Street, Suite 3
Jackson, MS 39201

SO CERTIFIED, this the 9th day of March, 2012.

_____
SHELDON G. ALSTON

01328478                                                              3

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
## HINDS COUNTY, MISSISSIPPI

**EARLBON HUNTER**                                                    **PLAINTIFF**

**v.**                                                    **CAUSE NO. 251-11-767CIV**

**INTOWN LESSEE ASSOCIATES, LLS; INTOWN
LESSEE SERVICES, LLS; IT TENTANT RBS, LLC;
CHARLES CAMPBELL, INDIVIDUALLY;
BRANDON WALKER, INDIVIDUALLY;
AND JOHN DOES 1-3**                                          **DEFENDANTS**

FILED

MAR 0 9 2012

BARBARA DUNN CIRCUIT CLERK

BY _____ D.C.

---

### NOTICE OF SERVICE OF DEFENDANT
### CHARLES CAMPBELL'S RESPONSES TO PLAINTIFF'S
### FIRST SET OF INTERROGATORIES

---

**TO:   All Attorneys of Record**

Notice is hereby given, pursuant to the Mississippi Rules of Civil Procedure, that Charles

Campbell has this date served in the above-entitled action its Responses to Plaintiff's First Set of

Interrogatories.

The undersigned retains the originals of the above papers as custodian thereof.

**DATED** this the 9th day March, 2012.

Respectfully submitted,

**CHARLES CAMPBELL**

By: _____
One of Its Attorneys

01328644

OF COUNSEL:

Sheldon Alston, MSB # 9784
William Trey Jones, MSB #99185
Karen E. Howell, MSB #102243
William D. Drinkwater, MSB #103913
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office Drawer 119
Jackson, Mississippi  39205
(601) 948-3101
(601) 960-6902

## CERTIFICATE OF SERVICE

I, Sheldon G. Alston, do hereby certify that I have this day hand delivered a true copy of the above and foregoing document to the following:

J. Ashley Ogden, Esq.
500 East Capitol Street, Suite 3
Jackson, MS 39201

SO CERTIFIED, this the 9th day of March, 2012.

_____
SHELDON G. ALSTON

# OGDEN
# ASSOCIATES
### Attorneys at Law, PLLC

James Ashley Ogden*
Curtis W. Brannon**
Wendy M. Yuan***

James W. Smith, Jr.
of Counsel

500 East Capitol Street
Suite 3
Jackson, Mississippi 39201

Telephone (601) 969-0999
Facsimile (601) 969-0089

* Licensed in Mississippi & Florida
** Licensed in Florida
*** Licensed in Mississippi

March 16, 2012

Ms. Barbara Dunn
Hinds County Circuit Clerk
P.O. Box 327
Jackson, MS 39205

> **RE:** *Earlbon Hunter vs. InTown Lessee Associates, LLS; et al*; **In the Circuit Court of the First Judicial District of Hinds County, Mississippi; Cause No. 251-11-767 CIV**

Dear Ms. Dunn:

Enclosed please find the originals and one (1) copy of the following documents in the above referenced matter to be filed in your office:

1. Re-Notice of Deposition for Charles Campbell
2. Re-Notice of Deposition for Brandon Walker

After filing the originals I ask that you return the stamped "filed" copies to me via the enclosed self-addressed stamped envelope. Thank you for your assistance and should you have any questions please contact my office.

Sincerely,

*J. Ashley Ogden*

J. Ashley Ogden

JAO/ldm
Enc.
cc: Sheldon G. Alston, Esq. (w/enc.)

F I L E D

MAR 20 2012

BARBARA DUNN, CIRCUIT CLERK

BY_____D.C.

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
HINDS COUNTY, MISSISSIPPI

EARLBON HUNTER                                                        **PLAINTIFF**

V.                                                          CAUSE NO.251-11-767CIV

INTOWN LESSEE ASSOCIATES, LLS; INTOWN
LESSEE SERVICES, LLS; IT TENTANT RBS, LLC;
CHARLES CAMPBELL, INDIVIDUALLY;
BRANDON WALKER, INDIVIDUALLY;
AND JOHN DOES 1-3                                                **DEFENDANTS**

<u>RE-NOTICE OF DEPOSITION</u>

TO:               Sheldon G. Alston, Esq.
                  Brunini, Grantham, Grower & Hewes, PLLC
                  Post Office Drawer 119
                  Jackson, Mississippi 39205

DEPONENT:         Charles Campbell

TIME/DATE:        Wednesday, May 2, 2012 at 9:00 a.m.

LOCATION:         Ogden & Associates, PLLC
                  500 East Capitol Street, Suite 3
                  Jackson, Mississippi 39201

PLEASE TAKE NOTICE the Plaintiff will take the deposition of the deponent named

above, at the time, date and location indicated above, upon oral examination pursuant to the

Mississippi Rules of Civil Procedure, before an officer duly authorized to administer oaths and

swear witnesses in the State of Mississippi.  The oral examination will continue from day to day

until completed and you are invited to attend if you so desire.

1

THIS the 16th day of March, 2012.

Respectfully submitted,

EARLBON HUNTER

BY:    *J. A. Ogden*
       J. ASHLEY OGDEN

OF COUNSEL:

J. ASHLEY OGDEN, MSB #9842
WENDY M. YUAN, MSB #102867
JAMES W. SMITH, JR., MSB #7534
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
Telephone: (601) 969-0999
Facsimile: (601) 969-0089
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, the undersigned, of counsel for the Plaintiff, do hereby certify that I have this day mailed a true and correct copy of the above and foregoing pleading to counsel of record as shown below:

Sheldon G. Alston, Esq.
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205
Attorney for the Defendants

THIS the 16th day of March, 2012.

*J. A. Ogden*
J. ASHLEY OGDEN

FILED

MAR 20 2012

BARBARA DUNN, CIRCUIT CLERK

BY _____ D.C.

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
HINDS COUNTY, MISSISSIPPI

EARLBON HUNTER                                                    PLAINTIFF

V.                                                        CAUSE NO.251-11-767CIV

INTOWN LESSEE ASSOCIATES, LLS; INTOWN
LESSEE SERVICES, LLS; IT TENTANT RBS, LLC;
CHARLES CAMPBELL, INDIVIDUALLY;
BRANDON WALKER, INDIVIDUALLY;
AND JOHN DOES 1-3                                               DEFENDANTS

## RE-NOTICE OF DEPOSITION

TO:                 Sheldon G. Alston, Esq.
                    Brunini, Grantham, Grower & Hewes, PLLC
                    Post Office Drawer 119
                    Jackson, Mississippi 39205

DEPONENT:           Brandon Walker

TIME/DATE:          Wednesday, May 2, 2012 at 11:00 a.m.

LOCATION:           Ogden & Associates, PLLC
                    500 East Capitol Street, Suite 3
                    Jackson, Mississippi 39201

    PLEASE TAKE NOTICE the Plaintiff will take the deposition of the deponent named

above, at the time, date and location indicated above, upon oral examination pursuant to the

Mississippi Rules of Civil Procedure, before an officer duly authorized to administer oaths and

swear witnesses in the State of Mississippi.  The oral examination will continue from day to day

until completed and you are invited to attend if you so desire.

1

THIS the 16th day of March, 2012.

Respectfully submitted,

EARLBON HUNTER

BY:    _J. A Ogden_
       J. ASHLEY OGDEN

OF COUNSEL:

J. ASHLEY OGDEN, MSB #9842
WENDY M. YUAN, MSB #102867
JAMES W. SMITH, JR., MSB #7534
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
Telephone: (601) 969-0999
Facsimile: (601) 969-0089
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, the undersigned, of counsel for the Plaintiff, do hereby certify that I have this day mailed a true and correct copy of the above and foregoing pleading to counsel of record as shown below:

Sheldon G. Alston, Esq.
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205
Attorney for the Defendants

THIS the 16th day of March, 2012.

_J. A Ogden_
J. ASHLEY OGDEN

2

# OGDEN & ASSOCIATES

## Attorneys at Law, PLLC

James Ashley Ogden*
Curtis W. Brannon**
Wendy M. Yuan***

James W. Smith, Jr.
of Counsel

500 East Capitol Street
Suite 3
Jackson, Mississippi 39201

Telephone (601) 969-0999
Facsimile (601) 969-0089

* Licensed in Mississippi & Florida
** Licensed in Florida
*** Licensed in Mississippi

April 2, 2012

Ms. Barbara Dunn
Hinds County Circuit Clerk
P.O. Box 327
Jackson, MS 39205

> **RE:** ***Earlbon Hunter vs. InTown Lessee Associates, LLS; et al; In the Circuit Court of the First Judicial District of Hinds County, Mississippi; Cause No. 251-11-767 CIV***

Dear Ms. Dunn:

Enclosed please find the original and one (1) copy of the following document in the above referenced matter to be filed in your office:

1. Plaintiff's Motion for Extension of Time to Designate Expert Witnesses

After filing the original I ask that you return the stamped "filed" copy to me via my runner. Thank you for your assistance and should you have any questions please contact my office.

Sincerely,

*J. Ashley Ogden*

J. Ashley Ogden

JAO/ldm
Enc.
cc: Honorable Bill Gowan (w/ enc.)
    Sheldon G. Alston, Esq. (w/enc.)

FILED

APR 02 2012

[DUNN], CIRCUIT CLERK

BY_____ D.C.

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
HINDS COUNTY, MISSISSIPPI

EARLBON HUNTER                                                    PLAINTIFF

V.                                               CAUSE NO. 251-11-767-CIV

INTOWN LESSEE ASSOCIATES, LLS; INTOWN
LESSEE SERVICES, LLS; IT TENTANT RBS, LLC;
CHARLES CAMPBELL, INDIVIDUALLY;
BRANDON WALKER, INDIVIDUALLY;
AND JOHN DOES 1-3                                              DEFENDANTS

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME
## TO DESIGNATE EXPERT WITNESSES

COMES NOW, the Plaintiff, Earlbon Hunter, by and through counsel, and files this his

Motion for Extension of Time to Designate Expert Witnesses, and would show unto the Court

the following:

1.      The current Agreed Scheduling Order was entered by the Court on December 12,

2011.

2.      The parties have been conducting discovery over the past several months.

However, the depositions of the Plaintiff and his sister were only recently taken two weeks ago

on March 14 and 15, 2012. Further, two of the defendants and key witnesses, Charles Campbell

and Brandon Walker, are not scheduled to be deposed until May 2, 2012.

3.      Plaintiff's current expert designation deadline is April 2, 2012. Plaintiff intends

on timely designating his experts by this deadline. However, some of Plaintiff's experts will not

be able to provide written opinions along with their April 2, 2012 designations, due to the fact

that discovery is on-going and some of the evidence that the experts need to finalize their

opinions, such as the depositions of Campbell and Walker, have yet to be conducted. Plaintiff

1

respectfully requests that he be allowed a reasonable amount of time to seasonably supplement any additional findings and opinions his experts may provide, including any written reports.

4.      Under the provisions of M.R.C.P. 26(b) (4)(A)(i) the Plaintiff is not required to produce written reports from his experts. However, the current Agreed Scheduling Order states that both parties' expert designations shall include all information required by Rule 26(b)(4)(A)(i), which under the state rule requires disclosure of the expert's identity, the subject matter to which they will testify, and a summary and grounds for their facts and opinions. Under the federal rule, section 26(b)(4)(A)(i) refers to disclosure of the financial compensation that an expert will receive.

5.      On March 27, 2012 Plaintiff sent counsel for Defendants a letter requesting agreement that, per the terms of the Agreed Scheduling Order as well as the requirements of M.R.C.P. 26, neither party would be required to provide written reports for each of their designated experts. (Exhibit "A"). To date, Plaintiff has not received a response from the Defendants on this issue. Plaintiff therefore respectfully requests that the Court enter an Order stating that, per the terms of the Agreed Scheduling and the provisions of M.R.C.P. 26, neither party is required to provide written reports for their experts at the time of their expert designation. Plaintiff further respectfully requests the Court grant the Plaintiff's experts additional time to seasonably supplement any written opinions they may provide, as discovery proceeds.

6.      Granting the relief requested here-in would cause no prejudice to the Defendants, as Plaintiff merely seeks clarification from the Court that, per the per the terms of the Agreed Scheduling Order as well as the requirements of M.R.C.P. 26, neither party is required to provide written reports for their designated experts. Further, Plaintiff has no objection to the Defendants

2

also being allowed to seasonably supplement written reports from their experts as discovery proceeds.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the Court grant the relief requested here-in. Plaintiff prays for any other additional relief the Court deems appropriate.

THIS the 2nd day of April, 2012.

Respectfully Submitted,

EARLBON HUNTER

By: _J. Ashley Ogden_
      J. Ashley Ogden

OF COUNSEL:

J. ASHLEY OGDEN, ESQ. (MSB #9842)
WENDY M. YUAN, ESQ. (MSB #102867)
JAMES W. SMITH, JR., ESQ. (MSB #7534)
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
Telephone: (601) 969-0999
Facsimile: (601) 969-0089
ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney hereby certify that I have this day via United States mail forwarded, a true and correct copy of the above and foregoing document to:

Sheldon G. Alston, Esq.
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205

THIS the 2nd day of April, 2012.

J. Ashley Ogden

# OGDEN & ASSOCIATES
### Attorneys at Law, PLLC

James Ashley Ogden*
Curtis W. Brannon**
Wendy M. Yuan***

James W. Smith, Jr.
of Counsel

500 East Capitol Street
Suite 3
Jackson, Mississippi 39201

Telephone (601) 969-0999
Facsimile (601) 969-0089

\* Licensed in Mississippi & Florida
\** Licensed in Florida
\*** Licensed in Mississippi

March 27, 2012

**VIA FACSIMILE ONLY: 601-960-6902**

Sheldon G. Alston, Esq.
Brunini Grantham Grower & Hewes
P. O. Drawer 119
Jackson, MS 39205-0119

> RE:   **Earlbon Hunter vs. InTown Lessee Associates, LLS, *et al*; In the Circuit Court of the First Judicial District of Hinds County, Mississippi; Cause No. 251-11-767 CIV**

Dear Sheldon:

I left you a voice-mail last week regarding the Agreed Scheduling Order in the above-referenced matter. Specifically, I want to verify with you that since this matter is in state court neither party will be required to provide written reports for all of their experts at the time of the expert designations, as in federal court.

The Scheduling Order states that both parties' expert designations shall include all information required by Rule 26(b)(4)(A)(i), which under the state rule requires disclosure of the expert's identity, the subject matter to which they will testify, and a summary and grounds for their facts and opinions. Under the federal rule, section 26(b)(4)(A)(i) refers to disclosure of the financial compensation that an expert will receive.

Plaintiff's expert designation date is April 2, 2012. Plaintiff will file his designation by that date but will not be providing at that time a written report for every expert. Plaintiff will reserve the right to seasonably supplement his experts' opinions as discovery proceeds, including the right to seasonably supplement written expert opinions. Likewise, Plaintiff will not object to the Defendants seasonably supplementing their experts' opinions to include written reports.

Please let me know if you agree with me on this matter. If not, I will have to seek the Court's guidance. I also ask that you consider this letter my good faith effort to address this issue pursuant to local rule 4.04.

Sincerely,

J. Ashley Ogden

JAO/ldm

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

**EARLBON HUNTER**                                                    **PLAINTIFF**

**VS.**                                          CAUSE NO.: 251-11-270-CIV

**INTOWN LESSEE SERVICES, LLC;**
**CHARLES CAMPBELL, INDIVIDUALLY;**
**BRANDON WALKER, INDIVIDUALLY;**
**AND JOHN DOES 1-3**                                              **DEFENDANTS**

FILED
APR 25 2012
BARBARA DUNN, CIRCUIT CLERK
BY _____ D.C.

## AGREED AMENDED SCHEDULING ORDER

Pursuant to MRCP 26(c) it is hereby ordered:

1.      That counsel shall complete all discovery, including all evidentiary depositions, no later than July 15, 2012.  Completion of discovery includes all supplementation of discovery required by Rule 26(f), M.R.C.P., and counsel shall commence discovery in time so that the discovery can be completed by the discovery deadline.

2.      Plaintiff's expert witnesses shall be designated no later than May 9, 2012. Defendants' expert witnesses shall be designated no later than July 9, 2012.  Both Plaintiff's and Defendants' expert designations shall include all information required by Rule 26(b)(4)(A)(i).

3.      That counsel shall serve all pretrial motions, both dispositive and nondispositive (including motions to exclude expert witness testimony), excepting only evidentiary in limine motions, no later than July 22, 2012.

4.      The parties will submit a pretrial order in the form substantially similar to Form 3 of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi.

The trial of this case has been set on the 29th day of October, 2012 as a 5th setting.

BY ORDER OF THIS COURT, this the 25th day of _____April_____, 2012.

_____
CIRCUIT COURT JUDGE

0f352058

BOOK 732   PAGE   167

APPROVED:

J. Ashley Ogden, Esq. (MSB #9842)
Wendy M. Yuan, Esq. (MSB #102867)
Ogden & Associates, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
Attorney for Plaintiff

Trey Jones, Esq. (MSB #99185)
Brunini Grantham Grower & Hewes
Post Office Drawer 119
Jackson, Mississippi 39205
Attorney for Defendants

01352058

BOOK 732   PAGE   168

**FILED**

APR 24 2012

BARBARA DUNN, CIRCUIT CLERK

BY_____ D.C.

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

EARLBON HUNTER                                                      PLAINTIFF

VS.                                          CAUSE NO.: 251-11-280-CIV

                                             11-767

INTOWN LESSEE SERVICES, LLC;
CHARLES CAMPBELL, INDIVIDUALLY;
BRANDON WALKER, INDIVIDUALLY;
AND JOHN DOES 1-3                                                  DEFENDANTS

## AGREED AMENDED SCHEDULING ORDER

        Pursuant to MRCP 26(c) it is hereby ordered:

        1.      That counsel shall complete all discovery, including all evidentiary depositions,
no later than July 15, 2012.  Completion of discovery includes all supplementation of discovery
required by Rule 26(f), M.R.C.P., and counsel shall commence discovery in time so that the
discovery can be completed by the discovery deadline.

        2.      Plaintiff's expert witnesses shall be designated no later than May 9, 2012.
Defendants' expert witnesses shall be designated no later than July 9, 2012.  Both Plaintiff's and
Defendants' expert designations shall include all information required by Rule 26(b)(4)(A)(i).

        3.      That counsel shall serve all pretrial motions, both dispositive and nondispositive
(including motions to exclude expert witness testimony), excepting only evidentiary in limine
motions, no later than July 22, 2012.

        4.      The parties will submit a pretrial order in the form substantially similar to Form 3
of the Uniform Local Rules of the United States District Courts for the Northern and Southern
Districts of Mississippi.

        The trial of this case has been set on the 29th day of October, 2012 as a 5th setting.

        BY ORDER OF THIS COURT, this the 24th day of April_____, 2012.

                                    _William Gow_____
                                    CIRCUIT COURT JUDGE

01352058

BOOK 732   PAGE   105

APPROVED:

J. Ashley Ogden, Esq. (MSB #9842)
Wendy M. Yuan, Esq. (MSB #102867)
Ogden & Associates, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
Attorney for Plaintiff

Trey Jones, Esq. (MSB #99185)
Brunini Grantham Grower & Hewes
Post Office Drawer 119
Jackson, Mississippi 39205
Attorney for Defendants



**WILLIAM TREY JONES, III**

The Pinnacle Building, Suite 100    Post Office Drawer 119
190 East Capitol Street    Jackson, Mississippi 39205
Jackson, Mississippi 39201
E-mail: tjones@brunini.com    Telephone: 601.948.3101
Direct: 601.960.6857    Facsimile: 601.960.6902

ATTORNEYS AT LAW

April 24, 2012



Honorable William A. Gowan
Circuit Court Judge
Hinds County, Mississippi
P. O. Box 22711
Jackson, MS 39225-22711

     RE:   Earlbon Hunter vs. Intown Lessee Services, LLC, et al
             Cause No. 251-11-280-civ

Dear Judge Gowan:    *11-767*

     Enclosed in connection with the above referenced case is an Agreed Amended Scheduling Order which has been signed by counsel for all parties. Please sign the Order and forward it to the Clerk for entry. By copy of this letter to the Clerk, we request that stamped filed copies of the Order be sent to all counsel of record.

     Sincerely,

     Brunini, Grantham, Grower & Hewes, PLLC

     William Trey Jones, III

WEJ/go

cc:   Circuit Clerk of Hinds County
      Wendy M. Yuan, Esq.
      J. Ashley Ogden, Esq.

01353804

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

EARLBON HUNTER                                                    PLAINTIFF

VS.                                              CAUSE NO.: 251-11-280-CIV

INTOWN LESSEE SERVICES, LLC;
CHARLES CAMPBELL, INDIVIDUALLY;
BRANDON WALKER, INDIVIDUALLY;
AND JOHN DOES 1-3                                              DEFENDANTS

## AGREED AMENDED SCHEDULING ORDER

Pursuant to MRCP 26(c) it is hereby ordered:

1.      That counsel shall complete all discovery, including all evidentiary depositions, no later than July 15, 2012.  Completion of discovery includes all supplementation of discovery required by Rule 26(f), M.R.C.P., and counsel shall commence discovery in time so that the discovery can be completed by the discovery deadline.

2.      Plaintiff's expert witnesses shall be designated no later than May 9, 2012. Defendants' expert witnesses shall be designated no later than July 9, 2012.  Both Plaintiff's and Defendants' expert designations shall include all information required by Rule 26(b)(4)(A)(i).

3.      That counsel shall serve all pretrial motions, both dispositive and nondispositive (including motions to exclude expert witness testimony), excepting only evidentiary in limine motions, no later than July 22, 2012.

4.      The parties will submit a pretrial order in the form substantially similar to Form 3 of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi.

The trial of this case has been set on the 29th day of October, 2012 as a 5th setting.

BY ORDER OF THIS COURT, this the _____ day of _____, 2012.


_____
CIRCUIT COURT JUDGE

01352058

APPROVED:

J. Ashley Ogden, Esq. (MSB #9842)
Wendy M. Yuan, Esq. (MSB #102867)
Ogden & Associates, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
Attorney for Plaintiff

Trey Jones, Esq. (MSB #99185)
Brunini Grantham Grower & Hewes
Post Office Drawer 119
Jackson, Mississippi 39205
Attorney for Defendants

01352058

# OGDEN
# ASSOCIATES
### Attorneys at Law, PLLC

James Ashley Ogden*
Curtis W. Brannon**
Wendy M. Yuan***

James W. Smith, Jr.
of Counsel

500 East Capitol Street
Suite 3
Jackson, Mississippi 39201

Telephone (601) 969-0999
Facsimile (601) 969-0089

* Licensed in Mississippi & Florida
** Licensed in Florida
*** Licensed in Mississippi

April 24, 2012

Ms. Barbara Dunn
Hinds County Circuit Clerk
P.O. Box 327
Jackson, MS 39205

RE:    *Earlbon Hunter vs. InTown Lessee Associates, LLS; et al*; In the Circuit Court
       of the First Judicial District of Hinds County, Mississippi; Cause No. 251-11-
       767 CIV

Dear Ms. Dunn:

Enclosed please find the original and one (1) copy of the following document in the
above referenced matter to be filed in your office:

1. Re-Notice of Deposition for Charles Campbell
2. Re-Notice of Deposition for Brandon Walker

After filing the originals I ask that you return the stamped "filed" copy to me in the
enclosed self-addressed stamped envelope. Thank you for your assistance and should you have
any questions please contact my office.

Sincerely,

Wendy M. Yuan

WMY/tcd
Enc.
cc: Sheldon G. Alston, Esq. (w/enc.)

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
HINDS COUNTY, MISSISSIPPI

EARLBON HUNTER                                                          PLAINTIFF

v.                                                        CAUSE NO.251-11-767CIV

INTOWN LESSEE ASSOCIATES, LLS; INTOWN
LESSEE SERVICES, LLS; IT TENTANT RBS, LLC;
CHARLES CAMPBELL, INDIVIDUALLY;
BRANDON WALKER, INDIVIDUALLY;
AND JOHN DOES 1-3                                                    DEFENDANTS

## RE-NOTICE OF DEPOSITION

TO:              Sheldon G. Alston, Esq.
                 Brunini, Grantham, Grower & Hewes, PLLC
                 Post Office Drawer 119
                 Jackson, Mississippi 39205

DEPONENT:        Charles Campbell

TIME/DATE:       Wednesday, May 2, 2012 at 9:00 a.m.

LOCATION:        Brunini, Grantham, Grower & Hewes, PLLC
                 The Pinnacle Building, Suite 100
                 190 East Capitol Street
                 Jackson, Mississippi 39201

    PLEASE TAKE NOTICE the Plaintiff will take the deposition of the deponent named

above, at the time, date and location indicated above, upon oral examination pursuant to the

Mississippi Rules of Civil Procedure, before an officer duly authorized to administer oaths and

swear witnesses in the State of Mississippi.  The oral examination will continue from day to day

until completed and you are invited to attend if you so desire.

THIS the 24th day of April, 2012.

                                        Respectfully submitted,

                                        EARLBON HUNTER

                              BY:    *Wendy M. Yuan*
                                     WENDY M. YUAN

OF COUNSEL:

J. ASHLEY OGDEN, ESQ. (MSB #9842)
WENDY M. YUAN, ESQ. (MSB #102867)
JAMES W. SMITH, JR., ESQ. (MSB #7534)
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
Telephone: (601) 969-0999
Facsimile: (601) 969-0089
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, the undersigned, of counsel for the Plaintiff, do hereby certify that I have this day mailed a true and correct copy of the above and foregoing pleading to counsel of record as shown below:

   Sheldon G. Alston, Esq.
   Brunini, Grantham, Grower & Hewes, PLLC
   Post Office Drawer 119
   Jackson, Mississippi 39205
   Attorney for the Defendants

THIS the 24th day of April, 2012.

                                     *Wendy M. Yuan*
                                     WENDY M. YUAN

**FILED**

APR 25 2012

BARBARA DUNN CIRCUIT CLERK

BY _____ D.C.

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**

**HINDS COUNTY, MISSISSIPPI**

**EARLBON HUNTER**                                    **PLAINTIFF**

**v.**                                                   **CAUSE NO.251-11-767CIV**

**INTOWN LESSEE ASSOCIATES, LLS; INTOWN
LESSEE SERVICES, LLS; IT TENTANT RBS, LLC;
CHARLES CAMPBELL, INDIVIDUALLY;
BRANDON WALKER, INDIVIDUALLY;
AND JOHN DOES 1-3**                               **DEFENDANTS**

## RE-NOTICE OF DEPOSITION

TO:              Sheldon G. Alston, Esq.
                 Brunini, Grantham, Grower & Hewes, PLLC
                 Post Office Drawer 119
                 Jackson, Mississippi 39205

DEPONENT:        Brandon Walker

TIME/DATE:       Wednesday, May 2, 2012 at 11:00 a.m.

LOCATION:        Brunini, Grantham, Grower & Hewes, PLLC
                 The Pinnacle Building, Suite 100
                 190 East Capitol Street
                 Jackson, Mississippi 39201

PLEASE TAKE NOTICE the Plaintiff will take the deposition of the deponent named

above, at the time, date and location indicated above, upon oral examination pursuant to the

Mississippi Rules of Civil Procedure, before an officer duly authorized to administer oaths and

swear witnesses in the State of Mississippi. The oral examination will continue from day to day

until completed and you are invited to attend if you so desire.

1

THIS the 24th day of April, 2012.

Respectfully submitted,

EARLBON HUNTER

BY: _Wendy M. Yuan_
WENDY M. YUAN

OF COUNSEL:

J. ASHLEY OGDEN, ESQ. (MSB #9842)
WENDY M. YUAN, ESQ. (MSB #102867)
JAMES W. SMITH, JR., ESQ. (MSB #7534)
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
Telephone: (601) 969-0999
Facsimile: (601) 969-0089
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, the undersigned, of counsel for the Plaintiff, do hereby certify that I have this day mailed a true and correct copy of the above and foregoing pleading to counsel of record as shown below:

Sheldon G. Alston, Esq.
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205
Attorney for the Defendants

THIS the 24th day of April, 2012.

_Wendy M. Yuan_
WENDY M. YUAN

2

# OGDEN & ASSOCIATES
### Attorneys at Law, PLLC

James Ashley Ogden*
Curtis W. Brannon**
Wendy M. Yuan***

James W. Smith, Jr.
of Counsel

500 East Capitol Street
Suite 3
Jackson, Mississippi 39201

Telephone (601) 969-0999
Facsimile (601) 969-0089

* Licensed in Mississippi & Florida
** Licensed in Florida
*** Licensed in Mississippi

April 2, 2012

Ms. Barbara Dunn
Hinds County Circuit Clerk
P.O. Box 327
Jackson, MS 39205

RE:   *Earlbon Hunter vs. InTown Lessee Associates, LLS; et al*; In the Circuit Court
of the First Judicial District of Hinds County, Mississippi; Cause No. 251-11-
767 CIV

Dear Ms. Dunn:

Enclosed please find the original and one (1) copy of the following document in the
above referenced matter to be filed in your office:

1.  Plaintiff's Designation of Expert Witnesses

After filing the original I ask that you return the stamped "filed" copy to me via my
runner. Thank you for your assistance and should you have any questions please contact my
office.

Sincerely,

*J. Ashley Ogden*

J. Ashley Ogden

JAO/ldm
Enc.
cc: Sheldon G. Alston, Esq. (w/enc.)

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF**
**HINDS COUNTY, MISSISSIPPI**

FILED
APR 02 2012
BARBARA DUNN, CIRCUIT CLERK
BY_____ D.C.

**EARLBON HUNTER**

**PLAINTIFF**

**V.**

**CAUSE NO. 251-11-767-CIV**

**INTOWN LESSEE ASSOCIATES, LLS; INTOWN**
**LESSEE SERVICES, LLS; IT TENTANT RBS, LLC;**
**CHARLES CAMPBELL, INDIVIDUALLY;**
**BRANDON WALKER, INDIVIDUALLY;**
**AND JOHN DOES 1-3**

**DEFENDANTS**

## PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES

In accordance with the Mississippi Rules of Civil Procedure Plaintiff designates the following individuals who may be called as expert witnesses at trial:

1)    Fred Del Marva, PI, PO, 21666 North 58th Avenue, Arrowhead Lakes, Glendale, Arizona, 85308. Mr. Del Marva is an expert in the fields of hotel, motel, and hospitality industry security, management, and administration, as well as an expert in hotel, motel, and hospitality industry standards of care. He is expected to testify that the Plaintiff was a business invitee of the Intown Suites and was entitled to all the benefits and duties owed to an invitee by a business owner, including corporate-owned hotels like the InTown Suites. He is expected to testify regarding generally accepted practices and procedures used by corporate hotel companies to provide safe living environments for guests and businesses invitees of their properties. He is expected to testify regarding policies and procedures utilized throughout the hotel industry regarding handicapped rooms and facilities for the disabled, including any and all specific features, design elements, and equipment that are commonly found in hotel rooms that are designed for and intended to be used by disabled and/or handicapped persons. He is expected to provide testimony regarding a number of specific methods that hotels and extended-stay

1

locations employ when securing their handicap rooms, including everything from the use of bathroom phones, alarms, pull-cord alarms, and other safety features. He is expected to testify regarding any and all provisions of the Americans with Disabilities Act that apply to hotels such as the InTown Suites.

He is expected to testify as to any walkthroughs or on-site inspections he may conduct of the subject property as well as his findings and conclusions derived from his inspections. He is expected to testify as to any and all safety regulations, laws, standards, and industry practices and recommendations that corporate hotels and extended-stay locations abide by and follow with regarding to standard of care, safety, risk management, handicap room features, and injury prevention in general. He is expected to testify as to his review of similar hotels and extended stay facilities in and around the area of the subject InTown Suites, including all features, design elements, and equipment found in the rooms of such locations that are intended to be by used by disabled and/or handicapped persons. He is expected to testify that the lack of certain safety features in the Plaintiff's handicap bathroom, including but not limited to a telephone or an alarm, proximately and directly caused the Plaintiff's injuries. He is expected to testify the Defendants were negligent in failing to have these and other safety features present in the Plaintiff's handicap bathroom, despite these items being present in other similar hotel and extended stay facilities in and around the area of the subject InTown Suites. He is expected to testify that due to the presence of these safety items in these hotels and extended stay facilities in and around the area of the subject InTown Suites, as well as their presence in similar hotel and extended stay facilities throughout the U.S. and internationally, the Defendants should or would have known about these safety features and were negligent in failing to have them in the Plaintiff's bathroom.

bathrooms were safe for business invitees and residents to use and that requests, such as the

request by the Plaintiff and his sister for him to be checked on daily basis, were being followed.

He is expected to testify regarding the Defendants' failure to keep the property in a sanitary

condition. He will testify it is the sole duty of the Defendants' to maintain their property and

address all maintenance, safety, security, and sanitary issues, and that the Defendants cannot pass

this duty onto residents and business invitees of the property. He is expected to testify that the

Defendants' breach of their duties to maintain the property and keep it in a safe, secure, and

sanitary condition was a proximate and/or direct cause of the Plaintiff's injuries and damages. He

is expected to testify to the common policies, procedures, and standard of care that a commercial

property such as the subject InTown Suites  should take to protect its employees and tenants. He

is expected to testify that the general policy and procedures of set out by the Defendants were

violated by the Defendants and that the violation of the procedure was a proximate cause of the

Plaintiff's injuries. He is expected to testify that the policy and procedures used by Defendants to

ensure a safe property for its tenants and residents was inadequate, below the normal standard of

care, and the cause of the Plaintiff's injuries.

Del Marva will testify in response to any theory or statement offered by the Defendants'

experts. He reserves the right to explain or expound upon any of his findings and opinions

throughout these proceedings, including testimony heard and observed at depositions and during

trial. He is expected to testify that his methodology, findings, opinions, and conclusions are

based on his knowledge, skill, and experience in his particular field(s) of expertise. He will

testify that his findings are consistent with the scientific principles generally accepted by the

same experts in his field, and that they are based upon a reasonable degree of probability or

certainty. He will testify as to his review of the findings and opinions of Defendants' expert witnesses. He reserves the right to adopt the findings and opinions of any of Plaintiff's other expert witnesses. Plaintiff reserves the right to call Del Marva as a rebuttal expert witness to rebut any testimony offered by any other lay or expert witness. Plaintiff reserves the right to supplement Del Marva's expected testimony and opinions in greater detail as discovery continues and as additional information and documentation is received. Plaintiff reserves the right to supplement any written opinions that may be provided by Del Marva. Plaintiff reserves the right at trial to substitute another witness in a similar field of expertise if Del Marva is unavailable to testify at trial. A copy of Mr. Del Marva's C.V. is attached as Exhibit "A".

    2)    Dr. Obie M. McNair, Central MS Health Services, Inc., 1134 Winter Street, Jackson, MS 39204. Dr. McNair is an expert in the fields of internal medicine and pulmonology. Dr. McNair is one of the Plaintiff's current treating physicians and is expected and/or anticipated to testify that he evaluated Plaintiff for injuries he sustained in an incident on or about April 12, 2009. Dr. McNair is anticipated and/or expected to testify that Plaintiff received these injuries as a result of the subject incident which occurred on April 12, 2009. Dr. McNair is anticipated and/or expected to testify to Plaintiff's treatments and evaluation, history obtained, the extent of and result of the Plaintiff's physical examinations, treatments and procedures performed and/or recommended, diagnosis, prognosis, dates of temporary and/or permanent disability impairments, future medical treatment dates and past, current and future pain and suffering and whether or not Plaintiff's medical condition is related to his accident. Dr. McNair is also expected to testify regarding Plaintiff's right arm amputation which Plaintiff underwent on April 16, 2009, its effects on the Plaintiff's condition and the expected future problems of the

6

Plaintiff. Dr. McNair is expected to testify that the right arm amputation which Plaintiff underwent on April 16, 2009 is related to the injuries he sustained in the subject incident of April 12, 2009.

Dr. McNair is expected to testify to the following areas of his treatment of Earlbon Hunter: Current and future medications; past medical history; social history; physical examination; assessment and/or diagnosis; past and future pain and suffering; past, present and future costs, including, and impairment and disability. Dr. McNair is expected to testify as to any and all future medical needs, treatments, and costs which are related to the injuries Plaintiff suffered as a result of the subject incident of April 12, 2009.

Dr. McNair is expected and/or anticipated to testify to all the above listed aspects of his examinations of Earlbon Hunter and expound on each area of examination if called upon. Dr. McNair is anticipated and/or expected to testify that the cost of medical treatment rendered to Earlbon Hunter was necessary and reasonable as a result of his accident. The grounds for Dr. McNair's opinions are based upon his examination and evaluation of the Plaintiff, the medical records and/or reports he has studied and his past expertise in handling this type of injury. Dr. McNair is anticipated and/or expected to testify to all the above based on a reasonable degree of medical probability or certainty. Dr. McNair is anticipated and/or expected to testify to all information contained in his medical records and reports and any explanation or clarification of these records and the contents therein.

Dr. McNair will testify in response to any theory or statement offered by the Defendants' experts. He reserves the right to explain or expound upon any of his findings and opinions throughout these proceedings, including testimony heard and observed at depositions and during

7

trial. He is expected to testify that his methodology, findings, opinions, and conclusions are based on his knowledge, skill, and experience in his particular field(s) of expertise. He will testify that his findings are consistent with the scientific principles generally accepted by the same experts in his field, and that they are based upon a reasonable degree of probability or certainty. He will testify as to his review of the findings and opinions of Defendants' expert witnesses. He reserves the right to adopt the findings and opinions of any of Plaintiff's other expert witnesses. Plaintiff reserves the right to call Dr. McNair as a rebuttal expert witness to rebut any testimony offered by any other lay or expert witness. Plaintiff reserves the right to supplement Dr. McNair's expected testimony and opinions in greater detail as discovery continues and as additional information and documentation is received. Plaintiff reserves the right to supplement any written opinions that may be provided by Dr. McNair. Plaintiff reserves the right at trial to substitute another witness in a similar field of expertise if Dr. McNair is unavailable to testify at trial.

      3)     Dr. Douglas Karmel, Saint Francis Hospital, 5959 Park Ave., Memphis, TN 38119. Dr. Karmel is an expert in the field of internal medicine. Dr. Karmel is one of the Plaintiff's current treating physicians and is anticipated and/or expected to testify to Plaintiff's treatments and evaluation, history obtained, the extent of and result of the plaintiff's physical examinations, treatment procedures performed and/or recommended, diagnosis, prognosis, dates of temporary and/or permanent disability impairments, future medical treatment dates and past, current and future pain and suffering and whether or not plaintiff's medical condition, injuries and physical problems are related to and caused by his accident. Dr. Karmel is anticipated and/or expected to testify to the extent of the Plaintiff's injuries and any secondary injuries or need from future

8

surgeries and treatment that may arise from the original injuries.  Dr. Karmel is anticipated and/or expected to testify to all information contained in his medical records and reports and any explanation or clarification of these records and the contents therein.

Dr. Karmel is expected to testify to the following areas of his treatment of Earlbon Hunter: Current and future medications; past medical history; social history; physical examination; assessment and/or diagnosis; past and future pain and suffering; past, present and future costs, including, and impairment and disability.  Dr. Karmel is expected to testify as to any and all future medical needs, treatments, and costs which are related to the injuries Plaintiff suffered as a result of the subject incident of April 12, 2009.

Dr. Karmel is expected and/or anticipated to testify to all the above listed aspects of his examinations of Earlbon Hunter and expound on each area of examination if called upon. Dr. Karmel is anticipated and/or expected to testify that the cost of medical treatment rendered to Earlbon Hunter was necessary and reasonable as a result of his accident.  The grounds for Dr. Karmel's opinions are based upon his examination and evaluation of the Plaintiff, the medical records and/or reports he has studied and his past expertise in handling this type of injury. Dr. Karmel is anticipated and/or expected to testify to all the above based on a reasonable degree of medical probability or certainty. Dr. Karmel is anticipated and/or expected to testify to all information contained in his medical records and reports and any explanation or clarification of these records and the contents therein.

Dr. Karmel will testify in response to any theory or statement offered by the Defendants' experts. He reserves the right to explain or expound upon any of his findings and opinions throughout these proceedings, including testimony heard and observed at depositions and during

9

trial. He is expected to testify that his methodology, findings, opinions, and conclusions are based on his knowledge, skill, and experience in his particular field(s) of expertise. He will testify that his findings are consistent with the scientific principles generally accepted by the same experts in his field, and that they are based upon a reasonable degree of probability or certainty. He will testify as to his review of the findings and opinions of Defendants' expert witnesses. He reserves the right to adopt the findings and opinions of any of Plaintiff's other expert witnesses. Plaintiff reserves the right to call Dr. Karmel as a rebuttal expert witness to rebut any testimony offered by any other lay or expert witness. Plaintiff reserves the right to supplement Dr. Karmels' expected testimony and opinions in greater detail as discovery continues and as additional information and documentation is received. Plaintiff reserves the right to supplement any written opinions that may be provided by Dr. Karmel Plaintiff reserves the right at trial to substitute another witness in a similar field of expertise if Dr. McNair is unavailable to testify at trial.

4)   Dr. Mark Ledoux, UT Medical Group, Inc., Department of Medicine, 1325 Eastmoreland, Suites 360 & 365, Memphis, TN 38104. Dr. Ledoux is an expert in the field of neurology. Dr. Ledoux is one of the Plaintiff's current treating physicians and is anticipated and/or expected to testify to Plaintiff's treatments and evaluation, history obtained, the extent of and result of the plaintiff's physical examinations, treatment procedures performed and/or recommended, diagnosis, prognosis, dates of temporary and/or permanent disability impairments, future medical treatment dates and past, current and future pain and suffering and whether or not plaintiff's medical condition, injuries and physical problems are related to and caused by his accident. Dr. Ledoux is anticipated and/or expected to testify to the extent of the Plaintiff's

10

injuries and any secondary injuries or need from future surgeries and treatment that may arise from the original injuries. Dr. Ledoux is anticipated and/or expected to testify to all information contained in his medical records and reports and any explanation or clarification of these records and the contents therein.

Dr. Ledoux is expected to testify to the following areas of his treatment of Earlbon Hunter: Current and future medications; past medical history; social history; physical examination; assessment and/or diagnosis; past and future pain and suffering; past, present and future costs, including, and impairment and disability. Dr. Ledoux is expected to testify as to any and all future medical needs, treatments, and costs which are related to the injuries Plaintiff suffered as a result of the subject incident of April 12, 2009.

Dr. Ledoux is expected and/or anticipated to testify to all the above listed aspects of his examinations of Earlbon Hunter and expound on each area of examination if called upon. Dr. Ledoux is anticipated and/or expected to testify that the cost of medical treatment rendered to Earlbon Hunter was necessary and reasonable as a result of his accident. The grounds for Dr. Ledoux's opinions are based upon his examination and evaluation of the Plaintiff, the medical records and/or reports he has studied and his past expertise in handling this type of injury. Dr. Ledoux is anticipated and/or expected to testify to all the above based on a reasonable degree of medical probability or certainty. Dr. Ledoux is anticipated and/or expected to testify to all information contained in his medical records and reports and any explanation or clarification of these records and the contents therein.

Dr. Ledoux will testify in response to any theory or statement offered by the Defendants' experts. He reserves the right to explain or expound upon any of his findings and opinions

11

throughout these proceedings, including testimony heard and observed at depositions and during trial. He is expected to testify that his methodology, findings, opinions, and conclusions are based on his knowledge, skill, and experience in his particular field(s) of expertise. He will testify that his findings are consistent with the scientific principles generally accepted by the same experts in his field, and that they are based upon a reasonable degree of probability or certainty. He will testify as to his review of the findings and opinions of Defendants' expert witnesses.  He reserves the right to adopt the findings and opinions of any of Plaintiff's other expert witnesses. Plaintiff reserves the right to call Dr. Ledoux as a rebuttal expert witness to rebut any testimony offered by any other lay or expert witness. Plaintiff reserves the right to supplement Dr. Ledoux's expected testimony and opinions in greater detail as discovery continues and as additional information and documentation is received. Plaintiff reserves the right to supplement any written opinions that may be provided by Dr. Ledoux. Plaintiff reserves the right at trial to substitute another witness in a similar field of expertise if Dr. McNair is unavailable to testify at trial.

     5)     Dr. Howard T. Katz, M.D., Gulf States Physical Medicine and Rehabilitation, 1151 North State Street, Suite 511, Jackson, Mississippi 39202. Dr. Katz is an expert witness in the field of physical medicine and rehabilitation and certified by the American Board of Independent Medical Evaluators. Dr. Katz may be called by Plaintiff as an expert witness in his field. Dr. Katz is anticipated and/or expected to testify to Plaintiff's treatments and evaluation, history obtained, the extent of and result of the Plaintiff's physical examinations, treatment and surgery procedures performed and/or recommended, diagnoses, prognoses, dates of temporary and/or permanent disability impairments, future medical treatment and the costs of any future

medical treatment dates and past, current and future pain and suffering and whether or not

Plaintiff's medical condition is related to the subject incident, and the extent of his injuries. Dr.

Katz is expected to testify as to his own examination and testing of the Plaintiff and his review of

his medical records. Dr. Howard Katz is anticipated and/or expected to testify to all information

contained in his medical report and any explanation or clarification of these records and the

contents therein. Dr. Howard Katz is anticipated and/or expected to testify to all information

contained in his Independent Medical Evaluation of the Plaintiff. He is expected to testify that his

findings, opinions, and conclusions are based on his knowledge, skill, and expertise in the field

of physical medicine and rehabilitation.

Dr. Katz will testify in response to any theory or statement offered by the Defendants'

experts. Dr. Katz reserves the right to explain or expound upon any of his findings and opinions

throughout these proceedings. He is expected to testify that his methodology, findings,

opinions, and conclusions are based on his knowledge, skill, and experience in his particular

field(s) of expertise. He will testify that his findings are consistent with the scientific principles

generally accepted by the same experts in his field, and that they are based upon a reasonable

degree of probability or certainty. Dr. Katz will testify as to his review of the findings and

opinions of Defendants' expert witnesses.  Dr. Katz reserves the right to adopt the findings and

opinions of any of Plaintiff's other expert witnesses. Plaintiff reserves the right to call Dr. Katz

as a rebuttal expert witness to rebut any testimony offered by any other lay or expert witness.

Plaintiff reserves the right to supplement Dr. Katz's expected testimony and opinions in greater

detail as discovery continues and as additional information and documentation is received.

Plaintiff reserves the right at trial to substitute another expert in the field of physical medicine

13

and rehabilitation if Dr. Katz is unavailable to testify. A copy of his C.V. is attached as Exhibit "B". A copy of his Independent Medical Evaluation is attached as Exhibit "C".

     6)    Nathaniel Fentress, MS, CRC, CCM, 1151 North State Street, Suite 511, Jackson, Mississippi 39202, an expert witness in the fields of vocational rehabilitation and life care planning and a licensed Professional Counselor by the State of Mississippi, may be called by Plaintiff as an expert witness in his field. He is expected to testify as to the future costs of medical care and all other forms of treatment and care that the Plaintiff will require. He is expected to testify as to an overview of the predicted treatment and care regimes for the Plaintiff. He is expected to testify as to cost tables and to summarize future expenses that will be incurred by the Plaintiff as a result of his injuries. He is expected to provide a life care plan and vocational rehabilitation evaluation for the Plaintiff. He is anticipated and/or expected to testify regarding the types of employment and income to be realized or lost over the Plaintiff's life expectancy. He is anticipated and/or expected to testify regarding the types of job activity, if any, that the Plaintiff would be likely or able to perform and as to the future lost wages and lost work capacity as the Plaintiff ages and his injuries worsen over time. Mr. Fentress is anticipated and/or expected to testify to all information contained in his Life Care Plan and Vocational Rehabilitation Evaluation of the Plaintiff. He is expected to testify that his findings, opinions, and conclusions are based on his knowledge, skill, and expertise in the field of Vocational Rehabilitation and as a licensed Professional Counselor by the State of Mississippi. Mr. Fentress is also expected to expound on or explain any of his findings or opinions in his report.

     Fentress will testify in response to any theory or statement offered by the Defendants' experts. Fentress reserves the right to explain or expound upon any of his findings and opinions

throughout these proceedings. Fentress will supplement his opinions as discovery proceeds. He is expected to testify that his methodology, findings, opinions, and conclusions are based on his knowledge, skill, and experience in his particular field(s) of expertise. He will testify that his findings are consistent with the scientific principles generally accepted by the same experts in his field, and that they are based upon a reasonable degree of probability or certainty. Fentress will testify as to his review of the findings and opinions of Defendants' expert witnesses.  Fentress reserves the right to adopt the findings and opinions of any of Plaintiff's other expert witnesses. Plaintiff reserves the right to call Fentress as a rebuttal expert witness to rebut any testimony offered by any other lay or expert witness. Plaintiff reserves the right to supplement Fentress' expected testimony and opinions in greater detail as discovery continues and as additional information and documentation is received. Plaintiff reserves the right at trial to substitute another expert in the fields of vocational rehabilitation and life care planning if Fentress is unavailable to testify. A copy of his C.V. is attached as Exhibit "D". A copy of his Life Care Plan and Vocational Rehabilitation Evaluation is attached as Exhibit "E".

Plaintiff is currently still treating with various physicians and reserves the right to call any of his treating physicians, including future treating physicians, as experts if it is determined he will need any future surgeries, disability or impairment ratings, and any other future treatments, including medication, therapy, hospitalizations, etc. The various physicians may be called upon to discuss what procedures, prognoses, diagnoses, and opinions are contained in Plaintiff's medical records and reports.

Plaintiffs reserve the right to call any of Defendants' experts or lay witnesses. Plaintiff reserves the right to use any witnesses, rebuttal witness or impeachment evidence and to call

any witness listed by the Defendants.  Plaintiff reserves the right to have any of his designated

experts expound upon any of their findings and/or opinions.  Plaintiff reserves the right to

supplement any expert who may not be available at trial.

THIS the 2nd day of April, 2012.

Respectfully Submitted,

EARLBON HUNTER

By: _J. Ashley Ogden_
J. Ashley Ogden

OF COUNSEL:

J. ASHLEY OGDEN, ESQ. (MSB #9842)
WENDY M. YUAN, ESQ. (MSB #102867)
JAMES W. SMITH, JR., ESQ. (MSB #7534)
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
Telephone: (601) 969-0999
Facsimile: (601) 969-0089
ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney hereby certify that I have this day via United States mail forwarded, a true and correct copy of the above and foregoing Plaintiff's Designation of Expert Witnesses to:

Sheldon G. Alston, Esq.
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205

THIS the 2nd day of April, 2012.

J. Ashley Ogden

17

# CURRICULUM VITAE

Fred Del Marva, PI, PPO

Standard of Care Expert

Premises Liability, Premises Security and Liquor Liability

Legal Consultant and Testifying Expert

Hotels, Casinos, Bars, Restaurants, Sports Complexes, Cruise Ships, etc.

21666 North 58th Avenue
Arrowhead Lakes
Glendale, Arizona, 85308

Phone – 623-566-5300

Fax – 623 – 566-5354

E-Mail – liabilityexpert@cox.net



Fred Del Marva is a court qualified expert specializing in cases of "Acts of Violence," "Slips/Trips and Falls," "Liquor Liability," and "Overall Industry Standards Compliance" in the lodging and foodservice industries. During litigation, his opinions are used to determine the foreseeability of malfeasance and adequacy of security. Since 1986, he has been retained in over 900 cases (plaintiff & defense) in 48 of the contiguous states: Hawaii, Alaska, Jamaica, Dominican Republic, Puerto Rico, Grand Cayman, Canada , Nova Scotia, Mexico, Bahamas, St. Croix Virgin Islands, Pakistan, Saipan and Australia, and has been qualified in both state and federal courts.

His association with prominent law firms (Gerry Spence, Melvin Belli and Johnnie Cochran), his consulting as an expert in the Denny's shooting [46.4 million dollar verdict], Hilton Tailhook Case in Las Vegas, I Can't Believe It's Yogurt murders in Austin, Harris murder in Houston, Giants Stadium's Verni v. Aramark [135 million dollar dram shop verdict], Yosemite murders in California, "The McDonald Murders" in Nova Scotia and New York's Happy Land Fire have led to his appearances as an industry expert on numerous nationally syndicated and local television/radio shows (e.g. "Geraldo," "The Reporters," etc.).

He is a licensed private investigator, forensic investigator, legal consultant, security consultant, security guard company owner and operator, expert witness, and Chairman/CEO of Food and Beverage Investigations, Del Marva Investigative Group, Special Events Security, and Del Marva Corporation.

These companies are retained by the country's leading hotel and restaurant chains, and independent operators to perform a variety of surveys including "Safety & Security," "Quality Assurance," and "Foreseeability Planning for Liability Exposure".  Properties are surveyed to determine whether they comply with corporate policies, procedures, and industry standards.

Mr. Del Marva is a lecturer, educator, and trainer.  He is a nationally acclaimed industry expert and an acknowledged authority on standards of care, management training, guest security, responsible service of alcohol training, and policy and procedure development and implementation for hotels, discos, bars, restaurants, sport complexes, race tracks, casinos, convention facilities, and cruise ships.

He is certified in Security Professional Training Techniques by the National Association of Investigative Specialists; a previously certified TIPS trainer for the responsible service of alcohol; a "Neutral Evaluator" for a California Bar Association (ADR); and a past commissioner of a Drug and Alcohol Task Force.  He served as an Executive Advisory Board Member at two distinguished colleges with Hotel & Restaurant Departments, and has been published in hospitality trade journals.

He has been in the hospitality industry for over 45 years.  Twenty-five of those years as an employee, manager, 20 as an industry consultant, and over 20 years as a liability consultant and liability expert.  Having owned and operated numerous businesses, the experiences he brings to his training programs, consulting and expert testimony are based on acceptable industry principles and methods needed to insure a safe and secure environment.

As part of his continuing efforts to educate, he conducts corporate and military club management training programs; lectures at colleges, universities, and hotel and restaurant associations in the United States and Canada.  He discloses the mistakes and the successes he has encountered while dealing with the country's leading hotels and restaurant companies; and teaches attendees to develop proactive and reactive instincts that lead to the anticipation, recognition, and elimination of potential areas of liability.

Hilton Hotel & Casinos, Isle of Capri, Grand Casino, Casino Magic, Sands Hotel & Casino, Caesar's Palace Hotel & Casino, Stardust Hotel & Casino, Sands Hotel & Casino, Trump Castle Hotel & Casino, Bally's Hotel & Casino, MGM Hotel & Casino, Resorts Hotel & Casino, Mirage Hotel & Casino, San Remo Hotel & Casino, Harrah's Casino, Golden Nugget Hotel & Casino, Marriott, Sheraton, Holiday Inn, Wyndham, Westin, Best Western, Radisson, Ramada, Embassy Suites, Doubletree, Taco Bell, McDonald's, Kentucky Fried Chicken, Burger King, Pizza Hut, I Can't Believe It's Yogurt, Sizzler, Denny's, Applebee's, Logan's, Tony Roma's, TGI Friday's, Outback, Chili's, Hard Rock Cafe, Marie Callendar's, 7 Eleven, Shell and Arco are only a few companies where Mr. Del Marva has consulted or rendered expert opinions in plaintiff and defense litigation.

## 2006 – PRESENT (Covert Investigations)

Arizona State licensed company specializing in civil and criminal sub-rosa investigations.

## 1985 – Present (Food and Beverage Investigations)

Owner of FBI, a California licensed investigative firm specializing in the food service and hospitality industries. Clients are bars, restaurants, hotels, casinos, sports complexes, convention centers, cruise ships, etc. The company provides spotting and shopping services, property safety surveys, quality assurance inspections, management training programs, security evaluations, beverage management training, and a variety of other industry related services. FBI is retained by its clients to insure that their property and staff are complying with and adhering to company policies, procedures, and industry standards.

## 1986 – 2006 (Del Marva Corporation)   Presently Changed to Fred Del Marva P.I., PPO

President of DMC, a hotel and leisure time industry consulting firm providing a variety of services specializing in Quality Assurance Surveys, Safety and Security Inspections, Risk Management Workshops, Policy & Procedure Development, and Foreseeability Planning for Liability Exposure. DMC also provides legal consultation, and as President, Fred Del Marva provides expert testimony for premises liability, premises security and liquor liability litigation.

## 1996 to Present (Special Events Security)

SES is a state licensed private patrol company providing security guard services, security guard training, security program development, policy and procedure development, security guard training manual development, and security consulting.

## 1986 – Present (Del Marva Investigative Group)

DIG is state licensed private investigative firm providing general investigative services for a select group of attorneys in civil and criminal litigation. It also provides pre-employment screening and internal theft investigative services for the leisure time industry.

## 1980 – 1985 (Bottom Line Hospitality Consulting)

President/CEO, and Senior Consultant. Bottom Line provided a complete consulting service to hotels and restaurants specializing in management training (all levels), management/work manual development, departmental policy and procedure development, security evaluations, and hiring and firing procedures.

## 1971 to 1986 & 1993

Owned (operated and managed) numerous bars, lounges, restaurants, discos, and catering facilities: Turf Club, Jockey Club and Club House - 1993; La Scala Restaurant #3 - 1980 to 1985; La Scala Restaurant #2 - 1978 to 1980; Silver Rose Saloon - 1979 to 1980; La Scala Restaurant #1 - 1976 to 1980; Stage Delicatessen & Theatre Lounge - 1974 to 1976; Eatcetera - 1971 to 1974.

## TELEVISION, RADIO & PRINT MEDIA (APPEARANCES & INTERVIEWS)

Geraldo Rivera Show –"Deadly Discos"
The Reporters – "Beware of Bouncers".
San Francisco Channel 2 Morning Talk and KSFO Talk Radio ("Hotel Security").
Wall Street Journal
Trade Publications
ABC News [drunk driving – Glenn Campbell incident]
Fox News [Chicago/Phoenix] "Hotel Security"
London Tribune [Casino Security]

## MAJOR SPEAKING ENGAGEMENTS

### Colleges & Universities

University of San Francisco
Washington State University
Golden Gate University
Diablo Valley College
San Francisco City College
California Culinary Academy

### Major Hotel Corporations

Holiday Inn Corporation
Aircoa Hotel Corporation

### Military

Department of Navy

### Legal Associations

Association of Trial Lawyers of America (Premises Security, Casino Security & Liquor Liability)

### State Restaurant & Hotel Associations

Virginia Hotel & Restaurant Association (Richmond)
California Restaurant Association (Los Angeles)
Colorado Hotel & Restaurant Association (Denver)
American Hotel & Motel Association (New York)
Wyoming Hotel & Restaurant Association
State of Washington Restaurant Association (Seattle)
California Restaurant Association (Newport Beach)
Canadian Hotel & Restaurant Association (Toronto)
Wisconsin Hotel & Restaurant Association (Madison)
Missouri Hotel & Restaurant Association (St. Louis)
California Restaurant Association (Sacramento)
National Restaurant Association (Chicago)
New Jersey Restaurant Association (Kearny)
Texas Restaurant Association (Dallas)
Michigan Restaurant Association (Detroit)
California Hotel & Motel Association (Sacramento)
Florida Restaurant Association (Orlando)
Mississippi Restaurant Association (Jackson)
Ohio Hotel & Restaurant Association (Columbus)
Missouri Restaurant Association (1996 St. Louis)
Ohio Restaurant Association (1996)

### Security Associations

American Society for Industrial Security (lodging security)

## LICENSES, PERMITS & CERTIFICATIONS

CA Licensed Private Investigator (Food & Beverage Investigations -- 1986 to present)
CA Licensed Private Investigator (Del Marva Investigative Group -- 1986 to present)
AZ Licensed Private Investigator (Del Marva Detective Agency – 1998 to 2001)
AZ Licensed Private Investigator (Covert Investigations – 2006 to present)
CA Licensed Security Guard (1986 to present)
CA Licensed Private Patrol Operator (Special Events Security -- 1996 to present)
Certified TIPS Trainer (responsible service of alcohol) – 1994 to 1995
National Association of Investigative Service   (Security Professional Training Techniques)
832 P.C. – Use of Force, Arrest and Firearms
Use of Deadly Force
California Concealed Weapons Permit (1979 to 2003)
Arizona Concealed Weapons Permit (2001 to present)

## PROFESSIONAL MEMBERSHIPS AND AFFILIATIONS PAST AND PRESENT

Former Neutral Evaluator (Alternative Dispute Resolution Section) Marin County Bar Association
Commissioner, Novato Drug and Alcohol Commission
Chairman of the selection committee for the Hotel/Restaurant Department San Francisco City College
Executive Advisory Board Member (Hotel/Restaurant Department) SF City College
Advisory Board Member (Hotel/Restaurant Department) Diablo Valley College
National Association of Legal Investigators (NALI)
Registered Consultant -- Resolution Trust Corporation (RTC)
National Forensic Center
TASA Technical Advisor for Attorneys
National Expert Resources
DRI
American Trial Lawyers Association (ATLA Exchange)
California Trial Lawyers Association (CTLA Data Base)
Legal Research Network
Leisure Time Industries Litigation Consultants Exchange
National Restaurant Association
American Society for Industrial Security
California Association of Licensed Investigators (CALI)

## EDUCATION

Northern California Criminal Justice Training and Educational System
        (Santa Rosa Junior College – 1977) Use of Force, Arrest & Firearms
Northern California Criminal Justice Training and Educational System
        (Santa Rosa Junior College – 1987)  Use of Force, Arrest & Firearms
Anheuser-Busch (Health Educational Foundation) TIPS Program
        "Training for the Intervention Procedures by Servers of Alcohol"
ATLA, College of Advocacy Seminar (Premises Liability & Premises Security)
ASIS, American Society for Industrial Security (Lodging Security Workshop)
National Rifle Association/AZ Dept. of Public Safety – Use of Deadly Force

## ARTICLES & PUBLICATIONS

Pay Now or Pay Later; Preventing Liability Suits
Implementing Controls; the Secret to Success
Employee Theft, Drug Abuse Should Put Restaurateurs on Guard Theft;
The Skeleton in the Food-Service Industry's Closet
/

## RETAINER AGREEMENT, CONDITIONS AND FEE SCHEDULE
### (06/11)

**Consulting:**
File review, discovery assistance, research, trial preparation, travel time, deposition preparation, and consultation -- $250.00 per hour.

**Deposition or Arbitration:**
Billed at the rate of $375 per hour with a four [4] hour minimum. Minimum to be paid prior to or at the time of deposition by either client or opposing counsel, balance will be invoiced. Client will be responsible for all deposition fees. (48-hour cancellation required). Travel time and expenses will be invoiced.

**Affidavits, Declarations or Opinion Reports**
Billed at the rate of $350.00 per hour

**Trial Testimony, Binding Arbitration or Videotape Deposition – de bene esse:**
Rate is $2,500.00 per day or partial day (48-hour cancellation required). Travel time and expenses will be invoiced.

**On-Site Evaluations:**
Billed at a flat rate of $1,500.00 in the state of Arizona, $2,000.00 out of state and $2,500.00 for any trips requiring an over night stay. Travel time and expenses will be invoiced.

**Conditions:**
- A non-refundable $2,500.00 retainer is required. **This will be used as either a fee for my disclosure as your expert,** or a ten-hour minimum charge to be credited to billing hours. **Your retainer check will represent your approval of this agreement.**
- Prepaid airfare and lodging are requested.
- Other expenses incurred are additional and payable upon billing.
- All outstanding invoices must be paid prior to deposition and trial.
- Any and all collection or legal costs for unpaid invoices shall be borne by the client.
- Invoices are due and payable upon receipt. A 1.5% monthly charge will be billed for invoices 30 days past due.
- A fee of $500 per night will be charged for out-of-town travel requiring an overnight stay.

**The Employment Relationship:**
This agreement is between the law firm and Fred Del Marva, PI, PPO. The law firm, not the client, will be totally responsible for all services rendered and billing. **Fred Del Marva's name cannot be disclosed until this agreement has been signed and received by Fred Del Marva, along with the retainer fee. Attorney's designation of Fred Del Marva constitutes acceptance of this retainer agreement and acknowledgement that the specific retainer amount [$2,500.00] is owed.**

Accepted: _____

Case Caption: _____

Date:_____

Fred Del Marva, PI, PPO
21666 North 58th Avenue
Arrowhead Lakes
Glendale Arizona 85308
Tel:  623-566-5300 --- Fax  623-566-5354 – E-mail liabilityexpert@freddelmarva.com

6

1/2001

# CURRICULUM VITAE

## HOWARD T. KATZ, M. D.

**MAILING ADDRESS:**

Gulf States Physical Medicine and Rehabilitation
1151 North State St., Suite 511
Jackson, MS 39202

**PERSONAL DATA:**

Birth Date:       March 8, 1956
Place of Birth:   Memphis, Tennessee
Marital Status:   Married

**CURRENT POSITION:**

Rehabilitation Medical Director, Bancroft
Rehabilitation
Living Center, Covington and Bancroft Rehabilitation
Living Center New Orleans
September 1998 - Present

Medical Director, Restora Care
July 2000 - Present

**PREVIOUS POSITIONS:**

National Medical Director of Nurse Finders Restorative
Care Division
November 1, 1998 - July 2000

Medical Director, Neurobehavioral Program
The Greenery Neurologic Rehabilitation Center at
Slidell
1400 Lindberg Drive
Slidell, Louisiana 70458
September 1994 - August 1999

Medical Director, Christian Hospital Ministries for
Acute and Outpatient Rehabilitation
Mercy Baptist Hospitals
301 N. Jefferson Davis Parkway
New Orleans, Louisiana 70119
1995-1996

Medical Director, Olsten Kimberly Quality Care
3500 N. Causeway Blvd.
Executive Tower, Suite 800
Metairie, Louisiana 70002
1988-1995



CURRICULUM VITAE                                    1/2001
HOWARD T. KATZ, MD
PREVIOUS POSITIONS CONTINUED
PAGE -2-

Medical Director, Brain Injury Program
Rehabilitation Institute of New Orleans
At F. Edward Hebert Hospital
One Sanctuary Drive
New Orleans, Louisiana 70114
(504) 363-2200
June 1988 – December 1994

Medical Director
Rehabilitation Institute of New Orleans
At F. Edward Hebert Hospital
One Sanctuary Drive
New Orleans, Louisiana 70114
(504) 363-2200
June 1988 – September 1989

Chief of Head Injury Service
Chief of Stroke Service
Chief of Neurologic Disease Service
Medical Director of Urodynamics Laboratory
Mississippi Methodist Rehabilitation Center
1350 East Woodrow Wilson Dr.
Jackson, MS 39216
(601) 981-2611
October 1985 - May 1988

Vice-Chief of Medicine
JoEllen Smith Medical Center and Rehabilitation
Institute of New Orleans
1994 -1995

Surveyor for the Commission for Accreditation of
Rehabilitation Facilities

CURRICULUM VITAE                                       1/2001
HOWARD T. KATZ, MD
PAGE -3 -


RESIDENCY/              Physical Medicine and Rehabilitation
INTERNSHIP             July 1982 - June 1985
                      Combined Program
                      Tufts University
                      New England Medical Center
                      Boston, Massachusetts
                      Chairman, Bruce Gans, MD


EDUCATION:             University of Tennessee Center for the Health Services
                      Memphis, Tennessee
                      Degree: Doctor of Medicine, 1982

                      University of Tennessee
                      Knoxville, Tennessee
                      1975 - 1978

                      Southwestern at Memphis
                      Memphis, Tennessee
                      1974 - 1975

                      White Station High School
                      Memphis, Tennessee
                      Graduated:  1974


BOARD CERTIFIED:       American Academy of Physical Medicine and
                      Rehabilitation
                      1986 - Present

                      Certified in the Subspecialty of Spinal Cord Injury
                      Medicine
                      2000 - Present

                      American Board of Independent Medical Examiners
                      1995 - Present

CURRICULUM VITAE                                                1/2001
HOWARD T. KATZ, MD
PAGE -4 -


PROFESSIONAL              National Head Injury Foundation
ASSOCIATIONS:
                          Charter Member, American Academy
                          of Home Care Physicians

                          American Academy of Physical Medicine and
                          Rehabilitation

                          Southern Society of Physical Medicine
                          and Rehabilitation

                          American Congress of Rehabilitation Medicine

                          New England Society of Physical Medicine and
                          Rehabilitation

                          American Medical Association

                          American Association of Electrodiagnostic Medicine

                          Association of Rehabilitation Nurses

                          Member of the American College of Occupational and
                          Environmental Medicine

                          Louisiana Society of Physical Medicine and
                          Rehabilitation

                          Mississippi Society of Physical Medicine and
                          Rehabilitation

                          Member of the Board of Directors of the Mississippi
                          Opera Association

                          Chairman of the Board of Directors of the Brain Injury
                          Association of Mississippi
                          1988 – Present

CURRICULUM VITAE                                           1/2001
HOWARD T. KATZ, MD
PAGE -5 -

PUBLICATIONS:            *Migraine as a Cause of Behavioral Disturbance After
                         Major Brain Injury*, May 1995, The First World
                         Congress on Brain Injury, Copenhagen Denmark

                         *Use of Sumatriptan Succinate In Post Traumatic
                         Headache After Closed Head Injury*, Archive of Physical
                         Medicine and Rehabilitation, Vol. 75 (1994) 1062

                         *Current Perceptions of Rehabilitation Professionals
                         Towards Mild Traumatic Brain Injury*, Archive of
                         Physical Medicine and Rehabilitation,
                         Vol. 74, June 1993

                         *Testimony to the United States Senate Subcommittee on
                         the Handicapped Recommending Solutions to Some of
                         the Problems Encountered by Head Injury Survivors and
                         Their Families*, April 12, 1988

                         *Testimony to the United States Senate Subcommittee on
                         Appropriations Recommending Solutions of the Problems
                         Encountered by Head Injured Survivors and Their
                         Families*, April 28, 1988

                         *Thumbnail Sketches In Pelvic Anatomy v. Autonomic
                         Nervous Supply of Female Pelvis*, American Academy of
                         OB/GYN, November 1987

                         *Auto Injection of Vasoactive Medications: A New
                         Effective Treatment of Impotence in Spinal Cord Injured
                         Males*, Archives of Physical Medicine and
                         Rehabilitation, November 1985

MEDICAL LICENSURE:       Mississippi, 1985, 10893
                         Louisiana, 1988, 07726R

# Library Listing
## Service Item Library Listing

2/11/04 1:11 PM

| Lib Name | Svc It | Svc It Desc | Eff Dt | Exp Dt | Unit Price |
|---|---|---|---|---|---|
| | 99254 | Initial Inpatient Consult | 12/21/2000 | 12/21/2099 | $250.00 |
| | 99255 | Initial Inpatient Consult | 12/21/2000 | 12/21/2099 | $300.00 |
| | 99261 | Follow-up Inpatient Consult | 12/21/2000 | 12/21/2099 | $40.00 |
| | 99262 | Follow-up Inpatient Consult | 12/21/2000 | 12/21/2099 | $55.00 |
| | 99263 | Follow-up Inpatient Consult | 12/21/2000 | 12/21/2099 | $75.00 |
| | 99271 | Confirmatory Consultation | 12/21/2000 | 12/21/2099 | $55.00 |
| | 99272 | Confirmatory Consultation | 12/21/2000 | 12/21/2099 | $95.00 |
| | 99273 | Confirmatory Consultation | 12/21/2010 | 12/21/2039 | $150.00 |
| | 99274 | Confirmatory Consultation | 12/21/2000 | 12/21/2099 | $0.00 |
| | 99275 | Confirmatory Consultation Second Opinion | 12/21/2000 | 12/21/2099 | $180.00 |
| A | 99302 | Nursing Facility Care | 01/01/2002 | 04/04/2039 | $65.88   $65.88 - $75.00 |
| | 99311 | Nursing Facility Care, subseq | 01/01/2000 | 01/07/2039 | $39.00 |
| | 99312 | Nursing Facility Care, subseq | 01/01/2001 | 01/07/2039 | $88.00 |
| | 99349 | HOME VISIT, ESTAB PATIENT | 04/01/2001 | 07/05/2099 | $0.00 |
| | 99353 | Home Visit, Estab Patient | 01/01/2000 | 03/31/2001 | $0.00 |
| | 99354 | Prolonged Service, Office | 01/01/2003 | 12/31/2009 | $187.00 |
| | 99355 | Prolonged Service, Office | 01/01/2003 | 12/31/2009 | $129.00 |
| | 99361 | Physician/team Conference | 12/21/2000 | 12/21/2099 | $125.00 |
| | 99362 | Physician/team Conference | 12/21/2000 | 12/21/2099 | $300.00 |

2/16/04 1:11 PM

Confidential

## Library Listing
### Service Item Library Listing

| Lib Name | Svc # | Svc Desc | Eff Dt | Exp Dt | Unit Price |
|---|---|---|---|---|---|
| | 98971 | Physician Phone Consultation | | | $80.00 |
| | 98372 | Physician Phone Consultation | 12/21/2000 | 12/21/2059 | $100.00 |
| | 99373 | Physician Phone Consultation | 12/21/2000 | 12/21/2059 | $200.00 |
| | 99455 | Consultation Disability Examination | 01/01/2002 | 12/31/2005 | $325.00 |
| | 99459 | Employment Physical | 01/01/2001 | 02/05/2059 | $250.00 |
| | 99080 | Cancelled Appt Or Deposition | 07/01/2001 | 09/21/2059 | $0.00 |
| | 98911 | No Show Trial Testimony | 01/01/2001 | 12/31/2059 | $350.00 |
| | 98975 | Attorney | 01/01/2001 | 03/26/2059 | $875.00 |
| | 98978 | Attorney | 12/21/2000 | 12/21/2059 | $1000.00 |
| | 99877 | Attorney Conference | 12/21/2000 | 12/21/2059 | $3500.00 |
| | 99990 | Review Records | 12/21/2000 | 12/21/2059 | $250.00 |
| | Abre | Attorney Deposition | 01/01/2001 | 04/20/2059 | $0.00 |
| | J0585 | Botulinum Toxins A Per Unit | 12/21/2000 | 12/21/2059 | $385.00 |
| | J0204 | Botemetasone Sod Phosph | 12/21/2000 | 12/21/2059 | $10.00 |
| | J1040 | Methylprednisolone 80 Mg Inj | 12/21/2000 | 12/21/2059 | $14.00 |
| | J1885 | Ketorolac Tromethamine | 12/21/2000 | 12/21/2059 | $30.00 |
| | J2000 | Lidocaine Injection | 12/21/2000 | 12/21/2059 | $5.00 |
| | J2410 | Hydrocodone HCl Injection | 12/21/2000 | 12/21/2059 | $10.00 |
| | J3490 | Saraphenol Injection | 12/21/2000 | 12/21/2059 | $10.00 |
| | J3431 | Injection | 01/01/2001 | 09/12/2004 | $35.00 |
| | J7317 | Hylan-Sodium Hyaluronate 20-25 | 01/01/2003 | 12/31/2059 | $335.00 |

*(handwritten notes):*
= $3500 - 1/2 day   $6000 - Full day
$875 - regular · $1000 - video
$1000 - per hour

## HOWARD T. KATZ, M.D.
## TRIAL TESTIMONY

| NAME OF PATIENT | DATE | |
|---|---|---|
| Bobby Ray Lee | 2/20/01 | Fayette, MS |
| Trachonitis Ivory | 2/20/01 | Fayette, MS |
| Clany McGrew | 5/24/01 | Michael Keyton |
| Theresa Robinson | 6/7/01 | New Orleans, LA |
| Raymond Barnes | 7/10/01 | Houma, LA. |
| Curtis Jones | 9/13/01 | Jim Hall – Metairie, LA. |
| John Lam | 1/29/02 | Ed Downing – Metairie, LA. |
| Rece Vaughn | 2/5/02 | Richard Courtney – Jackson, MS. |
| Eric Pope | 3/14/02 | Allred Law Firm – Koscuisko, MS. |
| Prentiss Taylor | 9/23/02 | Ashley Ogden – Hinds County, MS |
| Henry Turner | 1/6/03 | Calvin Williams – Indianola, MS. |
| Willie C. Johnson | 4/01/03 | Lee and Associates – Jackson, MS. |
| James Kelly | 05/21/03 | Stewart Kruegar – Lincoln County, MS. |
| Don Luke | 07/16/03 | Charlie Ross – Kemper County, MS. |
| Adina Welker | 07/28/03 | Mark Caraway – Jackson, MS. |
| Dot Brewer Jackson | 08/29/03 | Wayne Ferrell – Jackson, MS. |
| Frank and Tamela Ellett | 09/09/03 | Vickie Slater – Jackson, MS. |
| Ethel Lasser | 10/14/03 | George Recile – New Orleans, LA. |
| Rigdon and McWilliams | 11/13/03 | Ottowa Carter |
| Billy Slaughter | 12/04/03 | Patrick Malouf – |
| Roosevelt Harried | 01/07/04 | Shannon Law Firm – Pt. Gibson, MS |
| Marilyn Harness | 01/13/04 | Warren Conway – Pascagoula, MS |
| | 02/03/04 | Bob Owens – Jackson, MS |
| | 02/26/04 | Cosmich and Simmons |
| Viola Lewis | 03/08/04 | Ashley Ogden, Jackson, MS |
| Beverly Bowers | 09/10/04 | Wes Peters, Natchez, MS |
| Kenneth Warner | 02/01/05 | Michael Reed, Hattiesburg, MS |
| Michael Malone | 02/09/05 | Robert Wilkins, Rankin County, MS |
| Tameika Garrett | 04/20/05 | Robert Thompson |
| Linda Keyser | 10/06/05 | Bo Buress – Oxford, MS |
| Michael Foradori | 11/29/05 | James Klick – Shreveport, LA |
| Daniel Staton | 01/04/06 | Ashley Ogden – Jackson, MS |
| Ophelia Martinez | 03/01/06 | Jeff Griffin – Memphis, TN |
| Curtis Robinson | 03/27/06 | Ashley Ogden – Mendenhall, MS |
| Albert James | | |

HOWARD T. KATZ, M.D.
TRIAL TESTIMONY

| NAME OF PATIENT | DATE | |
|---|---|---|
| Willie C. Johnson | 4/01/03 | Lee and Associates – Jackson, MS. |
| James Kelly | 05/21/03 | Stewart Kruegar – Lincoln County, MS. |
| Don Luke | 07/16/03 | Charlie Ross – Kemper County, MS. |
| Adina Welker | 07/28/03 | Mark Caraway – Jackson, MS. |
| Dot Brewer Jackson | 08/29/03 | Wayne Ferrell – Jackson, MS. |
| Ethel Lasser | 10/14/03 | George Recile – New Orleans, LA. |
| Rigdon and McWilliams | 11/13/03 | Ottowa Carter |
| Billy Slaughter | 12/04/03 | Patrick Malouf – |
| Roosevelt Harried | 01/07/04 | Shannon Law Firm – Pt. Gibson, MS |
| Marilyn Harness | 01/13/04 | Warren Conway – Pascagoula, MS |
| | 02/03/04 | Bob Owens – Jackson, MS |
| Viola Lewis | 02/26/04 | Cosmich and Simmons |
| Beverly Bowers | 03/08/04 | Ashley Ogden, Jackson, MS |
| Kenneth Warner | 09/10/04 | Wes Peters, Natchez, MS |
| Michael Malone | 02/01/05 | Michael Reed, Hattiesburg, MS |
| Tameika Garrett | 02/09/05 | Robert Wilkins, Rankin County, MS |
| Linda Keyser | 04/20/05 | Robert Thompson |
| Michael Foradori | 10/06/05 | Bo Buress – Oxford, MS |
| Daniel Staton | 11/29/05 | James Klick – Shreveport, LA |
| Ophelia Martinez | 01/04/06 | Ashley Odgen- Jackson, MS |
| Curtis Robinson | 03/01/06 | Jeff Griffin – Memphis, TN |
| Albert James | 03/27/06 | Ashley Ogden – Mendenhall, MS |
| Will Dillon | 04/11/06 | Wilkins Stephens Tipton |
| Freddie Johnson | 08/21/06 | Ashley Ogden - Jackson, MS |
| Joseph Locke | 10/19/06 | Sam Gregario – Shreveport, LA |
| Sydney Odom | 10/31/06 | Mike Allred – Jackson, MS |
| Todd Beaucoudray | 12/05/06 | Stewart Niles – |
| Randy Scott | 02/08/07 | Marshall Sanders – Lexington, MS |
| Ofelia Martinez | 04/30/07 | Ashley Ogden – Jackson, MS |
| Rebecca Laskin | 05/22/07 | Stamps and Stamps – Jackson, MS |
| Felecia Whittington | 01/16/08 | Calvin Williams - Jackson, MS |

## HOWARD T. KATZ, M.D.
## TRIAL TESTIMONY

| NAME OF PATIENT | DATE | ATTORNEY, CITY, STATE |
|---|---|---|
| Felecia Whittington | 01/16/08 | Calvin Williams -  Jackson, MS |
| Dustin Wilde | 04/03/08 | Wayne Ferrell – Gulfport, MS |
| Debra Crumbley | 04/08/08 | Arthur Bagwell – Baton Rouge, LA |
| Robby Wiley | 05/13/08 | Raleigh Newman – Baton Rouge, LA |
| Sheila Doyle | 07/15/08 | Wayne Ferrell – Jackson, MS |
| Kyle Jim | 07/25/08 | Mike Snyder – Wichita, KS |
| Shenandoah Clark | 10/10/08 | Lundy Davis – Jackson, MS |
| Evan Sullivan | 02/13/09 | William Quin- Aberdeen, MS |
| Chris Etheridge | 03/12/09 | Porter and Malouf – Jackson, MS |
| Tabatha Conrad | 03/30/09 | Stewart Niles – New Orleans, LA |
| Linda Knox | 04/08/09 | Rocky Williams – Jackson, MS |
| David Scott Marble | 05/07/09 | Ashley Ogden – Jackson, MS |
| Eugene Westrope | 05/20/09 | Foreman Perry – Claiborne County, |
| Sharon Allen | 05/27/09 | John Walker- Vicksburg, MS |
| Tony Sherrod | 06/11/09 | Wilkins, Stephens - Houston, TX |
| Jaleesa Willis | 08/29/09 | Chapman Lewis and Swan – Greenville, MS |
| Dietrick Brumfield | 09/29/09 | Covington, LA – Stewart Niles |
| Robert Eastmon | 11/06/09 | Scott, Sullivan, Streetman and Fox Vicksburg, MS |
| Douglas Cothren | 11/16/09 | Shannon Law Firm – Jackson, MS |
| Ernie Fortune | 12/01/09 | Ashley Ogden -  Jackson, MS |
| Troy Lofton | 03/31/10 | Philip Carby – Jones County, MS |
| Robert and Jessica Sproles | 07/29/10 | Ashley Ogden – Jackson, MS Cause No. 08-495-CIV |
| Amanda Foster | 09/02/10 | Ken Rutherford – Chattanooga, TN Cause No. – 0-1C-919 |
| Dan Avarette | 09/22/10 | Joseph Joy – Lafayette, LA Docket No. 6:07cv1557 |
| Thomas Myrick | 01/25/11 | Gene Harlow – Laurel, MS Cause No. 2008-897-CV4 |
| John Johnson | 03/15/11 | Attorney Paul Sterbcow – New Orleans CDC No. 04-2500-M-7 |
| Candice Curd | 04/04/11 | Attorney Mac May – Gulfport, MS Civil Act. No. 1:09cv610-LG-RHW |
| Sandra French | 05/10/11 | Attrn John Giddens – Rankin County, MS |

| | | |
|---|---|---|
| | | Cause No. 2010-120 |
| Marvin Anderson | 05/12/11 | Wells Moore – Port Gibson, MS |
| | | Civil Action No. 2007-96 |
| Michael Falcon | 08/02/11 | Attorney Porter and Malouf – |
| | | Vicksburg, MS |
| | | Civil Act. No. 10.0012-CI |
| John Brown | 08/19/11 | Attorney Precious Martin – Jackson, |
| | | MS |
| | | Case No:  3:08-cv-00559-KS-FKB |
| JuJuan White | 09/21/11 | Attorney Janet Jenner and Suggs- |
| | | McComb, MS |
| Theodore Schexnayder | 10/5/11 | Attorney Kenneth Hooks – |
| | | Hahnville, LA |
| | | Docket No. 67,124,Div.E |
| Margaret Smith | 1/18/12 | Attorney John Giddens |
| | | Hinds County |
| | | Cause No. 251-11-86CIV |
| Marion Hankins | 2/2/12 | Attorney Jacob Stutzman |
| | | Jackson, MS |
| | | Civil Act. No 3:08-CV-639-DPJ-JCS |
| Lenora Snyder | 2/15/12 | Attorney Philip Carby |
| | | Franklin County |
| | | Cause No.: 10-CV-0125 |
| Shannon Vines | 3/13/12 | Attorney Philip Carby |
| | | Adams County |
| | | Cause No.: 11-KV-0009-J |
| Emily McDaniel | 3/13/12 | Attorney Philip Carby |
| | | Adams County |
| | | Cause No.: 11-KV-0009-J |

DEPOSITIONS

| NAME OF PATIENT | DATE | ATTORNEY |
|---|---|---|
| Robert Tillman | 1/26/01 | Greg Carraway |
| Johnnie Showers | 2/01/01 | Rob Bogard |
| Trachonitis Ivory | 2/6/01 | Bob Hammond |
| Henry Collier | 2/15/01 | Robert Aldridge |
| Michael Rayborn | 2/28/01 | Tim Young |
| Donald Dunkle | 3/8/01 | Phillip Gerald |
| Keyosha Suber | 3/19/01 | Clint Guenther |
| Lona Garlott | 3/20/01 | Phillip Gerald |
| Rebecca Byrne | 4/17/01 | Aleta Sullivan |
| Ruben Carroll | 4/27/01 | Gene Harlow |
| Rupert Johnson | 5/1/01 | David Crawley |
| Lori Schmitz | 5/3/01 | Tom Fitzpatrick |
| Jeffrey Windham | 6/2/01 | Billie Graham |
| Christian McQueen | 6/26/01 | Trace McCraney |
| Gabrial Rigdon | 7/20/01 | Ottawa Carter |
| Donnie McWilliams | 7/20/01 | Ottawa Carter |
| Lisa Gilmore | 7/23/01 | Butler Snow |
| Michelle Coleman | 8/3/01 | Walter Boone |
| Daryl Scott | 8/7/01 | Harry Hoskins |
| David Barton | 8/21/01 | Curtis Mitchell |
| Ronald Vince | 8/24/01 | Brian Smith |
| Renee Parson | 8/27/01 | Randal Kyzar |
| James V. Anderson | 9/4/01 | David Rozier |
| Johnny Earwood | 9/17/01 | Phillip Jarrell |
| Gerry Bourgeois | 9/25/01 | Judith Gainsburgh |
| Cherry Billiott | 10/2/01 | |
| Curtis Marshall | 10/19/01 | |
| Susan Taylor | 10/22/01 | Ben Bowden |
| Brenda Joyce Frazier | 11/5/01 | Wendy Shelton |
| Grace Paxton | 11/12/01 | Christopher Cofer |
| Cornelius Scott | 11/13/01 | Ken Adcock |
| Larry Wilkins | 11/14/01 | Greg Johnson |
| Jessie Taylor | 11/26/01 | David McLaurin |
| Prentiss Wilson | 12/10/01 | Kenneth Perry |
| Christy Kline | 12/12/01 | Jerome Volk |
| Robert Berry | 12/14/01 | John Hunter |
| Grace Paxton | 12/18/01 | |
| Jason Cuiksa | 1/14/02 | Patterson Gott and Anderson |
| Helen Pilgreen | 2/14/02 | Philip Carby |
| Jessie Taylor | 2/18/02 | David McLaurin |
| Charles Taylor | 2/21/02 | Patricia Clotiaux |

| | | |
|---|---|---|
| Jason Cuiksa | 2/25/02 | Gary Patterson |
| Larry Neal | 3/4/02 | Richard Schwartz |
| Nicholas Pleasant | 3/5/02 | John Morton |
| Ronald Griffen | 3/7/02 | Michael O'Brian |
| Susan Vaughan | 3/18/02 | Wayne Dowdy |
| James Dixon | 3/19/02 | Ken Adcock |
| Johnnie Showers | 3/20/02 | Rob Bogard |
| Susan Vaughan | 3/21/02 | Wayne Dowdy |
| Vance LeBlanc | 3/21/02 | Wade Langlois |
| Harold Cherry | 4/9/02 | John Stevens |
| William Hawthorne | 4/23/02 | Mark Tullos |
| Wevelyn James | 5/13/02 | Wayne Dowdy |
| Carla Broadus | 5/31/02 | Ingram and Associates |
| Carla Broadus | 6/1/02 | Ingram and Associates |
| Bobby Ray Price | 6/4/02 | Wayne Dowdy |
| Joseph Carmody | 6/10/02 | Hal McCarley |
| Jerry Guthery | 6/24/02 | Tony Anderson |
| Antwun Clark | 7/01/02 | Ralph Chapman |
| Jeffrey Windham | 7/08/02 | Billie Graham |
| Rodney Call | 7/11/02 | Michelle Bourque |
| Ingrid James | 7/12/02 | Wayne Dowdy |
| James and Rhonda McManus | 8/12/02 | Gore Kilpatrick |
| Tracey Cefalu | 8/19/02 | Jim Weems |
| Lester Morgan | 9/10/02 | David Gillis |
| Alfredo Albers | 9/19/02 | Lindell Lambert & Gary Pappas |
| Milagros Albers | 9/19/02 | Ana Morales & Gary Pappas |
| Veronica Octavio | 9/19/02 | Marie Lefere & Thomas Burke |
| Eduardo Urdante | 9/19/02 | Lindell Lambert & Gary Pappas |
| Rafal Montes De Oca | 9/19/02 | Thomas Burke |
| Rosa Montes De Oca | 9/19/02 | Thomas Burke |
| Daniella Montes de Oca | 9/19/02 | Thomas Burke |
| Wanda Parker | 9/27/02 | Philip Carby |
| Cathy Parr | 10/4/02 | Bill Cavenaugh |
| Dan Creekmore | 10/8/02 | Jeremy Chalmers |
| Don Luke | 10/14/02 | Joseph Wise |
| Jewel Montgomery | 10/22/02 | Joe Wilkins |
| Bobby Bailey | 10/29/02 | Philip Carby |
| David Mays | 10/31/02 | Louie Ruffin |
| Helen White | 11/04/02 | Tony Anderson |
| Frank Hooker | 11/18/02 | Bragg Williams |
| Brian Cox | 11/19/02 | Lee Overton |
| Joe Dell Duhon | 12/02/02 | Ed Wallace |
| Gerald Meador | 12/05/02 | Bob Broussard |

| | | |
|---|---|---|
| Beulah Johnson | 12/06/02 | Michael Betts |
| Henry Johnson | 12/11/02 | Tom Dunbar |
| Ozanna Soloman | 12/17/02 | Robert Emmitt |
| Lee Jones | 12/20/02 | John Raymond Tullos |
| Dorothy Bourgeois | 1/13/03 | Wayne Dowdy |
| Debra Roberson | 1/23/03 | Mark Taylor |
| Elizabeth Carter | 1/30/03 | Tony Anderson |
| Beverly Green Johnson | 2/11/03 | Terry Moore |
| Marilyn May and Naomi Lee | 2/18/03 | George Recile |
| Mable Lyons | 3/24/03 | Dunbar Monroe |
| Lee Jones | 3/31/03 | Wilkins Stephens and Tipton |
| Morris Ray Herrington | 04/14/03 | Jason Strong |
| Royal Lewis | 04/15/03 | Andrew Westerfield |
| Troy Carroll | 04/22/03 | Mike McElhaney |
| Hilda Forbes | 05/05/03 | Wayne Dowdy |
| Ethel Lassere | 05/15/03 | Craig Nelson - New Orleans |
| Joy Poole | 05/19/03 | Jennifer Burkes |
| Ericka Hauer | 05/20/03 | Debra McDonald |
| Robert Anderson | 06/23/03 | Will Denton |
| Ericka Hauer | 06/24/03 | Deborah McDonald |
| Grady Nicely | 06/30/03 | Stanley Rogers |
| Richard Addison | 07/22/03 | Michael Casano |
| Alonzo Simmons | 07/22/03 | Michael Casano |
| Luster Ishmon | 07/22/03 | Michael Casano |
| Herrie Lee | 07/22/03 | Michael Casano |
| Lowanda Lewis | 07/28/03 | John Arthur Eaves |
| Troy Livingston | 08/01/03 | Paul Loyacono |
| Marisa Javers | 08/06/03 | Tony Anderson |
| Larry Hinson | 09/09/03 | Bill Riley |
| Connie Walters | 09/16/03 | Robert Boyd |
| Lead Depo | 09/25/03 | Patrick Malouf |
| Marilyn Harness | 09/29/03 | Warren Conway |
| Louise Jones | 10/30/03 | Jim Nieset |
| Robert Hall | 11/04/03 | James Walker |
| Lead Depo | 11/05/03 | Michael Casano |
| Paul Dearman | 11/10/03 | Renee Harrison |
| Hunter Joffrion | 11/17/03 | Phillip Carby |
| Connie Walters | 12/01/03 | Robert Boyd |
| Rodney Braxton | 01/20/04 | Vicki Slater |
| Pamela Ratliff | 01/26/04 | Carr, Allision, Conway |
| Phillip Haley | 03/01/04 | Wayne Ferrell |
| Maerene Brown | 03/05/04 | Jeff Griffin |
| Amanda Foster | 03/22/04 | Calvin Williams |
| Cleo Moore | 03/30/04 | David Eaton |
| Evelyn Jones | 04/01/04 | Jay McLemore |
| Kathy Wells | 04/02/04 | Vincent Davis |

## DEPOSITIONS

| NAME OF PATIENT | DATE | ATTORNEY |
|---|---|---|
| Mable Lyons | 3/24/03 | Dunbar Monroe |
| Lee Jones | 3/31/03 | Wilkins Stephens and Tipton |
| Morris Ray Herrington | 04/14/03 | Jason Strong |
| Royal Lewis | 04/15/03 | Andrew Westerfield |
| Troy Carroll | 04/22/03 | Mike McElhaney |
| Hilda Forbes | 05/05/03 | Wayne Dowdy |
| Ethel Lassere | 05/15/03 | Craig Nelson - New Orleans |
| Joy Poole | 05/19/03 | Jennifer Burkes |
| Ericka Hauer | 05/20/03 | Debra McDonald |
| Robert Anderson | 06/23/03 | Will Denton |
| Ericka Hauer | 06/24/03 | Deborah McDonald |
| Grady Nicely | 06/30/03 | Stanley Rogers |
| Richard Addison | 07/22/03 | Michael Casano |
| Alonzo Simmons | 07/22/03 | Michael Casano |
| Luster Ishmon | 07/22/03 | Michael Casano |
| Herrie Lee | 07/22/03 | Michael Casano |
| Lowanda Lewis | 07/28/03 | John Arthur Eaves |
| Troy Livingston | 08/01/03 | Paul Loyacono |
| Marisa Javers | 08/06/03 | Tony Anderson |
| Larry Hinson | 09/09/03 | Bill Riley |
| Connie Walters | 09/16/03 | Robert Boyd |
| Lead Depo | 09/25/03 | Patrick Malouf |
| Marilyn Harness | 09/29/03 | Warren Conway |
| Louise Jones | 10/30/03 | Jim Nieset |
| Robert Hall | 11/04/03 | James Walker |
| Lead Depo | 11/05/03 | Michael Casano |
| Paul Dearman | 11/10/03 | Renee Harrison |
| Hunter Joffrion | 11/17/03 | Philip Carby |
| Connie Walters | 12/01/03 | Robert Boyd |
| Rodney Braxton | 01/20/04 | Vicki Slater |
| Pamela Ratliff | 01/26/04 | Carr, Allision, Conway |
| Phillip Haley | 03/01/04 | Wayne Ferrell |
| Maerene Brown | 03/05/04 | Jeff Griffin |
| Amanda Poster | 03/22/04 | Calvin Williams |
| Cleo Moore | 03/30/04 | David Eaton |
| Evelyn Jones | 04/01/04 | Jay McLemore |
| Kathy Wells | 04/02/04 | Vincent Davis |
| Catherine Dunn | 04/20/04 | Christy Carroll |
| Kenyatta Minor | 05/06/04 | Ken Adcock |
| Curtis Marshall | 05/10/04 | Paul Sterbcow |
| Connie Milton | 05/18/04 | Wilkins, Stephen and Tipton |
| Breanna Banks | 05/25/04 | Patrick Malouf |

| | | |
|---|---|---|
| Ladarius Harp | 05/25/04 | Patrick Malouf |
| Kim Norris | 05/25/04 | Patrick Malouf |
| Lakedric Reed | 05/25/04 | Patrick Malouf |
| Zerlanth Lambouth | 05/25/04 | Patrick Malouf |
| Cheri Roberts | 05/28/04 | Andrew Burnside |
| Charles Thomas | 06/08/04 | Doug Williams |
| Randy Thomas | 06/08/04 | Doug Williams |
| Shelia Davis | 07/09/04 | Tony Anderson |
| Michael Williams | 07/20/04 | Peter Smith |
| Betty Harris | 07/26/04 | Stamps and Stamps |
| Sammie Henderson | 08/09/04 | Deakle and Couch |
| Phyllis Parker | 08/17/04 | Currie Johnson Griffin |
| Dan Jones | 08/23/04 | Gary Ritter and Graham |
| Cailan Williams | 09/01/04 | Chapman, Lewis and Swan |
| Bernice Walker | 09/20/04 | Renee Harrison |
| Edgar Smith | 10/26/04 | Ralph Chapman |
| Herman Blackmon | 11/01/04 | Lydia Blackmon |
| Deloris Harmeyer | 11/14/06 | Sam Excinicous |
| Maerene Brown | 11/30/04 | Jeff Griffin |
| Joseph Arceneaux | 12/03/04 | Paul Snow |
| Michael Malone | 12/17/04 | Michael Reed |
| Amanda Foster | 01/19/05 | Ken Rutherford |
| Francis Holston | 01/28/05 | Michael Hartung |
| Paula Pruett | 02/22/05 | David Dunbar |
| Larry Lott | 03/01/05 | Sam Gregorio |
| Gene Herring | 03/08/05 | Steve Fundergurg |
| Jamie Scarborough | 03/09/05 | Edward Hatten |
| Cailan Williams | 05/16/05 | Dan Czamenske |
| Royal Lewis | 05/10/05 | Andrew Westerfield |
| Richard Bradford | 05/02/05 | John Griffin Jones |
| Daniel Boone | 05/03/05 | Copeland, Cook, Taylor, and Bush |
| Michael Carr | 04/27/05 | John Bell |
| Gregory Bondi | 04/28/05 | Phillip Jarrell |
| Daniel Boone | 05/03/05 | Copeland, Cook |
| Royal Lewis | 05/10/05 | Andrew Westerfield |
| Cailan Williams | 05/16/05 | Ralph Chapman |
| Delia Walls | 05/25/05 | Copeland, Cook |
| Michael McLendon | 06/01/05 | |
| Tashia Turner | 06/02/05 | Steve Herman |
| Kelly Ard | 06/07/05 | Upshaw, Williams |
| Rodney Knight | 06/26/05 | Jaqueline Thach |
| Dorothy Jimson | 07/11/05 | Phillip Embry |
| Steve Leone | 07/19/05 | Sam Gregorio |
| Maurice Wright | 07/26/05 | |
| Wilbur Williams | 07/26/05 | Wise Carter |
| Melody Shakesnyder | 07/28/05 | Michelle Bourque |

| | | |
|---|---|---|
| Edward Keszenhelmey | 08/01/05 | Michael Jaques |
| Michael Martin | 08/16/05 | Anderson, Crawley |
| Martha Mayes | 08/22/05 | Mike Malouf |
| Stanley Jenkins | 11/11/05 | Casteel |
| William Staff | 12/05/05 | Daniel Coker |
| | | |
| Winifred Henry | 01/05/06 | Kelly Law Firm |
| Will Dillon | 01/10/06 | Lance Reins |
| Gary Agee | 01/23/06 | Keith Foreman |
| Ida Smith | 02/14/06 | Ellis Turnage |
| Ronnie Hardy | 02/21/06 | Irwin Fritchie Urquhart & Moore |
| Chad Gathier | 02/21/06 | Irwin Fritchie Urquhart |
| RG Guy | 02/01/06 | John Jones |
| Barbara Alexander | 03/06/06 | Bryan Smith |
| Cornel Johnson | 03/06/06 | Paul Snow |
| James Taylor | 03/20/06 | Percy Stanfield |
| Aretha Craft | 03/21/06 | Patricia Kilgore |
| Sammie Dixon | 03/30/06 | Taulbee and Escott |
| James Funchess | 04/25/06 | Baker Donnelson |
| Randy Scott | 05/09/06 | Griffith and Griffith |
| Robert Fairley | 05/16/06 | Phillip Jarrell |
| Tara Weinstein | 05/17/06 | Tom Edwards |
| Robert Jackson | 05/23/06 | McNeil and Buffington |
| Charles Pittman | 06/02/06 | Wilkins Stephens and Tipton |
| Gloria Aaron | 06/26/06 | Phillip Jarrell |
| Howard Sanders | 08/22/06 | Baynham Best |
| Allen Cochran | 09/13/06 | Phillip Jarrell |
| Sarah Norris | 09/18/06 | Wise Carter Child Carraway |
| Robert Floyd | 09/19/06 | Don Evans |
| Alisha Simon | 10/31/06 | Howard Thigpen |
| Delores Harmeyer | 11/14/06 | Sam Exinious |
| Tommie Johnson | 11/28/06 | Matt Friedman |
| Toxie Connerly | 12/01/06 | Joe Kerley |
| Jatavis and Jalisa Banks | 12/04/06 | Phelps Dunbar |
| John Hegler | 12/06/06 | Phillip Jarrell |
| Johnny Billingsley | 01/08/07 | Campbell and DeLong |
| James Johnson | 01/16/07 | Phillip Jarrell |
| William Strickland | 01/22/07 | Liskow Lewis |
| Sandra Grayson | 01/31/07 | Mike Allred |
| Steve Woods | 01/29/07 | Dunbar Monroe |
| Sandra Grayson | 01/31/07 | Richard Dye |
| Thomas Harris | 02/05/07 | David Pirre |
| Cynthia O'Neal | 02/07/07 | Phillip Jarrell |
| David Blanks | 02/12/07 | Mark Jicka |
| Robert Minor | 02/19/07 | Dunbar Monroe |

| | | |
|---|---|---|
| George Bartley | 02/26/07 | Crawley Law |
| Alva Hubbard | 02/27/07 | John Unsworth |
| Andrew Rhyne | 03/13/07 | Don Evans |
| Lolnel Francios | 03/26/07 | Wilkins Stephens and Tipton |
| Valerie Noble | 03/29/07 | Jenny Virden |
| Thomas Harris | 04/05/07 | David Pitre |
| Herbert Tony | 04/09/07 | John Dunbar |
| Joram Gartman | 04/17/07 | William Armistead |
| Ora Dotson | 04/24/07 | John Ball |
| Wilbert Strong | 05/14/07 | James Anderson |
| Andrew Turner | 06/04/07 | Philip Carby |
| James Smith | 07/09/07 | Will Parker |
| Diann Jenkins | 07/13/07 | John Stevens |
| Glen MaGee | 07/18/07 | John Stevens |
| Leon Ellerbe | 07/19/07 | Mascagney |
| Gene Easley | 07/30/07 | Ellis Turnage |
| Cynthia Johnson | 08/15/07 | Copeland, Cook |
| Tommie Johnson | 08/28/07 | Matt Friedman |
| Donald Nations | 09/45/07 | Ayers Haxton |
| Greg Jones | 09/17/07 | Greg Hunsucker |
| MiLisa Lansdale | 09/24/07 | Betty Arinder |
| Michael Stoddard | 10/04/07 | Raju Andrew Branson |
| Belinda Johnson | 10/05/07 | John Irwin |
| Gene Basley | 10/15/07 | Ellis Turnage |
| Deborah Crumbley | 11/05/07 | Arthur Bagwell |
| Michael and Mikayla Perry | 11/15/07 | David Nelson |
| Kayla Walker | 12/03/07 | Liston Lancaster |
| Billy Dubose | 12/05/07 | Donald Moore |
| Charles Evans | 12/07/07 | Bragg Williams |
| Jeff Majcher | 12/13/07 | John Hunter Stevens |
| Felecia Whittington | 12/17/07 | Gary Laird |
| Jerry Melton | 12/19/07 | Tim Young |

# Dr. Howard T. Katz
## DEPOSITIONS

| NAME OF PATIENT | DATE | ATTORNEY |
|---|---|---|
| Ora Dotson | 01/07/08 | John Ball |
| Evan Sullivan | 01/08/08 | Billy Quinn |
| Andera Jackson | 01/23/08 | Phillip Jarrell |
| Germano Boiardi | 01/29/08 | Yancy Burns |
| Michael McLemurry | 01/31/08 | Jones Funderberg |
| Kyle Jim | 02/14/08 | Michael Snyder |
| Diane Smith | 02/29/08 | Carlos Moore |
| Nancy Fulgham | 03/10/08 | John Montgomery |
| Gwendolyn Hughes | 03/24/08 | Yancy Burns |
| Terry Hawkins | 03/25/08 | Chris Stahulak |
| Orlando Lawrence | 03/26/08 | Yancy Burns |
| Willie Richmond | 04/01/08 | Phillip Jarrell |
| Angela Arnold | 05/19/08 | John Ball |
| Stephen Kyle | 05/27/08 | Schwartz and Associates |
| Lance Ashley | 06/18/08 | Jim Nobles |
| Malcolm Summers | 06/19/08 | Scott, Sullivan, Streetman and Fox |
| Lisa Chambers | 07/10/08 | Ralph Chapman |
| Melvin Williams | 07/14/08 | Ryan Mitchell |
| Shenandoah Clark | 07/28/08 | Andre Ducote |
| Jessie Cage | 08/11/08 | Sharkey Burke |
| Cathy Creel | 08/29/08 | Crawley Law Office |
| Karlondras McGriggs | 09/22/08 | Carlos Moore |
| Ron Etter | 09/23/08 | Joe Stamey |
| Linda Evans | 10/07/08 | Carlos Moore |
| Robert Gilchrist | 10/30/08 | George Healy |
| Jason Cockrell | 11/05/08 | Daniel Coker |
| Deardra Gandy | 11/06/08 | Phillip Jarrell |
| Tabatha Conrad | 11/14/08 | John DeGravelles |
| Kimberly Malouf | 12/01/08 | Wilkins Stephens and Tipton |
| Ermita C. Atkins | 12/03/08 | Ian Sammis |
| Beverly Buckley | 12/04/08 | Markow Walker |
| Merry Griggs | 12/10/08 | Phillip Jarrell |
| Joseph Toler | 01/05/09 | Curt Karamanian |
| Jaleese Willis | 02/09/09 | Chapman Lewis and Swan |
| LaRue Hays | 02/23/09 | Don Evans |
| Bennie McLendon | 03/04/09 | Bragg Williams |
| Jean Celestin | 03/09/09 | Mike Elvir |

| | | |
|---|---|---|
| Steven McDaniel | 03/23/09 | Phillip Jarrell |
| Brandon Culp | 04/20/09 | Jim Nobles |
| Alice Entrekin | 04/21/09 | Scott Sullivan Streetman Fox |
| Robin Wilson | 04/28/09 | Robinson Biggs |
| Rodney Sistrunk | 05/04/09 | Dukes Dukes Keating Faneca |
| Tony Sherrod | 05/29/09 | Wilkins Stephens and Tipton |
| Theresa Freeny | 06/17/09 | Joe Meng |
| Craig Strong | 06/22/09 | Dunbar Monroe |
| Treena Powell | 06/23/09 | Walker and Walker |
| Levi Jordan | 07/13/09 | Michael Steele |
| Celeste Heidelberg | 07/21/09 | Jim Grenfell |
| Stanley Smith | 08/17/09 | Bradley Avan Boult and Cummings |
| Charles McGraw | 09/14/09 | Bonnie Smith |
| William Hennington | 10/06/09 | Michael Casano |
| Torsha Buckley | 11/02/09 | Butler Snow |
| Richard Kountz | 11/10/09 | Baker Donelson |
| Ernestine Mickens | 11/18/09 | Greg Rogers |
| Clarinda Foster | 11/30/09 | Joe Meng |
| Bonita Jordan | 11/30/09 | Greg Rogers |
| Betty Harper | 12/09/09 | William Armistead |
| Dallas Marcum | 12/14/09 | Richard Schwartz |
| Dan Avarette | 01/04/10 | Case No. 6:07-cv-1557 Attorney Richard Hymel |
| Inez Mohler | 01/06/10 | MWCC No. 0603944 Attorney Phillip Jarrell |
| Gene White | 01/06/10 | MWCC No. 0810002-K-1328-C Attorney Phillip Jarrell |
| Donna Smith | 01/08/10 | Attorney Daniel Ware |
| Benjamin Sullivan | 01/11/10 | John Givens |
| Troy Lofton | 01/13/10 | Adams and Reese |
| Brenda Stewart | 01/18/10 | Daniel Coker Horton and Bell MWCC No. 05 09034-J 5559-C |
| Daniel Beranich | 01/19/10 | Attor – Don Evans Civil Act No. 1:09cv186-LG-RHW |
| Shirley Pierce | 01/20/10 | The Dill Law Firm |
| Gene Oliver | 01/27/10 | Anderson, Crawley and Burke |
| Eugene Jenkins | 01/28/10 | Civil Action No. 1:09-cv-150-HSO-JMR – Attorney Tim Moore, Curry Law Firm |

| | | |
|---|---|---|
| Thomas Esslinger | 02/03/10 | MWCC No.: 0606449 |
| | | Phillip Jarrell |
| James Gardner | 02/03/10 | MWCC No.:0905669-K-3162 – Attorney Phillip Jarrell |
| Robert Land | 02/22/10 | Attorney Brennan Chapman |
| Andrew Bennett | 03/01/10 | Attorney Don Evans |
| Nicholas Saucier | 03/04/10 | Attorney Wynn Clark |
| Craig Strong | 03/24/10 | Attorney Don Evans |
| Helen Sundy | 04/22/10 | Attorney Betty Justin |
| | | OJCC No. 08-033393LAR |
| Marion Hankins | 04/27/10 | Carroll Warren and Parker |
| Danuelle Legg | 04/29/10 | Attorney Phillip Jarrell |
| | | MWCC No. 0802043-J-9698-C |
| Mary Switzer | 05/05/10 | Attorney Walter Dukes |
| Shirley Williams | 05/11/10 | Campbell Delong |
| Orval Farmer | 05/13/10 | Robert Hammond |
| Troy Sadler | 05/17/10 | Jerry Glass |
| Candice Curd | 05/18/10 | TMZ Lawyers |
| Stanley Booker | 05/19/10 | Carlos Moore |
| | | Federal Case No 508CV309 |
| Danny Muzzi | 06/07/10 | Charles Griffin |
| JoAnn Yates | 06/08/10 | Attorney Phillip Jarrell |
| | | Claim No. 799245 |
| Bobby Stutts | 06/16/10 | Marshall Rice |
| | | Suit No. 492887-C |
| Tonia Sheely | 06/30/10 | George Healy |
| Barbara Nelson | 07/01/10 | Attorney James Patton |
| | | Cause No. 2004-32 |
| Shirley Williams | 07/08/10 | Attorney Brittain Virden |
| | | Cause No. 2008-0122CI |
| Gwendolyn Jones | 07/14/10 | Attorney Phillip Jarrell |
| | | MWCC No. 0701817-J-7832-C & 0613141-J-7831-C |
| Marlene Hasty | 07/14/10 | Attorney George Healy |
| Cadie Hammond | 07/22/10 | Attorney Yancy Burns |
| | | Cause #: C1-2010-0206-R |
| Melvin Wilder | 08/16/10 | Attorney Yancy Burns |
| | | Cause #: 2007-10CV2 |
| Bryan Fuller | 08/17/10 | Attorney Brennan Chapman |
| | | Cause #: 7691 |
| Brandon Bolden | 08/23/10 | Attorney Jay Kilpatrick |
| | | Cause No. 251-04-771 CIV |
| Jacqueline Harris | 09/20/10 | Attorney Edward Connell, Jr. |
| | | Cause No. 14-CI-08-0049 |
| Gerald Britt | 09/27/10 | Attorney Phil Jarrell |
| | | MWCC No. 9312376-K2407 |

| | | |
|---|---|---|
| Jacob Lange | 10/18/10 | Attorney Phillip Jarrell<br>MWCC No. 0810974 |
| Thelma Steinbeck | 10/25/10 | Attorney Michael Young |
| Andre Delabarre | 10/27/10 | Attorney Philip Carby<br>Case #: 10-KV-0003-J |
| Shirley Simpson | 11/1/10 | Attorney Al Chadick<br>MWCC No. 090879-K-5125-A |
| Carlton Williams | 11/3/10 | Attorney Baker Donnelson<br>Case No. 2002-40-CV8 |
| Henry Cason | 11/15/10 | Attorney Michael Nash<br>Case No. 09-822529 |
| Steven Shanas | 11/17/10 | Attorney Phil Jarrell<br>MWCC No. 0805327-K-4412-D |
| John Reece | 11/23/10 | Attorney Latisha Rhodes |
| Bruce Rankin | 11/29/10 | Attorney Sandra Doty<br>MWCC No. 10001712-K-5251<br>MWCC No. 1003412-K-5266 |
| Brenda Hathorn | 11/30/10 | Attorney Ryan Mitchell<br>MWCC No. 0612186-J-8730-C |
| Chaldrean Carter | 12/06/10 | Attorney Marvell Gordon |
| Reginald Webster | 12/07/10 | Attorney Sharkey Burke<br>MWCC No. 0902840-K-4044 |
| Bruce Robinson | 12/15/10 | Attorney Anderson Crawley<br>No. 251-09-462-CIV |
| Alford Armstrong | 01/18/11 | Attorney Bobby Marshall<br>MWCC No. 0706913-K-2945-B |
| Wayne Humphries | 01/26/11 | Attorney Todd Jeffries |
| Ethan Bennett | 03/09/11 | Attorney Noel Capps<br>Case No. C2009-5112 |
| James Dry | 3/21/11 | Attorney Robert Ellender<br>Civil Action #: 6:10-CV-00229 |
| Kim Chandler | 4/27/11 | Attorney Mark Kelley<br>No. 2009-437-CV-L |
| John Smith | 4/28/11 | Attorney Wes Williams<br>MWCC No. 0900740-K-2008-C |
| Deanna Rudd | 5/4/11 | Attorney Phillip Jarrell<br>MWCC No. 0804633-K-4164-D and 0805503-K-4163-D |
| Tina Bruce | 5/18/11 | Attorney Philip Carby<br>Cause No. 09-KV-0014-S |
| Colby Pugh | 5/19/11 | Attorney Baker Donnelson<br>Cause No. |
| Rose Gaddis | 5/23/11 | Attorney Rocky Wilkins<br>Cause No. 3:10CV249CWR-LRA |

| | | |
|---|---|---|
| Steven McDaniel | 6/1/11 | Attorney Phil Jarrell<br>MWCC No. 0511913 |
| Reginald Woods | 6/14/11 | Cochran Law Firm |
| Lillie Crawford | 6/15/11 | Attorney Phillip Jarrell<br>MWCC No. 0704692-K-<br>4340 and 0808980K-4341 |
| Ray Herrington | 6/20/11 | Attorney Dennis Sweet<br>Civil Act. No. 3:10 CV<br>661CWR-LRA |
| Lakisha Person | 7/5/11 | Attorney Baker Donnelson<br>Civil Act. No. 3:09CV133-<br>M-A |
| Tolanda Jones | 7/11/11 | Attorney Wilkins Tipton<br>Cause No. 251-10-792-CIV |
| George Huey | 7/12/11 | Attorney Schwartz and Assoc<br>Civil Act. No. CV10-39 |
| Robert Minor | 7/26/11 | Attorney David Butler<br>Dock No. 592.447 |
| Marcus Richardson | 9/6/11 | Attorney Butler Snow<br>Civil Act. No. 251-07-<br>1159CW |
| Barbara Kelly | 9/12/11 | Attorney Dunbar Monroe<br>Civil Action No. 3:10cv332-<br>TSL-MTP |
| Patricia Jackson | 9/13/11 | Attorney Carlos Moore<br>MWCC No. 08-08514-K-<br>1666 |
| Harry Perque | 9/14/11 | Attorney Billy Stark |
| Allison Kimbrell | 9/19/11 | Attorney Walter Morrison<br>Cause No. 08-CV031(B) |
| Ethel Graham | 9/20/11 | Attorney Phillip Jarrell<br>MWCC No. 2665-0044 |
| William Palmer | 9/22/11 | Attorney Gray Tollison<br>Cause No. CV09-100(G)(L) |
| Alberto Arevalo | 9/27/11 | Attorney Walter Dukes<br>Cause No. 251-10-975-CIV |
| Carl Moman | 10/4/11 | Attorney Gladden Ingram<br>Cause No. 251-10-997CIV |
| Andrea Cohen | 10/18/11 | Attorney Carlos Moore<br>Cause No. 3:10-CV-00124-<br>SA-SAA |
| Patrick Sears | 10/24/11 | Attorney McCranie Sistrunk<br>Anzelmo, Hardy, McDaniel and<br>Welch<br>Civil Action No. 08-3418 |
| Andi N. Webb | 11/1/11 | Attorney Billy Quin<br>Civil Act. No. 10726.64326 |

| | | |
|---|---|---|
| Benjamin, Lauren and Matthew Becnel | 11/21/11 | Attorney Leake andAnderson Number: 2009-0003541 |
| Kathleen Kelly | 11/28/11 | Attorney Anderson Crawley and Burke WC# 0908660-K-8343-E |
| Lenora Snyder | 11/30/11 | Attorney Maxey Wann Cause No. C-CV-0125 |
| Bobby Stutts | 12/1/11 | Attorney Cook Yancey Cause No. 492887 |
| Willie Mabry | 12/5/11 | Attorney Dukes Dukes Keating and Faneca Cause No. 251-11-156-CIV |
| Ronald Woodward | 1/18/12 | Attorney David Dunbar Dunbar-Monroe Cause No. C200900210 |
| Rita Allen | 1/31/12 | Attorney Gerald Crawford Schwartz & Assoc. Civil Action No. 251-10-597 |
| Jonathan Hartley | 3/1/12 | Attorney Jerry Jackson Zieman, Speegle, Jackson, & Hoffman Civil Action No. 2011-900573.00 |
| Karin Rowe | 3/19/12 | Attorney John L Hinkle, IV Markow-Walker MWCC # 09040555-K-6004 |
| Beverly Adams | | Attorney Andrew Shull Cause No. 07-KV-0134-S |



# Gulf States Physical Medicine and Rehabilitation

Medical Arts West Building
1151 North State Street, Suite 511
Jackson, Mississippi 39202
(601) 968-0894   FAX (601) 968-0896

## INDEPENDENT MEDICAL EVALUATION

**PATIENT:**   **EARLBON HUNTER**
**DATE:**      **MARCH 29, 2012**

**REFERRAL SOURCE:**     **OGDEN AND ASSOCIATES**

It is explained to Earlbon Hunter and his sister, Robbie Hunter, who comes in with him, that Earlbon Hunter is here for an evaluation only. No treatment will be rendered and no doctor/patient relationship will be established. Further, since the purpose of this visit is an Independent Medical Evaluation there is no confidentiality. Both Earlbon Hunter and his sister, Robbie Hunter, both state they understand this. Further, Earlbon Hunter specifically gives permission for Robbie Hunter to remain in the room with him throughout the evaluation, which she does.

**CHIEF COMPLAINT:**
1. **RIGHT SHOULDER DISARTICULATION**
2. **UNABLE TO DRIVE A CAR**
3. **CAN'T WALK LONG DISTANCES**
4. **CAN'T CONTROL A POWER CHAIR OR SCOOTER**
5. **NEEDS A MANUAL WHEELCHAIR FOR LONG DISTANCE MOBILITY**
6. **DEPRESSION IS WORSE SINCE THE INJURY**
7. **SLEEP IS MORE IMPAIRED**
8. **NIGHTMARES**
9. **FREQUENT VOMITING**
10. **BREAKS OUT IN SWEATS**
11. **NOSE BLEEDS**
12. **PARKINSON'S DISEASE IS WORSE**
13. **DEPENDENT IN SELF-CARE**
14. **REQUIRES 24-HOURS SUPERVISION**

**HISTORY OF PRESENT ILLNESS:** Earlbon Hunter is a 54-year old, right-handed gentleman who attends clinic today with his sister, Robbie Hunter. Earlbon Hunter can actually give a fairly good history of what has happened to him, supplemented by his sister, Robbie Hunter. On April 15, 2009, Mr. Hunter fell between the wall and the commode on his right side. He was found about 3 days later. He was taken to Mississippi Baptist Hospital. He was admitted for about 2 weeks. Before this injury Dr.

Ho.
Diplomat American B and Rehabilitation

PATIENT:    **EARLBON HUNTER**
DATE:       **MARCH 29, 2012**
PAGE:      **2**

Rosie McNair was his primary care physician. Now, Dr. Carmel is his primary care physician in Memphis, and Dr. Eby McNair, Rosie McNair's husband, is his primary care physician here in Jackson. He also sees Dr. LeDoux at UT Medical Center in Memphis, who is a neurologist.

After being admitted to the hospital, Dr. Eby McNair was on call and recognized that Mr. Hunter was suffering from gangrene of his arm. Dr. Kendell Blake saw him and eventually had to remove the entire arm and part of the shoulder girdle. He is left with a right shoulder disarticulation. Mr. Hunter had problems with rhabdomyolysis and renal failure. He was diagnosed with irreversible loss of the right upper extremity and right lateral chest wall and underwent amputation. This was done in several procedures, trying to save part of the upper extremity, but that was unsuccessful. Mr. Hunter was diagnosed with extensive bilateral deep venous thrombosis and required anti-coagulation. He is on chronic anti-coagulation to this day.

After treatment at Mississippi Baptist Medical Center, Earlbon Hunter was transferred to the Restorative Care Hospital here in Jackson. When his strength improved, he was transferred to the care of Dr. Samuel Grissom at Mississippi Methodist Rehabilitation Center. He remained hospitalized at Methodist Rehab for 15-days only. Although he made improvement in his ambulation, he was judged to be unsafe. He had poor reaction time. At the time of discharge he was provided a bedside commode chair, a wheelchair and a wheelchair cushion. Prior to this injury, Mr. Hunter was totally independent with all mobility, all self-care and was driving a car. By the time of discharge from Methodist Rehab, he needed help with all activities of daily living and all mobility.

I asked Mr. Hunter how things are going. He says, regarding life, "It ain't like it used to be." He says he used to enjoy going to the park and playing recorded music like a DJ. He had a following at the park where everyone enjoyed it. He drove a car. Now he can't walk long distances. He can't control a power chair or scooter. He needs a manual wheelchair for long distance mobility and someone else to push him.

Mr. Hunter used to live at home with his father. His father had Alzheimer's and became violent. Earlbon had never lived alone, always lived with his parents. His mother died in 2001. His father got Alzheimer's. His father was violent. Earlbon Hunter went to live at In-Town Hotel, where this injury occurred. His father continued to live at home. His father fell, was admitted to Baptist, then to a specialty hospital in Yazoo City, then to Rolling Fork Heritage Nursing Home. This nursing home specializes in Alzheimer's with violence. Earlbon's father still lives at the Heritage Nursing Home.

**PATIENT:    EARLBON HUNTER**
**DATE:        MARCH 29, 2012**
**PAGE:        3**

Earlbon was temporarily living at In-Town Hotel. He fell. His only medications before the fall were an anti-depressant and one anti-Parkinson medication. Since the injury, Mr. Hunter's problems with depression are worse. He has had frequent vomiting. He breaks out in sweats. He has nose bleeds. His Parkinson's disease is much worse. Mr. Hunter was independent with self-care. Now he needs assistance with all self-care. He needs 24-hour supervision. He wears a gait belt for safety. He requires contact guard assistance for ambulation. His sister has been trained by a physical therapist to help with mobility and activities of daily living.

Earlbon Hunter is now living with his sister in Memphis, TN. She is an elementary school teacher. A certified nursing assistant is with Earlbon whenever his sister is at work. The CNA is there 9-hours per day, 5-days per week, plus 3-hours on Sunday to help Earlbon get ready for church. The two of them stay home on Saturday. Saturday is a late day and everyone mostly rests. It is just the two of them living in their home together in Memphis. Earlbon Hunter needs assistance with all activities of daily living, including his medications. He cannot direct his own use of medications. He does not know all of his medications.

Earlbon Hunter is now incontinent of bladder. He has to wear an external catheter. He wears incontinent briefs when he leaves his home. He was continent before this injury.

Mr. Earlbon Hunter also complains of phantom pain where his arm was. He complains of cramps in his legs.

Earlbon Hunter wears a prosthesis for his right upper extremity. This is non-functional. It does have electronic ability to open and close at the hand, but this is not functional for Earlbon. The prosthesis is necessary for balance. Without this he cannot walk as well. He loses his balance and is at increased risk of falling. However, with the prosthesis, he requires contact guard assistance and a gait belt to walk.

**CURRENT MEDICATIONS:**
    **SINEMET 25/100, 1 tablet, 5 times per day**
    **ZYRTEC, 10mg per day**
    **KLONOPIN, 0.5mg q hs**
    **COMTAN 200mg, 5 times per day, for Parkinson's disease**
    **COLACE 100mg bid**
    **ARICEPT 10mg per day**
    **IRON SULFATE, 325mg tid with food**
    **NEURONTIN 300mg q hs for phantom limb pain**
    **PRILOSEC 20mg per day**

PATIENT:     EARLBON HUNTER
DATE:         MARCH 29, 2012
PAGE:         4

RAPAFLO 8mg per day with food for prostate
SELEGILINE 5mg bid, an MAO inhibitor for Parkinson's
COUMADIN, 10mg Sunday, Monday, Wednesday and Friday
7.5mg on Saturday, 5mg on Tuesday and Thursday

**PREVIOUS MEDICATIONS FOR PRESENT CONDITION:**
**Heparin, Antibiotics.** Neither Earlbon Hunter nor his sister, Bobby, can name any of the others.

**ALLERGIES:        NO REAL ALLERGIES.**
He is not allowed to eat green vegetables secondary to anti-coagulation.

**PAST MEDICAL HISTORY:** Mr. Hunter had a pre-existing history of Parkinson's disease, back to 1995. In 1985 he required varicose veins being stripped in his leg. Mr. Hunter has a pre-existing history of depression that he says goes back to 1995 when he had early retirement. All other diseases are pre-existing this injury.

**PAST SURGERIES:** He had his varicose veins stripped in 1985. The only other surgeries have been related to this injury and include multiple surgeries to his right upper body, including right shoulder disarticulation.

**PAST INJURIES/ACCIDENTS:** In 1971, Mr. Hunter had a lawn mower accident where he cut both feet. He had to learn to walk again. He fell April 2009, hit his head and was on the ground between the commode and the shower for 3 days.

**FAMILY HISTORY:** Is positive for Alzheimer's Disease, hypertension, high cholesterol and arthritis.

**SOCIAL HISTORY:** Earlbon Hunter denies tobacco or alcohol use. He has a psychiatric history of depression as stated above. He is single. He has never been married and always lived with his parents until he moved into In-Town Hotel.

**EDUCATIONAL HISTORY:** High-school graduate.

**PATIENT:**   **EARLBON HUNTER**
**DATE:**       **MARCH 29, 2012**
**PAGE:**       5

**VOCATIONAL HISTORY:**  Worked as a construction building engineer from 1975 to 1995.  He was with the Jackson public schools.  He had to retire early with a combination of depression, his leg swelling and Parkinson's disease.  The main problem was his legs were swelling secondary to veins being stripped.

**REVIEW OF SYSTEMS:**  Mr. Hunter denies problems with fever, chills or fatigue.  He complains of frequent sweats.  He says he gains a little bit of weight and loses a little bit of weight.  He mostly stays the same.

Mr. Hunter denies problems with his eyes.  He has frequent nose bleeds.  He has problems chewing his food.  He has difficulty swallowing.  He denies any other probelsm with his ears, nose or throat.

Mr. Hunter denies chest pain or heart symptoms.  He reports that he wheezes at night.  He denies dyspnea, cough, sputum production or blood in his sputum.

Mr. Hunter complains of frequent constipation, heartburn and vomiting.  He denies diarrhea, incontinence of bowel, blood in his stool or vomiting blood.

Mr. Hunter is incontinent of bladder.  He wears an external catheter.  He wears adult briefs when he goes out of the home.  He denies painful urination.  It's difficult at times for him to urinate.

Mr. Hunter complains of phantom pain in his right upper extremity.  He complains of cramps in his legs.  He has sever tremors.  He swells below his knees bilaterally.  He wears support stockings bilaterally.  He denies any other joint swelling, redness or heat.  He denies other joint pain.

Mr. Hunter itches a lot.  He denies any other skin problems.

Mr. Hunter complains of dizziness.  He is lightheaded at times.  He has frequent nightmares.  He has depression.  He denies headaches, seizures, anxiety or suicidal ideations.

Robbie Hunter reports that her brother has difficulty with reasoning and memory.

PATIENT:    EARLBON HUNTER
DATE:       MARCH 29, 2012
PAGE:       6

Mr. Huner denies abnormal hair growth, hair loss, polyuria, polydipsia, easy bruising, bleeding or swollen lymph nodes. He is ambulatory. He wears a prosthesis for balance on his right upper extremity. He uses a wheelchair for long distance mobility and has to be pushed. In order to ambulate he has to wear a gait belt and have contact guard assistance.

Mr. Hunter requires assistance with all activities of daily living.

## REVIEW OF MEDICAL RECORDS:
## AMEDISYS OF MEMPHIS, TN

**Supplemental order, January 4, 2011:** Order for psych nurse to assist Mr. Hunter with management of depression and anxiety.

**Discharge diagnosis, January 6, 2011:** Admit condition-change medical regime diagnosis for abnormality of gait, memory deficit, failure to recognize familiar person/places, inability to recall events of past 24-hours. Significant memory loss so that supervision is required. Delusional, hallucinary or paranoid behavior. Mr. Hunter is completely dependent on someone else for grooming needs, to dress his upper body, to dress lower body. He is unable to participate effectively in bathing and is bathed totally by another person. When reminded, assisted or supervised by another person, Mr. Hunter is able to get to and from the toilet and transfer. He is able to transfer with minimal human assistance or with use of an assistive device. Able to walk only with supervision or assistance of another person at all times. Unable to feed himself and must be assisted or supervised throughout meals/snacks. On discharge, can feed himself using a wide handled spoon and scoop dish if set-up. Able to transfer, sit, to/from stand with no assistance. Can safely ambulate 400 ft. without loss of balance. With caregiver assistance, his fall risk on the Tinetti scale is 20/28. Discharged to care of sister with assistance from sitters, follow-up with doctor. Functional limitations: needs assistance with upper body dressing, lower body dressing, bathing and shower/tub. Is able to get to/from toilet with transfer when reminded, assisted or supervised. Needs assistance to maintain toileting hygiene and/or adjust clothing. Is able to transfer with minimal assistance or use of assistive device. Able to walk only with supervision or assistance from another person at all times.

## MISSISSIPPI BAPTIST MEDICAL CENTER

**Admission – April 15, 2009:** Mr. Hunter presents with chief complaint of found on the floor. Mr. Hunter apparently has a history of Parkinson's Disease and best they could determine had a fall on Sunday at his apartment and could not get up. He said he

PATIENT:     **EARLBON HUNTER**
DATE:        **MARCH 29, 2012**
PAGE:        **7**

was between the bathtub and the commode on his right side.  He laid there for
approximately three days and finally the manager called and the door was taken down.
He was found lying on the floor.  Review of Systems:  Positive for history of major
depression for several years.  History of bronchitis, hay fever, injury previous to both
lower extremities from lawn mower.  Physical examination:  Head was a traumatic and
some questions raised by sister of swelling in the posterior parietal area.  Difficult to
evaluate ocular movement as Mr. Hunter kept his eyes closed.  Noted Ecchymosis of the
right upper arm proceeding down past the elbow with areas of bullus formation.
Fingernail beds on the right were all cyanotic, and could not feel any radial or ulnar
pulses.  Mr. Hunter seems to be oriented times 2, did follow simple commands and was
conversant, difficult to assess, but there were no gross cranial nerve abnormalities.  Noted
right arm weakness, noted abrasion over the MCP joints on the third knuckles.  Urinalysis
was positive for blood.  Hematocrit was 44, BUN 42 on admission, Creatinine 1.3,
potassium 5.1.  The next morning potassium was 5.8, BUN up to 60, Creatinine up at 3.4.
Assessment:  Parkinson's disease, rahabdomyolysis, possible compartment dyndrome in
the right with ablation of his pulses possibly secondary to pressure from lying on his right
side for several days.  Plan is to consult nephrology, general surgery, vascular surgery,
wound care, IV fluids, IV antibiotics and therapy.

April 15, 2009:  X-ray of the right forearm was unremarkable right forearm x-
ray.

April 15, 2009:  X-ray of the right hand.  Question raised of small focal erosion at
the base of the right 5th metacarpal bone, otherwise, unremarkable.

April 15, 2009:  Portable chest, unremarkable.

April 15, 2009:  CT of head and cervical spine without contrast.  Some
asymmetric soft tissue swelling overlying the right scalp, suggesting an injury there.
Otherwise, unremarkable.  CT of the cervical spine – no acute fracture or dislocation.
Multi degenerative disc disease and spondylosis of moderate severity throughout the
cervical spine.  No significant central canal stenosis or focal disc herniation was seen by
CT.  Multi level osteophyte extending into the neural foramina on the left are noted with
dissevering degree of relevant foraminal stenosis.

April 16, 2009 - Consultation by Bret J. Barrett:  Reason for consultation
gangrenous right upper extremity.  Mr. Hunter is a 53-year old African-American male
with a history of Parkinson.  He lives by himself at a motel, fell in the bathroom and was
stuck for three days between the tub and the commode.  The manager was worried about
him and had the door taken off hinges and found him down in the bathroom.  Upon
presentation was seen by Dr. Blake, orthopedic surgeon.  It was felt that his swollen
gangrenous right arm was beyond salvage; has now  just now come back from an
amputation of right upper extremity.  There was disarticulated at the shoulder.  Removal
of the humerus and the rest of the arm, the deltoid was saved.  They had to do a right
lateral chest wall dissection with remove non viable tissue and then used the salvaged
deltoid from muscular tinnitus flap closure.  Mr. Hunter also has acute renal failure due to

PATIENT:     EARLBON HUNTER
DATE:        MARCH 29, 2012
PAGE:        8

rhabdomyolysis requiring hemodialysis. Currently on ventilator. Physical examination: Blood pressure 122/58, weight 244. Mr. Hunter is status post amputation of right upper extremity. Left upper extremity intact. Cool fingers and hand and bilateral lower extremities are euthermic. There are some bilateral lower extremity edema with chronic woody changes, skin at the ankles on the left thigh medially, there is a growth that is pedunculated. It is on a stalk 6 to 8 centimeters long. At the end of the stalk is a cystic egg-shaped mass. This may be a sebaceous cyst or growth. Does not appear to be infected. It is a malodorous. Impression: Status post right upper extremity amputation and disarticulation shoulder with excision of necrotic right lateral chest wall which was repaired with a right deltoid musculocutaneous flap closure; acute renal failure secondary to Rhabdomyolysis, now requiring dialysis; Parkinson's disease; multi-organ system failure including renal and respiratory secondary to sepsis due to right arm gangrene. He is also hypertensive on pressor. Recommendation: Would discontinue the Ancef. Would start vancomycin after each round of hemodialysis. Agree with imipenem. Prognosis is critical.

   Consultation – April 16, 2009: By Kendall T. Blake, MD: Mr. Hunter fell on Sunday, April 12, 2009. He had head injury, subsequent intermittent loss of consciousness. History was provided, some from Mr. Hunter, but largely by this sister. He was trapped between the toilet and bathtub. Presented to the ER, 72-hours after falling. In ER was found to have significant ischemic changes involving the right upper extremity. After admission, he was found to have rather severe generalized metabolic derangement, renal failure, acidosis, prolonged Protime and severe myoglobinemia and myoglobinuria. Because of severe changes involving the right upper extremity, orthopedic consultation was requested. Physical exam: Mr. Hunter appears quite drowsy. Areas that appear to be the result of prolonged pressure on the frontoparietal area bilaterally, the right lower costal margin, and the right gluteal area. None of these appear to be severe or advanced. The right upper extremity shows severe swelling, induration, general bullous changes over the skin which is cold and dark from the junction of the middle and distal third of the arm distally. The medial upper arm shows similar changes into the axilla, and then tracking down the right lateral chest wall, nearly to the lower costal margin. Left upper extremity shows supple reducible Subluxation of the MP joint of the left thumb, and profound intrinsic atrophy of the left hand with radial drift of the lesser digits. Lower extremities showed generalized pitting edema worse on the left, with no pulses felt. Impression: Mr. Hunter had prolonged ischemia to the right upper extremity, which is at this point, is not salvageable. Changes extend over the right lateral chest wall. He is developing renal failure secondary to rhabdomyolysis and subsequent myoglobinuria Will require an emergent right upper extremity amputation. Has significant impairment of function of the remaining left hand which will resulting in profound physical impairment for Mr. Hunter. Additionally, he has probable deep vein thrombosis in the lower extremities. The urgency and seriousness of this problem was discussed with Mr. Hunter and his sister, who elected to proceed with surgery.

PATIENT:    **EARLBON HUNTER**
DATE:       **MARCH 29, 2012**
PAGE:       9

**Consultation Note: May 16, Gary M. Davis, MD:** Reason for consultation, evaluation and management of acute kidney injury. Mr. Hunter was lethargic but was able to answer some simple questions. Mr. Hunter states that during the fall, he struck his head. He states he was going in and out of consciousness during that time. He was found to have hematoma on the right side of his head. Also a large skin tear, and swelling and blistering with drainage of the right arm. Upon admission was started on normal saline, 200 milliliter per hour. Has had intake of 1759. Has a Foley catheter, but urine output has been minimal. Physical examination: Temperature 102.3, heart rate 87, blood pressure 129/69. In general, Mr. Hunter appears to be a chronically ill-appearing black male. Was lethargic but able to answer simple questions when aroused. Mr. Hunter had Ecchymotic area and a hematoma in the right frontal temporal area. Mucous membrances were dry. Neck veins relatively flat. Lungs were clear anteriorly. Abdomen was protuberant. Minimum edema in the extremities. Chronic venous stasis changes. There were joint deformities in the ulnar drift of the left arm. Right arm was dressed from the shoulder down. Several areas of drainage on the dressing. Mr. Hunter presented lying down and was lethargic. Impression: Acute kidney injury due to rhabdomyolysis, Parkinson Disease. Ruled out sepsis. Right arm swelling, rule out compartment syndrome.

**Operative Report – April 16, 2009 – Kendall T. Blake, MD:** Pre and Postoperative diagnosis: Irreversible ischemia of the right upper extremity and right lateral chest wall. Procedures Performed: Right shoulder disarticulation, removal of a large portion of the lateral aspect of the right chest wall with chest wall coverage with flap from right deltoid region. Procedure was performed without complication. There is a note that Mr. Hunter tolerated the procedure in unstable condition, was delivered directly back to ICU on ventilator.

**Pathology Report – Edward Egorshin, MD:** Diagnosis: Right arm disarticulation through shoulder joint – diffused and extensive venous congestion with ischemic necrosis of venous walls resulting in ischemic skin necrosis, soft tissue edema with areas of cellulitis and Myositis secondary to ischemia. Gross Examination: Including the complete humeral bone. The arm was disarticulated through the shoulder joint. Marked soft tissue edema involving practically the entire arm. This is associated with diffuse areas of purple cutaneous discolorations diffusively involving skin of the inner and outer surfaces, elbow area. This was associated with diffuse areas of purple cutaneous discolorations involving skin of the outer and inner surfaces, elbow area. This results in diffuse sloughing of damaged epidermis with formation of superficial cutaneous ulcerations. Several vesicles measuring 0.3 minus 0.7 centimeters filled with clear fluid are found near ischemic areas. On sectioning, there is diffuse congestion, edema and hemorrhagic changes involving the subcutaneous tissues and underlying skeletal muscle. Practically all sampled veins are markedly congested and contain partially clotted blood. Microscopic: Sections of the ischemic epidermal changes with diffused subcutaneous and soft tissue edema with areas of acute inflammation involving subcutaneous adipose tissue, skeletal muscle. Extensive venous congestion found in

PATIENT:    **EARLBON HUNTER**
DATE:       **MARCH 29, 2012**
PAGE:       **10**

practically all sites and involves large size veins and smaller venous branches. In the
smaller branches of congested veins, the possibility of formation of thrombi cannot be
excluded. There is ischemic necrosis of venous walls. No arterial occlusions are
identified. Venous congestion with subcutaneous soft tissue edema focally involves
cutaneous and subcutaneous tissue margin.

**April 17, 2009:** Placement of Inferior Vena Caval Filter.

**April 17, 2009:** Bilateral lower extremity venous ultrasound. Noted extensive
bilateral deep venous thrombosis.

**April 20, 2009:** Surgical pathology report. Diagnosis : Skin left medial thigh,
excisional biopsy of necrotic soft Fibroma with bacterial colonization. Microscopic
examination: Show skin and soft tissue necrosis. Surface bacterial colonization is noted.
These findings are compatible with necrotic soft Fibroma.

**April 16, 2009:** Chest X-ray. Check line placement. Endotracheal tube in place.
Right IJ line is in place. Heart and mediastinal contours are unremarkable. Lung fields
clear.

**April 17, 2009:** Portable Chest – No interval change.

**April 18, 2009:** Portable Chest – No interval change

**April 19, 2009:** Portable Chest – No significant change. Stable chest.

**April 20, 2009:** Portable Chest – No observable change.

**April 22, 2009:** CT Head without contrast. In the right cerebellar hemisphere a
focal area of encephalomalacia compatible with an old small infarct. No acute large
vessel stroke or hemorrhage is seen intracranially.

**April 20, 2009:** Discharged Diagnosis: Admission Diagnosis: Rhabdomyolysis,
dehydration, acute renal failure, ischemic gangrenous right arm and right chest wall and
sepsis. Discharged Diagnosis: Rhabdomyolysis, improving. Acute renal failure,
improving. Ischemic right arm and lateral chest wall, status post right shoulder
disarticulation and resection. Multiple deep venous thromboses. Consultants with Dr.
Blake, Dr. Cannon, Dr. Davis, Dr. Barrett and Dr. Weddle. Procedures: On April 16,
2009, Dr. Blake performed right shoulder disarticulation and removal of a large portion
of lateral aspect of right chest wall as well as the entire right arm and placed in right
deltoid flap to cover. Also had lower extremity Dopplers which showed extensive
bilateral deep vein thrombosis. Dr. Blake performed an emergent right shoulder and right
arm disarticulation. Mr. Hunter returned to the ICU postoperatively where Dr. Barrett
was consulted and stopped the Ancef and started vancomycin continued meropenem. Dr.
Davis was consulted agreed with bicarbonate infusion. Dr. Davis continued to follow
renal status. Mr. Hunter did require some pressor support as well as intubation
throughout his stay. However, blood pressure began to hold. He was able to come off
pressors as well as able to be extubated. In addition, Creatinine fell from 4.5 to 1.5 on
bicarbonate infusion. CPK fell from 24,500 to 1,332 with hydration and removal of
ischemic right arm. Bilateral Dopplers were positive for extensive bilateral DVTs. Mr.
Hunter was started on Heparin infusion. Dr. Weddle was then consulted considering Mr.

PATIENT:   **EARLBON HUNTER**
DATE:      **MARCH 29, 2012**
PAGE:      **11**

Hunter's relatively young onset of what seems to be a severe parkinsonism. Felt there
might be something else going on, especially considering his deformity of the left hand
suggested going forward with MRI of the brain. It was felt that Mr. Hunter was going to
need long-term antibiotics as well as possible future debridement as well as anti-
coagulation with the ability to rapid turn-it-off was felt to a good candidate for
Restorative Care Hospital. Assessment: Ischemic/gangrenous right arm and lateral chest
bone now status post amputation and removal of lateral chest wall with deltoid flap.
Sepsis, likely secondary to ischemic right arm. He has been able to come off pressors.
Remain on broad spectrum antibiotic by way of vancomycin and meropenem. Three
acute renal failure. Has been doing very well. On bicarbonate drip. Bilateral extensive
deep vein thrombosis. Heparin infusion will continue and Rhabdomyolysis, CPK to
markedly fallen will continue with IV fluids supplements support.


## METHODIST REHABILITATION CENTER – SAMUEL GRISSOM, MD

**May 5, 2009:** Reason for Admission: Comprehensive rehabilitation for
impairment group code 05.1 unilateral upper extremity above-elbow amputation at
shoulder due to 887.3 amputation above-elbow unilateral complication with residual
impairment in mobility and ADLs. Review of Systems: On admission, positive for
fatigue, positive for shortness of breath, positive for constipation, positive for previous
catheterizations, positive neurologic weakness, positive for tremors, positive for changes
in sleep pattern, positive for feeling of depression, positive of anemia, positive for
previous transfusions and positive for pressure sores.. Physical Examination:
Temperature 98, blood pressure 117/64. Notes: Mr. Hunter has venostasis changes in
bilateral lower extremities below the knees. Healing of right shoulder disarticulation and
deltoid flap. Boutonniere deformity of the thumb on the left. Sensory decreased in pin
prick and light touch in stocking distribution. Functional Status: Mr. Hunter requires
minimal assistance with eating and grooming. Max-assist for bathing and dressing and
max assist for transfers. Impression: Right above-elbow amputation complicated;
Parkinson disease; bilateral lower extremity deep vein thrombosis and anemia. Plan: To
be admitted for an inpatient comprehensive interdisciplinary rehabilitation program to
address impairments and medical conditions while assessing equipment needs and
compensatory strategies; will include physical therapy, occupational therapy,
rehabilitation nursing, respiratory therapy; and case management under the direction of a
physiatrist. Will continue on Coumadin; continue on Sinemet and Cogentin for
Parkinson disease; will continue on Effexor. Will ask neuropsychological assessment for
Mr. Hunter's coping and adjustment; continue on iron supplementation; continue current
pain control. PT will be used for bed mobility, transfers, household ambulation with the
use of assistive devices. Occupational therapy will be utilized for self –care and
independent living skills as well as preparation for driving. Respiratory therapy will be
utilized for pulmonary strengthening. Case management will be utilized to help

PATIENT:    EARLBON HUNTER
DATE:       MARCH 29, 2012
PAGE:       12

discharge needs and coordinate follow up. Goals: Adequate adjustment to disability.
Overcome home architectural barriers and secure appropriate equipment for safe
discharge. Modified-independent with bed mobility, transfers, household ambulation,
and basic ADLs and to maintain adequate control of pain and to keep Mr. Hunter
asymptomatic. Prognosis at this current time, in-patient hospital rehabilitation stay is
medically necessary to achieve important health and functional goals. Mr. Hunter has an
excellent prognosis for benefiting from the program and returning to home and the
community.

   **May 20, 2009: Discharge Summary – Methodist Rehabilitation :** During his
stay, Mr. Hunter underwent physical therapy, occupational therapy, respiratory therapy,
case management services. Was treated for depression with Effexor and continued
Sinemet and Cogentin for Parkinson. Was treated with Coumadin as an anti-coagulation
for deep vein thrombosis. Also had neuropsych services. Was placed on ferrous sulfate
for anemia. Noted some neuropathic pain, which was treated with Neurontin with
excellent results. He had significant difficulty with balance due to Parkinson but
participated well in therapy. He was able to ambulate 400 feet, but drifted to the right
and had difficulty with leaning forward as well as shuffling gait. Gait was therefore
unsafe. Had poor reaction time. Was modified-independent with his power wheelchair.
Mr. Hunter was discharged home on May 5, 2009. He was provided with a bed-side
commode chair, wheelchair and wheelchair cushion. FIM scores on admission and
discharge: Easting: Admission 1, Discharge 2; Grooming: Admission 1, Discharge 5;
Bathing: Admission 1, Discharge 3; Dressing upper body: Admission 1, Discharge 4;
Dressing lower body: Admission 1, Discharge 2; Toileting: Admission 1, Discharge 2;
Bladder management: Admission 1, Discharge 3; Bowel management: Admission 1,
Discharge 3; Transfers bed, chair and wheelchair: Admission 1, Discharge 5; Toilet
transfers: Admission 1, Discharge 5; Tub/shower transfers: Admission 0, Discharge 5;
Walk/wheelchair: Admission 1, Discharge 4; Stair: Admission 0, Discharge 2;
Comprehension: Admission 6, Discharge 6; Expression: Admission 6, Discharge 6;
Social interaction: Admission 6, Discharge 6; Problem solving: Admission 5, Discharge
6; Memory: Admission 6, Discharge 6. Diagnosis on Admission: Right above elbow
amputation; Parkinson; bilateral lower extremity deep vein thrombosis; anemia;
neuropathy; depression; esophageal reflux and constipation.


**SAINT FRANCIS HOSPITAL**
   **April 24, 2010:** Mr. Hunter presented complaining of swelling in the private
area, fever and rash over body since previous day. Ambulates with assistance. With
respect to rash, thought to be caused by unknown cause. Rash is located on body
diffusely, described as confluent, macular also presents with scrotal pain on left side,
swelling of left testicle, tenderness, urinary symptoms in dysuria, began three days prior.
Symptoms aggravated by urinating. Positive for fever, testicular ultrasound, noted

PATIENT:   **EARLBON HUNTER**
DATE:      **MARCH 29, 2012**
PAGE:      13

increased vascularity in the left epididymis. Also noted thickening of the scrotal wall on the left. Finding suggestive of left epididymitis with an enlarged hyperemic left epididymis. Noted additional concerns include: complicated left Hydrocele or debris within the left Hydrocele which may represent purulent debris and scrotal wall thickening concerning for cellulitis.

**April 27, 2010: Admitting Diagnosis: Syncope and Collapse: Consultation Report – Phillip Waldrup, MD:** Mr. Hunter presents well known history of Parkinson's previous deep vein thrombosis on Coumadin and depression, receiving physical therapy at home. Had dizzy presyncopal spell. Originally felt diaphoretic then became dizzy. Lasted for approximately five minutes and afterwards, applied cold compresses to head, it resolved. No other neurologic-type symptoms. Currently, he is asymptomatic. Assessment: Dizziness, presyncopal spell. Normal ER workup. Ct, EKG and labs are all normal. This is probably a reaction to medications or natural Parkinson's.

**November 19, 2010:** Mr. Hunter presented complaints of shortness of breath. Also abdominal cramping and pain. Abdominal and pelvic with intravenous contrast. Dilated loop of the sigmoid colon in the upper abdomen which on the axial images, does not appear to be dilated but on the coronal images measures up to 12 centimeters. Air-fluid levels in nondilated small bowel, which may be related to adynamic ileus or enteritis, hepatic cysts and inferior venal caval filter. Diagnosis: _____, constipation, fecal stasis. Mr. Hunter was given a soap suds enema. He tolerated this well and a large amount formed. CS2 stool was expelled.

**December 23, 2010:** Mr. Hunter presented with nausea and vomiting. Sequential Diagnosis: Fecal impaction, chronic embolism of veins long-term use of anti-coagulant, paralysis, heitans, hypertensive heart disease, convulsions, status upper limb amputation, nausea and vomiting, Hypovolemia. Mr. Hunter was discharged on December 25, 2010. Principal Diagnosis: Colon obstruction with acute nausea and vomiting, secondary to colon impaction. Secondary Diagnosis: Chronic deep vein thrombosis. On Coumadin, Parkinson's disease, hypertensive cardiovascular disease.

**January 14, 2011:** Admitting Diagnosis: Dysphagia, modified barium swallow study was performed. Summary: No signs or symptoms of penetration or respiration. Oral phase was adequate. Slower movement with solids. Pharyngeal Phase adequate movement with solids. Recommendation: Continue with current diet.

## UNIVERSITY OF TENNESSEE MEDICAL GROUP – MARK S. LEDOUX

**September 11, 2009 - Dr. Koplon:** Mr. Hunter presents severe Parkinson's disease, depression, peripheral vascular disease, history of multiple DVTs on Coumadin. Unfortunately, did not understand was suppose to have that checked on monthly. Has not been checked since June. He is seeing Dr. Wang for Parkinson's. Complaining of constipation and improved by MiraLax. Physical Examination: Blood pressure 110/60,

PATIENT:     EARLBON HUNTER
DATE:        MARCH 29, 2012
PAGE:        14

bilateral lower extremity edema, worse left than right. Chronic resting tremor and
stiffness from Parkinson's. Assessment: Severe Parkinson's disease, managed by Dr.
Wang. History of multiple DVTs. Right arm injury, followed by Dr. Lonergan. He is
managed by his sister.

   **January 11, 2010 – Dr. Koplon:** Mr. Hunter has a history of Parkinson's. He
has been having some dry, itchy skin. Requesting something and recommendations.
Also having some nightmares in his sleep during the morning and also presents for refills.
Assessment: Itchy dry skin. Has been using dial soap. Mr. Hunter tried to switch to
Lever 2000 or Dove.

   **February 15, 2010: Dr. Koplon:** Mr. Hunter is on Coumadin. He has had a
couple of episodes of hematuria prompting this visit. Denies any pain. No fever, chills,
no urinary frequency. No CVA tenderness. Urine is positive for leukocytes and nitrites,
but negative for blood. Assessment: Hematuria secondary to Coumadin and probably a
urinary tract infection.

   **April 23, 2010: Michael D. Koplon, MD:** Mr. Hunter has a history of
Parkinson's disease, previous deep vein thrombosis. Parkinson's is stable. He remains
on Coumadin and needed his protime checked. Has had one episode of urinary
incontinence. Currently has no symptoms. Physical Examination: Mr. Hunter looks
comfortable, in no distress. Urinalysis was normal. His protime was 2.8. Assessment:
History of deep vein thrombosis; Urinary incontinence.

   **December 8, 2010:** Initial Visit: Mr. Hunter presents reports onset of
Parkinson's disease approximately 35 years ago with bilateral tremor. Notes since his
hospitalization, with right arm amputation, Mr. Hunter has deteriorated moderately.
Reports moderate response to levodopa consistent with Parkinson's disease, indicates that
his hypophonia has gotten worse in recent years. Does have occasional hallucinations,
although these are nonthreatening. Reports occasional vivid dreams. No recent falls.
Chronic Medical problems: Gastroesophageal reflux disease, depression, Parkinson
disease, chronic deep vein thrombosis and chronic pruritus. Past Surgical History: Right
arm amputation at shoulder, repair of traumatic injuries to both feet, replacement of
inferior vena cava filter and venous stripping of left leg in 1985. Physical Examination:
Normal level of consciousness. Reduced spontaneous speech. Venous statis dermatitis
present in distal lower extremity. No petechiae. Numerous varicose and spider veins in
lower extremities bilaterally. Abdomen: Moderately obese. Mild gynecomastia noted in
the anterior chest wall. Right great hammertoe is present. Deformity of left thumb with
abnormal flexion of the interphalangeal joint and extension at the metacarpal phalangeal
joint. Mini mental state examination score was 15 out of 25. Calculation: Although
recall was 2 out of 3. Orientation was 6 out of 10. Upgaze is only mildly impaired. Mild
jaw tremor is present. Romberg is mildly positive. Gait is lumbering and mildly
Bradykinetic. Tremor is accentuated in left arm during ambulation. Assessments:
Primary Parkinson disease; Superimposed dementia; Chronic pruritus; Constipation

PATIENT:    **EARLBON HUNTER**
DATE:       **MARCH 29, 2012**
PAGE:       **15**

associated with primary Parkinson's disease; Gastroesophageal reflux disease; Benign prostatic hypertrophy and Depression.

**February 11, 2011 – Dr. Ledoux:** Mr. Hunter presents in follow-up. Recent history information indicates the presence of REM sleep behavior disorder. Mr. Hunter is talking out in his sleep and exhibiting agitated movements of arm and legs particularly I the late morning hours approximately 4 a.m. Also reports mild end-of-dose wearing off his medications. Has persistent tremor in jaw and left hand. However, clinical condition has improved significantly in the past 6 months. He is tolerating donepezil without apparent side effect. Physical Examination: Intermittent to mild jaw tremor. Resting tremor and left upper extremity that also has action component. Tone is increased in the left forearm, legs, and trunk although improved from last clinic visit. Gait: Velocity has improved since last visit. Left arm swing is also improved. Tremors noted in left arm during ambulation, but this is also improved. Assessment: Parkinson disease with dementia; REM sleep behavior disorder; Occasional non-threatening visual hallucinations.

**June 20, 2011: Dr. Ledoux** : Ms. Hunter presents in follow-up overall doing quite well. Having some more episodes of dyskinesias affecting right side of face. Experience episodes a few times weekly. No evidence for impulse control disorders. No recent hallucinations. He does occasionally have vivid dreams. Having no significant problems with daytime drooling. Physical exam: No jar tremor at this time. Face is well animated. There is no resting tremor at this time. Tone is only slightly increased in the left arm. Arm swing improved. Gait velocity is improved significantly. Assessment: Primary Parkinson's disease with dementia; REM sleep behavior disorder and virtual resolution of visual hallucinations.

**October 24, 2011:** Mr. Hunter presents for follow-up of Parkinson with Dementia. Reports mild end-of-dose wearing off, experiencing occasional vivid dreams. Denies dysphasia Physical Examination: Mild jar tremor, slight intermittent tremor at left hand, right arm is amputated Assessment: Parkinson disease with dementia and the dose wearing off. History of visual hallucinations. REM sleep behavior disorder.


**TABOR ORTHOPEDICS**

**(Two notes from unknown) May 29, 2009:** Mr. Hunter presents as a new patient. Has long history, longstanding of Parkinson's disease. History of circulation problems in legs. Had an injury from a lawnmower and had surgery. Lives by himself up to approximately one month prior. Presents to establish care. He does have some home physical therapy and occupational therapy. Denies any headache. He has occasional dizziness. No arm pain. Appetite has improved. Some mild depression, but is on medications and they seem to be working. Denies shortness of breath, orthopnea. Does suffer from urinary incontinence and has been using a Foley catheter. Has some lower extremity swelling that is improved. Physical exam: An ill-appearing African

PATIENT:   **EARLBON HUNTER**
DATE:      **MARCH 29, 2012**
PAGE:      **16**

American male in no acute distress. Some lower extremity swelling, 1+ edema and chronic venous stasis changes. Neurologically he has chronic resting tremor, and a stiff, slow gait which is shuffling consistent with Parkinson's. Assessment: Parkinson's disease, depression, probable deep vein thrombosis, history of acute renal insufficiency, anemia. There is a home health certification in plan of care.

**July 10, 2009 – Eugene J. Spiotta, Jr. MD:** Mr. Hunter presents – has severe Parkinson's disease Recently he had an extensive hospitalization where he lost his upper arm due to rhabdomyolysis, plus had severe renal failure. His sister takes care of him and wanted his prostate checked and wanted him to have a colonoscopy. He has chronic constipation as one would expect from Parkinson's disease. Worries a lot about his urinary tract. Denies any Dysuria. Urinalysis was performed which showed a little ketones, but no other abnormalities. Rectal exam reveals a guaiac negative stool that was dark and had an iron tinge to it. Prostate was very difficult to feel, but did not feel enlarged or have any nodules. A PSA was performed. Had a long discussion with Mr. Hunter regarding the use of MiraLax. Discussed colonoscopy and the risks and benefits of the procedure. Currently, Dr. Spiotta did not think Mr. Hunter was strong enough for the exam, that a bowel prep would be extraordinarily difficult for him.

**July 28, 2009:** Physical Exam: Noticing significant problems with intention tremors and resting tremor in the left upper extremity. Also has postural thoracic kyphosis and forward flexion of cervical spine. Significantly diminished range of motion of cervical spine with muscular spasm with palpation. Noticed notable absence of right upper extremity as well as well healed shoulder disarticulation would and absence of a portion of the musculature of the pectoralis. Left upper extremity shows spasticity and hyper-reflexia. X-rays of the cervical spine show degenerative disease, otherwise significant forward posture. Assessments: Cervical spine degenerative disc disease; Postural changes of the trunk and thoracic stabilizators; amputation of the right upper extremity. Plan was to set up for prosthesist in order to obtain a prosthesis for right upper extremity. Also physical therapy to work on trunk stabilization exercises, range of motion of the cervical spine and exercises to thoracic and cervical spine.

**November 30, 2009 - Dr. Koplon:** Mr. Hunter presents – denies any worsening of depression, dizziness, new neurologic-type symptoms, abdominal pain, nausea, shortness of breath, chest pain. No headaches or real big other issues. He does have a rash under left arm. Physical Examination: Chronic resting tremor and stiffness from Parkinson's and a scaly, hyperpigmented rash consistent with fungal infection. Assessment: Severe Parkinson's disease. History of multiple DVTs. Right arm injury. Swelling and depression.

**February 23, 2010 - Dr. Koplon:** Mt. Hunter presents for follow-up on urinary tract infection. Complaints of intermittent left extremity swelling and needed to refill some of his medications. He is on Coumadin for a previous deep vein thrombosis and stroke. Has been on antibiotics. Assessment to left leg swelling. Has been wearing support hose 24-hours a day. Was told to take them off at night to allow his legs to

PATIENT:    **EARLBON HUNTER**
DATE:       **MARCH 29, 2012**
PAGE:      **17**

breathe. No evidence of any cellulitis or infection. It cannot be deep vein thrombosis as Mr. Hunter is on therapeutic Coumadin. Follow-up for urinary tract infection. Urinalysis shows clearance and improvement.

     **April 19, 2010:** For physical and occupational therapy. Mini mental state examination dated December 2010. Maximum total score was 25. Total score was 15.

## METHODIST LE BONHEUR HEALTHCARE

     **December 27, 2010:** MRI of the brain without contrast: Remote lacunar infarct is present within the right cerebellum. Mild mucosal thickening is present within both maxillary sinuses.

## DEPARTMENT OF HEALTH AND HUMAN SERVICES

     **Home health certification and plan of care, January 6, 2011, to March 6, 2011:** Principal diagnosis: dementia with Lewy bodies. Other pertinent diagnoses: dementia with behavioral disturbances, dysphagia, Oropharyngeal phase, abnormality of gait, depressive disorder.

     **Home health certification and plan of care, March 7, 2011, to May 5, 2011:** Principal diagnosis: depressive disorder. Other pertinent diagnoses: anxiety state, long term use of anti-coagulant.

**PHYSICAL EXAMINATION:** Reveals blood pressure: 130/80. Height: 6 ft. 4 in, by history. Weight: 270 lbs. by history. (BMI 33 obese)

This is a tall, obese gentleman. Glabeller reflex is positive. Suck reflex is positive. Palmomental reflex, the face is moving constantly due to Parkinsonian tremor, therefore you cannot tell about Palmomental reflex.

Mr. Hunter has a constant tremor in his face and left arm. Intention does not seem to increase the tremor. It is stable both at rest and with intention.

I get no reflexes in the left arm. This may also be masked by the tremor. 3+ reflexes at the knees. Absent reflexes at the ankles.

He has 1+ pitting edema half way up his calf bilaterally, despite wearing support stockings below the knee bilaterally.

PATIENT:    **EARLBON HUNTER**
DATE:       **MARCH 29, 2012**
PAGE:       18

Mr. Hunter is alert. He is oriented to person, place, time and situation. He is able to name the current president. He is able to name George W. Bush, Clinton and George HW Bush. He cannot name before George HW Bush.

Mr. Hunter can spell the word 'world' backwards. Asked to perform serial 7's, he cannot do this. He says: 100, 87, 57, 37.

Memory is 3 for 3 at three minutes. Proverbs 'birds of a feather' and 'spilled milk' are both abstract.

He still has a scapula and a clavicle. There is no humerus on the right. He wears a right arm prosthesis for balance. Walking, he is wearing his prosthesis. He has decreased arm swing on the left. He has a very bad tremor. His gait is wide based. He wears a gait belt. His sister holds on to the gait belt and provides contact guard assistance with ambulation. He leans forward at the head and at the waist.

**ASSESSMENT:**
1.  **RIGHT SHOULDER DISARTICULATION SECONDARY TO GANGRENE WITH REMOVAL OF PART OF THE RIGHT CHEST WALL MUSCULATURE**
2.  **SEVERE PARKINSON'S DISEASE**
3.  **STATUS POST MILD-TO-MODERATE TRAUMATIC BRAIN INJURY**
4.  **DEMENTIA**
5.  **DEPRESSION**
6.  **STATUS POST RHABDOMYOLYSIS AND RENAL FAILURE, RESOLVED**
7.  **HISTORY OF DEEP VENOUS THROMBOSIS ON CHRONIC ANTI-COAGULATION THERAPY**
8.  **NEUROGENIC BLADDER WITH INCONTINENCE**

PATIENT:    EARLBON HUNTER
DATE:       MARCH 29, 2012
PAGE:       19

**CAUSATION:**  Based to a reasonable degree of medical certainty, based on the history given by Earlbon Hunter and his sister, Robbie, and based on a review of the medical records, Earlbon Hunter suffered gangrene to his right arm requiring a right shoulder disarticulation and removal of part of the right chest wall musculature secondary to a fall around April 13, 2009, where he was found on April 15, 2009.

Based to a reasonable degree of medical certainty, based on a review of the medical records and based on the history given by Earlbon and Robbie Hunter, Mr. Hunter suffered a mild-to-moderate traumatic brain injury when he fell in April of 2009[1].

Based to a reasonable degree of medical certainty, Earlbon Hunter had pre-existing Parkinson's disease when he fell in April of 2009.  However, that Parkinson's disease was at a point where he could be independent in mobility and self-care, even driving a car.  Secondary to this April 2009 injury, his Parkinson's disease was aggravated and made worse[2-4], causing Mr. Hunter to become dependent in mobility and self-care.

Based to a reasonable degree of medical certainty, based on the history given by Earlbon Hunter and his sister, Robbie Hunter, and based on a review of the medical records, Earlbon Hunter had pre-existing depression when he was involved in the April 2009 fall. Based to a reasonable degree of medical certainty, this depression was at least temporarily exacerbated if not aggravated and made worse by this injury[5,6].  Based on the history given by Mr. Earlbon Hunter and his sister, Robbie Hunter, Mr. Hunter's depression was aggravated and made worse by this injury.  However, the medical records do not necessarily substantiate this completely.

Based to a reasonable degree of medical certainty, Mr. Hunter did not have any significant dementia when he fell in April of 2009.  Based to a reasonable degree of medical certainty, his dementia began and is either caused by or aggravated by the April 2009 injury[6].

Based to a reasonable degree of medical certainty, Earlbon Hunter fell in April 2009, resulting in rhabdomyolysis and renal failure.  These have resolved.

Based to a reasonable degree of medical certainty, secondary to his April 2009 injury, Mr. Earlbon Hunter suffered deep venous thrombosis.  He has been kept on chronic anti-coagulation to this time[7].  It is anticipated that he will remain on chronic anti-coagulation.

Based to a reasonable degree of medical certainty, and based on the history given by Earlbon Hunter and his sister, Robbie Hunter, Earlbon Hunter was completely continent of bladder prior to April of 2009.  He has been incontinent of bladder since April of 2009.

PATIENT:    EARLBON HUNTER
DATE:       MARCH 29, 2012
PAGE:       20

Based to a reasonable degree of medical certainty, this is secondary to neurogenic bladder.  This neurogenic bladder is most likely multi-factorial in nature, including partially related to Parkinson's disease and partially related to traumatic brain injury. Based to a reasonable degree of medical certainty, his neurogenic bladder and incontinence is either caused by or aggravated by the April 2009 injury[8,9].

**MAXIMUM MEDICAL IMPROVEMENT:**  Based to a reasonable degree of medical certainty, Mr. Earlbon Hunter is a maximum medical improvement from his April 2009 injury.

**IMPAIRMENT RATING:**  Based to a reasonable degree of medical certainty and based on the *Guides to the Evaluation of Permanent Impairment 6th edition* published by the American Medical Association, for his shoulder disarticulation, Mr. Hunter would be assigned a 100% impairment to the right upper extremity, which would correspond to a 60% impairment to the body as a whole.

For the central nervous system disorder, including dementia, mild-to-moderate traumatic brain injury and Parkinson's disease, Earlbon Hunter has significant impairment.  The impairment would include an alteration in mental status, cognition and highest integrative functioning, for which I would assign him an 11% impairment to the body as a whole.  It would also include an impairment in the use of his left upper non-dominant extremity, for which I would assign him a 40% impairment to the body as a whole.  It would also include an impairment related to his inability to walk independently, for which I would rate him 25% impairment to the body as a whole.  It would also include impairment due to urinary incontinence, for which I would rate him 30% impairment to the body as a whole.

For chronic anti-coagulation therapy, Earlbon Hunter would be assigned a 5% impairment to the body as a whole.

Combining all of the above, Earlbon Hunter would be assigned an 89% impairment to the body as a whole secondary to a April 2009 injury.

**SPECIFIC FUNCTIONAL LIMITATIONS:**  Mr. Hunter is dependent in mobility.  If he is in a wheelchair, someone else has to push him.  If he is attempting to walk he must wear a gait belt and have someone provide contact guard assistance.  Mr. Hunter requires assistance with all activities of daily living.

PATIENT:     **EARLBON HUNTER**
DATE:        **MARCH 29, 2012**
PAGE:        **21**

## ANTICIPATED FUTURE MEDICAL NEEDS:

Physician follow-up: Earlbon Hunter needs to see a neurologist, treating him for a combination of Parkinson's disease, dementia and depression, an average of 6 times per year for the rest of his life. However, even without the April 2009 injury, Mr. Hunter would have needed similar evaluation and treatment.

Based to a reasonable degree of medical certainty, Mr. Hunter will need to see a urologist an average of 2 times per year for the rest of his life[8].

Urology and urodynamic needs: Secondary to Earlbon Hunter's neurogenic bladder, he needs to see a urologist and have a urinalysis and urine culture an average of 2 times per year for the rest of his life[8]. He needs to have a renal ultrasound an average of once every 2-years for the rest of his life. He needs a urodynamic study with cystoscopy at least one time at this time. He needs renal function study such as nuclear medicine renal study an average of once every 2-years. Additional urologic evaluation and treatment is likely to be necessary but will depend on the results of the above studies.

Psychiatric/psychological care: Earlbon Hunter needs education and counseling[10,11]. I would estimate that Mr. Hunter needs approximately 4 sessions of counseling and education per year for the rest of his life. His family, particularly his sister Robbie Hunter, needs education and counseling[10,11]. I would estimate that she also would need an average of 4-sessions of counseling and education per year for the rest of Mr. Hunter's life.

Need for in-patient rehabilitation: None anticipated

Out-patient rehabilitation needs: Earlbon Hunter is going to require 24-hour care for the rest of his life. He could be placed in a long-term residential facility. There his rehabilitation needs, including recreational needs, will be provided at the facility. If he is going to be kept home with 24-hour care, Mr. Hunter will need a regular home exercise program. He will require special equipment for the rest of his life. This equipment is going to require re-evaluation and prescription on a regular basis. For equipment needs, he should be evaluated an average of 1-time per year by a well-trained occupational therapist and physical therapist regarding wheelchair, hospital bed, home equipment, etc. In addition to this, Earlbon Hunter needs his home exercises. His caregivers will need to be distantly overseen by a physical therapist and occupational therapist. Due to this, I would anticipate he will require his caregivers to be trained in positioning and stretching exercises and mobility exercises, an average of 3 sessions per year of physical therapy and 3 sessions per year of occupational therapy.

**PATIENT:    EARLBON HUNTER**
**DATE:        MARCH 29, 2012**
**PAGE:        22**

Earlbon Hunter has had some swallowing dysfunction[12,13]. He needs to be re-evaluated by a speech pathologist regarding swallowing approximately once every 2 years for the rest of his life[14].

In the state of Mississippi, there are increasing opportunities for recreation for people in wheelchairs. Earlbon Hunter and his caregivers need the opportunity at this time to learn about the programs and participate in them. If Earlbon Hunter is to be in a residential facility, his recreational therapy would be included. If he is at home, I would estimate that over the next 2 years Mr. Hunter would benefit from participating in recreational therapy an average of 6 sessions per year. After the first two years, he should have the opportunity to participate in recreational therapy 2 times per year, on average, and on an as-needed basis.

**Long-term residential needs:** Earlbon Hunter is dependent in mobility and self-care. He needs someone available to him 24-hours per day. He needs about 16-hours per day of direct assistance. He is dependent in all extended activities of daily living. He is dependent in mobility, self-care, homemaking, housekeeping, shopping, carrying, helping with medical needs, yard maintenance, etc. He will never be independent with any of this in his life. If he is to live at home with his sister, he will require 24-hour care for the rest of his life. Another option would be to place Earlbon Hunter in a long-term residential facility such as Hammond Place in Hammond, Louisiana, TASS Brain Injury Rehabilitation in Ponchatoula, Louisiana, or Neurologic Rehabilitation Living Center in Covington, Louisiana.

Alternatively it would be possible for Earlbon Hunter to be managed in his home, 24-hours a day, for the rest of his life. Earlbon Hunter is unable to direct his own care. If his family members, particularly his sister Robbie Hunter, is willing to accept responsibility for direction of his care, certified nursing assistants are acceptable. However, Earlbon Hunter is not competent to direct his own care. If family members are unable or unwilling to provide direction for his care, then home care would be at a LPN level.

**ANTICIPATED FUTURE MEDICATION NEEDS:** Based to a reasonable degree of medical certainty, Earlbon Hunter will continue to require medications similar to what he is taking at this time. All medications are, to a reasonable degree of medical certainty, related to the April 2009 injury, except: Zyrtec and some of his anti-Parkinson's medication. At this time, Mr. Hunter is on three medications for Parkinson's disease, including Sinemet, Comtan and Selegiline. Prior to his injury, Mr. Hunter was only on a single medication for Parkinson's disease and his Parkinson's was much better

PATIENT:    **EARLBON HUNTER**
DATE:       **MARCH 29, 2012**
PAGE:       23

controlled. I would estimate that, without this injury, Mr. Hunter would be on only Sinemet.

**LABAROTORY STUDIES:** Earlbon Hunter needs to have his bowels checked for blood an average of 1 time per year for the rest of his life. He should have a 24-hour urine for creatinine clearance an average of once every 2 years. He should have a urinalysis and urine culture as mentioned above. He should have a CBC an average of 1 time per year for the rest of his life. He should have a comprehensive metabolic panel an average of 1 time per year for the rest of his life. The CBC and comprehensive metabolic panel would have been medically necessary, even if he had not had the April 2009 injury.

To a reasonable degree of medical certainty, Mr. Hunter should have his thyroid checked at least 1 time. To a reasonable degree of medical certainty, secondary to chronic anti-coagulation, Mr. Hunter needs a PT and INR an average of 1 time per month for the rest of his life.

**MEDICAL SUPPLIES[15]:** Earlbon Hunter requires incontinent pads (blue pads). He should use approximately 2 external catheters per day. He also needs sterile red rubber catheters to be used on an as-needed basis to empty his bladder. He needs drainage systems for his urine including leg bags and bed bags. He will require skin lotions to be used as a barrier for his skin to protect him from stool and urine. His caregiver should have germicidal soap. Other medical supplies will be necessary.

**DURABLE MEDICAL EQUIPMENT:** Earlbon Hunter would benefit from a hospital bed with a egg crate mattress[16,17]. He needs a manual wheelchair. He needs an appropriate cushion for his manual wheelchair[18]. Mr. Hunter needs an accessible home including a roll-in shower with commode chair[19,20]. The whole home should be accessible, except the kitchen does not need to be made accessible for cooking[19,20]. He will not be able to cook independently. He needs portable accessibility such as portable ramps. He may benefit from some recreational equipment. When he travels he needs a separate shower chair, accessible van, etc. Mr. Hunter needs a gait belt.

**PROSTHETIC NEEDS:** Mr. Hunter has an appropriate prosthesis. It should be adjusted and replaced as necessary.

PATIENT:   EARLBON HUNTER
DATE:      MARCH 29, 2012
PAGE:      24


**TRANSPORTATION NEEDS:** Mr. Hunter needs a vehicle where his wheelchair can be transported with him[21].


**ADDITIONAL SURGICAL NEEDS:** None anticipated to a reasonable degree of medical certainty.


**VOCATIONAL ISSUES:** Earlbon Hunter was disabled prior to this injury. He is disabled by anybody's definition.


**LIFE EXPECTANCY:** Based to a reasonable degree of medical certainty, and based on the National Vital Statistics Report, Center for Disease Control, United States Life Tables, 2006, published June 28, 2010, Mr. Earlbon Hunter would have a life expectancy of 21.8 years as of this date.


> Again, it is stressed to Earlbon Hunter and his sister, Robbie Hunter, that Earlbon Hunter was here for an evaluation only. No treatment was rendered and no doctor/patient relationship was established. Further since the purpose of this visit was an Independent Medical Evaluation there is no confidentiality. Earlbon Hunter and his sister, Robbie Hunter, both state they understand this.

> All opinions expressed in this report are to a reasonable degree of medical certainty unless specifically stated otherwise.


Howard T. Katz, M.D.

HTK/er

PATIENT:    **EARLBON HUNTER**
DATE:       **MARCH 29, 2012**
PAGE:       **25**


## BIBLIOGRAPHY

1.  Brodd, Edward, Glen Curtiss, Elaine S. Date, Jennifer L. DiGrazia, Hsiu-Chen
    Huang, David Jaffe, Henry L. Lew, Sandra Ludgren, James M. MacAulay, Karen
    Moore, Rebecca Mullins and Rebecca Mumpower. "Veterans Health Initiative -
    Traumatic Brain Injury". 2004, Rodney Vanderploeg, ed.
    http://www.vcampus.com/valo.

2.  Barzilai, A and E. Melamed. "Molecular mechanisms of selective dopanimergic
    neuronal  death in Parkinson's disease". 2003, **Trends in Molecular Medicine**,
    vol 9(3), pp 126-132.

3.  Hutson, C.B., C.R. Lazo, F. Mortazavi, C.C. Giza, D. Hovda and M. F. Chesselet.
    "Traumatic brain injury in adult rats causes progressive nigrostriatial
    dopaminergic cell loss and enhanced vulnerability to the pesticide paraquat".
    2011, **Journal of Neurotrauma**, vol 28(9), pp 1783-1801.

4.  Kiraly, M. and S.J. Kiraly.  "Traumatic brain injury and delayed sequelae: a
    review -- traumatic brain injury (concussion) are precursors to later-onset brain
    disorders, including early-onset dementia". 2007, **The Scientific World
    Journal**, vol 12(7),   pp 1768-1776.

5.  Inoue, Takeshi, Mayumi Kitagawa, Teruaki Tanaka, Shin Nakagawa and Tsukasa
    Koyama.  "Depression and major depressive disorder in a patient with Parkinson's
    disease". 2010, **Movement Disorders**, vol 25(1), pp 44-49.

6.  Mathias, Jane L., and Jasmine L. Coats.  "Emotional and cognitive sequelae to
    mild traumatic brain injury". 1999, **Journal of Clinical and Experimental
    Neuropsychology**, vol 21(2), pp 200-213.

7.  Metzger, Anne H., Patricia R. Wigle, Bradley E. Hein, Kim Thrasher, Karissa Y.
    Kim and Joseph Kiesler. "Treating DVT: Answers to 7  key questions". 2010,
    **The Journal of Family Practice**, vol  59(11), pp 616-622a.

8.  Jeong, S.J., S.Y. Cho and S.J. Oh.  "Spinal  cord/brain injury and the neurogenic
    bladder". 2010, **The Urologic Clinics of North America**, vol 37(4), pp 537-546.

9.  Sakadibara, R. T. Uchiyama, T. Yamanishi, K. Shirai and T. Hattori. "Bladder
    and bowel dysfunction in Parkinson's disease". 2008, **Journal of Neural
    Transmission**,  vol 115, pp 443-460.

PATIENT:    EARLBON HUNTER
DATE:        MARCH 29, 2012
PAGE:        26

10. Rotondi, A.J.,,, J. Sinkule, K. Balzer, J. Harris and R. Moldovan. "A qualitative needs assessment of persons who have experienced traumatic brain injury and their primary family caregivers". 2007, **Journal of Head Trauma Rehabilitation**, vol 22(1), pp 14-25.

11. "Psychosocial counseling in Parkinson's disease". 2002, **Movement Disorders**, vol 17, pp S160-S162. Doi:10.1002/mds.5577.

12. Morgan, A.S. and L.E. Mackay. :Causes and complications associated with swallowing disorders in traumatic brain injury". 1999, **Journal of Head Trauma Rehabilitation**, vol 14(5), pp 454-461.

13. Troche, Michelle, Irene Huebner, John Rosenbek, Michael Okun adnChristine Sapienza. "Respiratory-swallowing coordination and swallowing safety in patients with Parkinson's disease". 2011, **Dysphagia**, vol 26(3), pp 218-224.

14. "Speech therapy in Parkinson's disease". 2002, **Movement Disorders**, vol 17, pp S163-S168. Doi:10.1002/mds.5578.

15. Consortium for Spinal Cord Medicine, Todd A. Linsenmeyer, chairman. **Bladder Management for Adults with Spinal Cord Injury: A Clinical Practice Guideline for Health-Care Providers**. 2006, Paralyzed Veterans of America.

16. Moody, Parivash, Irene Gonzales and Virginia Young Cureton. "The effect of body position and mattress type on interface pressure in quadriplegic adults: a pilot study". 2004, **Dermatology Nursing**, vol 16(6), pp 507-512.

17. De Laat, Erik H., Lisette Schoonhoven, Peter Pickkers, Andre L. Verbeek and Theo Van Achterberg. "Implementation of a new policy results in a decrease of pressure ulcer frequency". 2006, **International Journal for Quality in Health Care**, vol 18(3), pp 107-112.

18. Samuelsson, Kersti, Harriet Larsson, Mikael  Thyberg and Björn Gerdle. "Wheelchair seating intervention. Results from client-centred approach". 2001, **Disability and Rehabilitation**, vol 23(15), pp 677-682.

PATIENT:   EARLBON HUNTER
DATE:        MARCH 29, 2012
PAGE:        27

19. Spreser, Scott.  "Designing for spinal cord injury".  2006, **Nursing Homes Magazine,** May, pp 54-56.

20. Davies, Thomas D. and Carlo Peredo Lopez.  **Accessible Home Design – Architectural Solutions for the Wheelchair User, second edition.** 2006, Paralyzed Veterans of America, pub. Washington.

21. Biering-Sørensen, F., R.B. Hansen and J. Beiring- Sørensen. "Mobility aids and transport possibilities 10-45 years after spinal cord injury".  2004, **Spinal Cord,** vol 42, pp 699-706.

## CURRICULUM VITAE

### Nathaniel Fentress, MS, CRC, CCM
### Rehabilitation Counselor

**ADDRESS**

3535 Bienville Street
Suite W440
New Orleans, Louisiana 70119

1151 North State Street
Suite 511
Jackson, Mississippi 39202

**TELEPHONE**

(504) 522-6211

(601) 355-7550

**ACADEMIC PREPARATION**

1974    Master of Science Degree in Counseling, University of Southern Mississippi, Hattiesburg, Mississippi 39401

1973    Bachelor's Degree, College of Liberal Arts, double major in History and Sociology The University of Southern Mississippi, Hattiesburg, Mississippi 39401

**LICENSE**

1989    Licensed Rehabilitation Counselor - State of Louisiana
        License Number 45

1986    Licensed Professional Counselor - State of Mississippi
        License Number 40

**PROFESSIONAL CERTIFICATION**

1993    Certified Case Manager, Commission for Case Manager Certification, Certificate Number 1100, 1835 Rohlwing Road, Suite D, Rolling Meadows, Illinois 60008.





# NATHANIEL FENTRESS
### REHABILITATION COUNSELOR
### FEE SCHEDULE
### AS OF JANUARY 2009

**I.**   **VOCATIONAL EVALUATION**
*Vocational Rehabilitation Evaluation (fee)*                          $1,500.00

**II.**   **LIFE CARE PLAN (with or without Vocational Rehabilitation Evaluation):**

*Retainer Fee*                                                        $3,500.00
*\*\*\* Plus $200.00 per hour, in excess of 20 hours.  (Most plans with or without
Vocational Rehabilitation Evaluation typically exceeds the retainer fee with a range from
a minimum of $3,500.00 to approximately $10,000.00 for evaluations of a high level
quadriplegic, a severe brain injured person or a person requiring total care)*

**III.**   **HOURLY RATES**
*Professional Time (per hour)*                                        $  200.00
*Travel and Waiting Time (per hour)*                                  $  200.00
*Maximum Daily Rate: Professional, Travel and Waiting*                $2,000.00

**IV.**   **TESTIMONY**
*Discovery Transcript Deposition (fee) \* +*                          $  800.00
*Discovery Video Deposition (fee) \* +*                               $1,200.00
*Trial Deposition (fee) \* +*                                         $1,200.00
*Trial Testimony maximum (fee per day)*                               $2,000.00

*\* Please note that if a deposition goes into the third hour, an additional $400.00 will be
charged, and if into the fifth hour, an addition $400.00 will be charged for a daily
maximum of $2,000.00.
+ Please note that depositions will not exceed more than six hours per day.*

**V.**   **EXPENSES**
*Actual Expenses (i.e. airfare, lodging, rental car, etc) at the actual rate charged*

Please review and sign this Fee Schedule and fax it to 601-968-0896 acknowledging that
you have received and understand the Fee Schedule. Your signature implies that you will
provide prompt payment within thirty days of all billed fees.

_____
**Signature**



North State Street ■ Suite 511            E-Mail               New Orleans, Louisiana
son, Mississippi 39202                    nfrehab@att.net       (504) 522-6211 ■ (504) 622-5131 (FAX)
) 355-7550 ■ (601) 968-0896 (FAX)

*Nathaniel Fentress*
*Curriculum Vitae*
*page five*

| February 10, 1987 | Loyola Law School<br>Annual Longshore Conference<br>Panel Member<br>New Orleans, Louisiana |
| --- | --- |
| January 10, 1986 | "Soft Tissue Injuries Seminar"<br>Mississippi Trial Lawyers Association<br>Jackson, Mississippi |
| May 8, 1985 | "Vocational Rehabilitation Evaluation"<br>Methodist Rehabilitation Center<br>Jackson, Mississippi |
| January 22, 1982 | "Utilization of a Vocational Rehabilitation Expert in Establishing<br>Loss of Wage Earning Capacity"<br>Mississippi Trial Lawyers Association<br>Jackson, Mississippi |

## PUBLICATIONS

1986    "An Integrated Approach to the Clinical, Vocational and Social Parameters in Arthritis Management" Guy T. Vise, Jr., M.D., James K. Hensarling, M.D., Ernest Harrison, Ph.D., Suzanne Posey, R.P.T., Becky Bodie, O.T.R., Nathaniel Fentress, C.R.C., Sponsored by Phizer Laboratories

## APPOINTMENTS

| 1988-1991 | Chairman, Governor's Office of Handicapped Services Advisory Board<br>Honorable Ray Mabus, Govenor<br>State of Mississippi |
| --- | --- |
| 1997- Present | Board Member, Brain Injury Association of Mississippi |
| 2002- Present | Member, The Advisory Board and Peer Review Committee,<br><u>Journal of Forensic Vocationology</u> |

EXPERT TRIAL TESTIMONY AND DEPOSITIONS
BY
NATHANIEL FENTRESS, MS, CRC, CCM
2000

1.   Discovery Deposition - January 13, 2000; Thomas Barnett case, Retained by James Gaidry, Jr., Attorney at Law, Jackson, Mississippi.

2.   Trial Testimony - District Court, Houma Louisiana - January 25, 2000; Harold Hammond case, Retained by Timothy Young, Attorney at Law, New Orleans, Louisiana.

3.   Discovery Deposition - January 27, 2000; Chad Vosburg case, Retained by Bruce Macmurdo, Attorney at Law, Baton Rouge, Louisiana.

4.   Trial Testimony - U.S. District Court, Hattiesburg, Mississippi - February 16, 2000; David Drennan case, retained by Edward Sanders, Attorney at Law, Jackson Mississippi.

5.   Discovery Deposition - February 21, 2000; Gracie Deville Case, retained by Andre Gauthier, Attorney at Law, Gonzales, Louisiana.

6.   Discovery Deposition - February 28, 2000; Emmett Hyde Case, Retained by Steven Wittman, Attorney at Law, Metairie, Louisiana.

7.   Trial Testimony - District Court, Hahnville, Louisiana - March 14, 2000, Patrick King Case, Retained by Timothy Young, Attorney at Law, New Orleans, Louisiana.

8.   Discovery Deposition - April 4, 2000, Charles Jones case, Retained by Edward Blackmon, Attorney at Law, Canton, Mississippi..

9.   Trial Deposition - Circuit Court, Sharkey County, Mississippi, May 22, 200, Johnny Alexander case, Retained by Tylvester Goss, Attorney at Law, Jackson, Mississippi.

10.  Trial Testimony - U.S. District Court, New Orleans, Louisiana, Thomas Dennis case, May 23, 2000, Retained by Richard Breaux, Attorney at Law, Houma, Louisiana.

11.  Trial Testimony - Office of Workers - Compensation, New Orleans, Louisiana, Shane Harris case, May 23, 2000, Retained by David Abramson, Attorney at Law, New Orleans, Louisiana.

12.  Trial Deposition - District Court Lafourche Parish, June 1, 2000, Billy Woods case, Retained by John Orgeron, Attorney at Law, Golden Meadow, Louisiana.

13.  Trial Deposition - Circuit Court of Harrison County - June 6, 2000, Keith McGoey case, Retained by James Wetzel, Attorney at Law, Gulfport, Mississippi.

14. Trial Deposition – Civil District Court, Orleans Parish, Louisiana, June 8, 2000, Retained by David Colvin, Attorney at Law, Gretna, Louisiana.

15. Discovery Deposition– July 24, 2000; Timothy Cotone case, Retained by Frederick Kessenich, Attorney at Law, New Orleans, Louisiana.

16. Trial Testimony– U.S. District Court, New Orleans, Louisiana, Randy Brunet case, August 1, 2000, Retained by Jerry Hermann, Attorney at Law, Houma, Louisiana.

17. Trial Testimony– Circuit Court of Newton County, August 3, 2000; Erma Graham case, Retained by Vincent Carraci, Attorney at Law, Jackson, Mississippi.

18. Discovery Deposition– August 18, 2000; John Swink case, Retained by Michael Samanie, Attorney at Law, Houma, Louisiana.

19. Discovery Deposition– August 24, 2000; Adelia Brunette case, Retained by Michael Samanie, Attorney at Law, Houma, Louisiana.

20. Discovery Deposition– August 25, 2000; Corey Ricca case, Retained by Andre Gauthier, Attorney at Law, Gonzales, Louisiana.

21. Trial Deposition– Mississippi Worker=s Compensation Commission, September 18, 2000; William Hopkins case, Retained by Kinney Swain, Attorney at Law, Greenville, Mississippi.

22. Trial Testimony– District Court, St. James Parish, October 10, 2000, Robert Phillips case, Retained by Lawrence Arcell, Attorney at Law, New Orleans, Louisiana.

23. Trial Deposition– District Court, Lafourche Parish, October 19, 2000, Michael Blaisdell Case, Retained by Jason Lyons, Attorney at Law, Houma, Louisiana.

24. Discovery Deposition– November 1, 2000, Mitchell Bartholomew case, Retained by Edward Sherman, Attorney at Law.

25. Trial Testimony– Circuit Court, Adams County, Georgia Hardy case, December 7, 2000, Retained by Bryan Calloway, Attorney at Law, Natchez, Mississippi.

26. Discovery Deposition– December 15, 2000, Sandy Use case, Retained by David Allen, Attorney at Law, Houma, Louisiana.

## EXPERT TRIAL TESTIMONY AND DEPOSITIONS
### BY
### NATHANIEL FENTRESS, MS, CRC, CCM
### 2001

1. Discovery Deposition - January 18, 2001; Jose Cruz Case, Retained by Tracey Rannals, Attorney at Law, New Orleans, Louisiana.

2. Discovery Deposition - January 23, 2001; Jadwin Derouselle Case, Retained by David Laborde, Attorney at Law, Lafayette, Louisiana.

3. Discovery Deposition - January 25, 2001; Tom Dennis Case, Retained by Richard Breaux, Attorney at Law, Houma, Louisiana.

4. Social Security Hearing - January 29, 2001; Larry Aucoin Case, Retained by Michael Samanie, Attorney at Law, Houma, Louisiana.

5. Trial Testimony - Civil District Court, New Orleans, Louisiana - January 30, 2001, Ellen Alexis Case, Retained by James Cazalot, Attorney at Law, New Orleans Louisiana.

6. Discovery Deposition - February 10, 2001; Traconitis Ivory case, Retained by Philip Carby, Attorney at Law, Natchez, Mississippi.

7. Discovery Deposition - February 20, 2001; John Huey Case, Retained by Michael Stag, Attorney at Law, New Orleans, Louisiana.

8. Trial Deposition - March 7, 2001; Bobbie Temple case, Retained by John Hall, Attorney at Law, Birmingham, Alabama.

9. Trial Testimony - United States Federal Court, Brooklyn, New York, March 8, 2001, John Bailey case, Retained by Paul Hofmann, Attorney at Law, New York, New York.

10. Trial Deposition - March 6, 2001; Michael Rayborn case, Retained by Timothy Young, Attorney at Law, New Orleans, Louisiana.

11. Discovery Deposition - March 21, 2001; Keyosha Suber case, Retained by Edward Williamson, Attorney at Law, Philadelphia, Mississippi.

12. Trial Testimony - Civil District Court, New Orleans, Louisiana, Willie Jones case, April 3, 2001, Retained by Travis Causey, Attorney at Law, New Orleans, Louisiana.

13. Discovery Deposition - April 11, 2001; Darrell Moore case, Retained by Edward Sanders, Attorney at Law, Columbus, Mississippi.

14. Trial Testimony, Mississippi Workers' Compensation Commission - April 20, 2001; Deborah Klinger case, Retained by Amy Gowan, Attorney at Law, Hattiesburg, Mississippi.

15.  Trial Testimony, District Court, Thibodaux, Louisiana - April 24, 2001; Tedd Duet case, Retained by Richard Breaux, Attorney at Law, Houma, Louisiana.

16.  Trial Testimony, District Court, Franklin, Louisiana - April 25, 2001; Jeffrey Richardson case, Retained by Timothy Young, Attorney at Law, New Orleans, Louisiana.

17.  Trial Testimony, Circuit Court, Clay County, Mississippi - May 9, 2001; Jose Martinez case, Referred by Charles Gibson, Attorney at Law, Jackson, Mississippi.

18.  Discovery Deposition - May 10, 2001; Lisa Saulet case, Referred by Laurence Cohen, Attorney at Law, New Orleans, Louisiana.

19.  Discovery Deposition - May 15, 2001; Charles Powell case, Referred by Julie Ardoin, Attorney at Law, New Orleans, Louisiana.

20.  Trial Testimony - Circuit Court, Claiborne County, Mississippi, May 29, 2001; Clancy McGrew case, Retained by Michael Keyton, Attorney at Law, Port Gibson, Mississippi.

21.  Discovery Deposition - May 31, 2001; Jean Bumbraugh case, Referred by William Denton, Attorney at Law, Biloxi, Mississippi.

22.  Discovery Deposition - June 14, 2001; Tami Sellers case, Retained by Laurence Cohen, Attorney at Law, New Orleans, Louisiana.

23.  Trial Testimony - Circuit Court, Pike County, Mississippi, July 17, 2001; Stanley Fells case, Retained by Tylvester Goss, Attorney at Law, Jackson, Mississippi.

24.  Social Security Hearing - New Orleans, Louisiana, July 19, 2001; Christian Chauvin case, Retained by Michael Samanie, Attorney at Law, Houma, Louisiana.

25.  Trial Deposition - July 20, 2001; Jeffery Windham Case, Chancery Court, Jones County, Mississippi, Retained by Billie Graham, Attorney at Law, Laurel, Mississippi.

26.  Discovery Deposition - July 31, 2001; Scott Prince case, Retained by Christopher St. Martin, Attorney at Law, Houma, Louisiana.

27.  Discovery Deposition - August 1, 2001; Thomas Ray case, Retained by Charles Bourque, Attorney at Law, Houma, Louisiana.

28.  Discovery Deposition - August 3, 2001; Kent Daigle Case, Retained by Richard Breaux, Attorney at Law, Houma, Louisiana.

29.  Discovery Deposition - August 7, 2001; Francis Vercher case, Retained by Michael Stag, Attorney at Law, New Orleans, Louisiana.

30.  Discovery Deposition - August 27, 2001; Reno Parson case, Retained by John Davidson, Attorney at Law, Alexandria, Louisiana.

31.    Discovery Deposition – September 6, 2001; Joe Alexander case, Retained by Timothy Ellender, Attorney at Law, Houma, Louisiana.

32.    Trial Testimony – November 1, 2001; Circuit Court, Crittenden County, Arkansas, Richard Hamilton case, Retained by Michael Green, Attorney at Law, Tulsa, Oklahoma.

33.    Trial Deposition – November 9, 2001; Walter Warfield case, Mississippi Workers= Compensation Commission, Retained by Kinney Swain, Attorney at Law, Greenville, Mississippi.

34.    Discovery Deposition – November 15, 2001; Lisa Gilmore case, Retained by Michael Keyton, Attorney at Law, Port Gibson, Mississippi.

35.    Trial Testimony Deposition – December 3, 2001; David Ray case, Retained by Harold Barkley, Attorney at Law, Aberdeen, Mississippi

36.    Trial Testimony – December 5, 2001; Circuit Court, Carroll County, Mississippi, Retained by James Littleton, Attorney at Law, Greenwood, Mississippi

37.    Trial Testimony Deposition – December 10, 2001; Mississippi Workers= Compensation, Prentiss Wilson case, Retained by Deborah McDonald, Attorney at Law, Natchez, Mississippi

## EXPERT TRIAL TESTIMONY AND DEPOSITIONS
### BY
### NATHANIEL FENTRESS, MS, CRC, CCM
### 2002

1. Trial Testimony, Civil District Court, New Orleans, Louisiana - January 29, 2002; John Lam case, Retained by Edward Downer, Attorney at Law, New Orleans, Louisiana

2. Trial Testimony, Circuit Court of Madison County - February 5, 2002; Rece Vaughn case, Retained by Richard Courtney, Attorney at Law, Jackson, Mississippi

3. Trial Testimony, Circuit Court of Hinds County - February 13, 2002; David Clein case, Retained by Roderick Ward, Attorney at Law, Jackson, Mississippi

4. Trial Deposition, Circuit Court of Adams County - February 14, 2002; Helen Pilgreen case, Retained by Philip Carby, Attorney at Law, Natchez, Mississippi

5. Trial Deposition - Civil District Court, Jefferson Parish - March 1, 2002; Peggy Rouselle case, Retained by Terry Loup, Attorney at Law, New Orleans, Louisiana

6. Discovery Deposition - March 5, 2002; Nicholas Pleasant case, Retained by John Morton, Attorney at Law, Alexandria, Louisiana

7. Trial Testimony, United States District Court, Brooklyn, New York - March 13, 2002; Louis duTreil case, Retained by Paul Hofmann, Attorney at Law, New York, New York

8. Trial Testimony, Circuit Court, Kosciusko, Mississippi - March 14, 2002; Eric Scott Pope case, Retained by Ottowa Carter, Attorney at Law, Jackson, Mississippi

9. Trial Testimony Deposition, District Court of Jefferson Parish - March 21, 2002; Sharon Hernandez case, Retained by Mark Winsberg, Attorney at Law, New Orleans, Louisiana

10. Discovery Deposition - April 22, 2002; Michael Austin case, Retained by Thomas Jones, Eupora, Mississippi

11. Trial Testimony - District Court Lafourche Parish - April 30, 2002; Betty Bourg case, Retained by Jerry Hermann, Attorney at Law, Houma, Louisiana

12. Discovery Deposition - May 29, 2002; Susan Philibert case, Retained by Susan Philibert.

13. Discovery Deposition - June 10, 2002; Dennis Gardner case, Retained by David Dunbar, Attorney at Law, Jackson, Mississippi.

14. Trial Testimony - Civil District Court, Houma, Louisiana - June 18, 2002; Eric Trahan case, Retained by Joseph Kopfler, Attorney at Law; Houma, Louisiana.

15. Trial Testimony - Circuit Court of Benton County - June 25, 2002; Dennis Gardner case, Retained by David Dunbar, Attorney at Law; Jackson, Mississippi.

16. Trial Deposition - Chancery Court, Jones County; July 8, 2002; Jeffrey Windham case, Retained by Billie Graham, Attorney at Law; Laurel, Mississippi.

17. Discovery Deposition - August 12, 2002; James McManus case, Retained by Philip Carby, Attorney at Law; Natchez, Mississippi.

18. Trial Testimony - Civil District Court, Houma, Louisiana - August 21, 2002; David Louviere case, Retained by Christopher St. Martin, Attorney at Law; Houma, Louisiana.

19. Discovery Deposition - August 22, 2002; Gary Fitch case; Retained by Jerry Hermann, Attorney at Law; Houma, Louisiana.

20. Discovery Deposition - August 29, 2002; Sheila Hopkins case; Retained by Glenn Lieberman, Attorney at Law; New Orleans, Louisiana.

21. Discovery Deposition - September 12, 2002; Thomas Marse case; Retained by Donald Carmouche, Attorney at Law, Gonzales, Louisiana.

22. Trial Testimony - Circuit Court of Hinds County - September 24, 2002; Priness Taylor case; Retained by Ashley Ogden, Attorney at Law; Jackson, Mississippi.

23. Discovery Deposition - September 27, 2002; Wanda Parker case; Retained by Philip Carby, Attorney at Law; Natchez, Mississippi.

24. Discovery Deposition - October 10, 2002; Veronica Octavio; Retained by Paul Minor, Attorney at Law, Biloxi, Mississippi.

25. Discovery Deposition - October 11, 2002; Eduardo Urdaneta; Retained by Paul Minor, Attorney at Law, Biloxi, Mississippi.

26. Discovery Deposition - October 11, 2002; Milagros Albers; Retained by Paul Minor, Attorney at Law, Biloxi, Mississippi.

27. Discovery Deposition - October 11, 2002; Alfredo Albers; Retained by Paul Minor, Attorney at Law, Biloxi, Mississippi.

28. Trial Deposition, Circuit Court, Hot Springs, Alabama; October 18, 2002; James Kastel Case, Retained by Stuart Smith, Attorney at Law, New Orleans, Louisiana.

29. Discovery Deposition - October 21, 2002; Nicola Williams case, Retained by Ford Hardy, Attorney at Law, New Orleans, Louisiana.

30. Discovery Depositions - November 12, 2002; Montes de Oca cases, Retained by Paul Minor, Attorney at Law, Biloxi, Mississippi.

31. Discovery Deposition – December 4, 2002; Michael Everitt case, Retained by James Cazalot, Attorney at Law, New Orleans, Louisiana.

32. Discovery Deposition – December 9, 2002; Cathy Parr case, Retained by William Cavanagh. Attorney at Law, Jackson, Mississippi.

## TRIAL TESTIMONY AND DEPOSITIONS
### BY
### NATHANIEL FENTRESS, MS, CRC, CCM
### 2003

1. Trial Testimony - Circuit Court of Sunflower County, Mississippi, January 6, 2003; Henry Turner case, Retained by Calvin Williams, Attorney at Law, Jackson, Mississippi.

2. Discovery Deposition - January 8, 2003; Kenneth Hougas case, Retained by Timothy Young, Attorney at Law, New Orleans, Louisiana.

3. Discovery Deposition - January 17, 2003; Paula Hoerner case, Retained by Jerry Sullivan, Attorney at Law, Metairie, New Orleans, Louisiana.

4. Discovery Deposition -- February 11, 2003; Vernon Cooper case, Retained by Gregory Weiss, Attorney at Law, New Orleans, Louisiana.

5. Trial Testimony -- United States District Court, Scranton, Pennsylvania, February 13, 2003; David Vargo case, Retained by Drew Dedo, Attorney at Law, Philadelphia, Pennsylvania

6. Discovery Deposition -- February 20, 2003; Laird Scott case, Retained by Robert Wygul, Attorney at Law, Biloxi, Mississippi.

7. Trial Deposition Testimony -- Mississippi Workers' Compensation Commission, February 27, 2003; Terry Oswalt case, Retained by Kinney Swain, Attorney at Las, Greenville, Mississippi.

8. Discovery Deposition -- March 3, 2003; Harry Bonvillian case, Retained by James Cazalot, Attorney at Law, New Orleans, Louisiana.

9. Trial Testimony -- Circuit Court of Hinds County, Mississippi, March 18, 2003; Deborah Partian case, Retained by Myles Parker, Attorney at Law, Jackson, Mississippi.

10. Discovery Deposition -- March 28, 2003; Nelson Hanks case, Retained by Ja'nell Gustafson, Attorney at Law, Gulfport, Mississippi.

11. Trial Testimony -- Circuit Court of Hinds County, Mississippi, April 1, 2003; Willie Johnson case, Retained by Herbert Lee, Attorney at Law, Jackson, Mississippi.

12. Discovery Deposition - April 8, 2003; Walter Marmillion case, Retained by Jerry Hermann, Attorney at Law, Houma, Louisiana.

13. Discovery Deposition - April 11, 2003; Willie Tucker case, Retained by Laurence Arcell, Attorney at Law, New Orleans, Louisiana.

14. Trial Testimony – Circuit Court of Pike County, Mississippi, April 15, 2003; Don Bassett case, Retained by Katherine Kemp, Attorney at Law, Hattiesburg, Mississippi.

15. Discovery Deposition – May 2, 2003; Carlo Crifasi case, Retained by Timothy Young, Attorney at Law, New Orleans, Louisiana.

16. Trial Testimony – District Court of Plaquemines Parish, Louisiana, May 13, 2003; Carlo Crifasi case, Retained by Timothy Young, Attorney at Law, New Orleans, Louisiana.

17. Trial Testimony – Circuit Court of Lincoln County, Mississippi, May 20, 2003; James Kelly case, Retained by Roderick Ward, Attorney at Law, Jackson, Mississippi.

18. Trial Testimony – United States District, New Orleans, Louisiana, May 20, 2003; Rickey Brown case, Retained by Robert Young, Attorney at Law, New Orleans, Louisiana.

19. Discovery Deposition – May 21, 2003; Robin Hunt case, Retained by Irving Warshauer, Attorney at Law, New Orleans, Louisiana.

20. Discovery Deposition – June 2, 2003; Ryan Andrews case, Retained by Donald Carmouche, Attorney at Law, Gonzales, Louisiana.

21. Trial Testimony – District Court of Terrebonne Parish, Louisiana, June 3, 2003; Laban Robichaux case, Retained by Richard Breaux, Attorney at Law, Houma, Louisiana.

22. Discovery Deposition – June 6, 2003; Erica Hauer case, Retained by Deborah McDonald, Attorney at Law, Natchez, Mississippi.

23. Discovery Deposition – June 10, 2003; Robert Anderson case, Retained by William Denton, Attorney at Law, Biloxi, Mississippi.

24. Discovery Deposition – June 27, 2003; Timothy Lloyd case, Retained by Ellis Turnage, Attorney at Law, Clarksdale, Mississippi.

25. Discovery Deposition – June 30, 2003; Grady Nicely case, Retained by Stanley Rogers, Attorney at Law, Manchester, Tennessee.

26. Trial Testimony – United States District Court, Hattiesburg, Mississippi; July 15, 2003; Robert Anderson case, Retained by William Denton, Attorney at Law, Biloxi, Mississippi.

27. Discovery Deposition – July 16, 2003; Kaylem Matherue case, Retained by Michael Stag, Attorney at Law, New Orleans, Louisiana.

28. Discovery Deposition – July 17, 2003; Charles Spahr case, Retained by Harry Hoskins, Attorney at Law, New Orleans, Louisiana.

29. Discovery Deposition – August 7, 2003; Tana Hebert case, Retained by John Morton, Attorney at Law, Alexandria, Louisiana.

30. Trial Testimony – Civil District Court, New Orleans, Louisiana; September 4, 2003; Tana Hebert case, Retained by John Morton, Attorney at Law, Alexandria, Louisiana.

31. Discovery Deposition – September 29, 2003; Hunter Joffrion case, Retained by Philip Carby, Attorney at Law, Natchez, Mississippi.

32. Trial Deposition – October 22, 2003; Robin Hunt case, Retained by Irving Warshauer, Attorney at Law, New Orleans, Louisiana.

33. Trial Deposition – October 23, 2003; Mississippi Workers' Compensation Commission, David Kleepsie case, Retained by Kinney Swain, Attorney at Law, Greenville, Mississippi.

34. Trial Deposition – October 29, 2003; St. Charles Parish, Louisiana, Fred Williams case, Retained by Glenn Lieberman, Attorney at Law, New Orleans, Louisiana.

35. Discovery Deposition – November 7, 2003; Kenneth Cooper case, Retained by Michael Samanie, Attorney at Law, Houma, Louisiana.

36. Discovery Deposition – November 11, 2003; Herrie Lee case, Retained by Michael Casano, Attorney at Law, Gulfport, Mississippi.

37. Discovery Deposition – November 11, 2003; Luster Ishman case, Retained by Michael Casano, Attorney at Law, Gulfport, Mississippi.

38. Discovery Deposition – November 11, 2003; Alonzo Simmons case, Retained by Michael Casano, Attorney at Law, Gulfport, Mississippi.

39. Trial Deposition – November 14, 2003; Mississippi Workers' Compensation Commission, Willard Weir case, Retained by Rance Ulmer, Attorney at Law, Hattiesburg, Mississippi.

40. Trial Testimony – District Court, Houma, Louisiana; November 19, 2003; Asa Dubois case, Retained by Robert Butler, Attorney at Law, Houma, Louisiana.

41. Discovery Deposition – November 20, 2003; Bart Meyers case, Retained by David Allen, Attorney at Law, Houma, Louisiana.

42. Trial Testimony – Federal Court, New Orleans, Louisiana, November 24, 2003; Mark Phillips case, Retained by Bowdre Banks, Attorney at Law, New Orleans, Louisiana.

43. Trial Testimony – Federal Court, New Orleans, Louisiana, December 2, 2003; Jon Duffel case, Retained by Timothy Young, Attorney at Law, New Orleans, Louisiana.

44.     Discovery Deposition – December 17, 2003; Kerry LeBlanc case, Retained by Richard Breaux, Attorney at Law, Houma, Louisiana.

TRIAL TESTIMONY AND DEPOSITIONS
BY
NATHANIEL FENTRESS, MS, CRC, CCM
2004

1.  Trial Testimony – Circuit Court of Claiborne County, Mississippi, January 7, 2004; Roosevelt Harried case, Retained by James Shannon, Attorney at Law, Hazlehurst, Mississippi.

2.  Trial Testimony – Civil District Court, New Orleans, Louisiana, January 22, 2004; Terrell Parfait case, Retained by Charles Bourque, Attorney at Law, Houma, Louisiana.

3.  Trial Testimony – District Court, Jefferson Parish, Louisiana, February 10, 2004; Ernest Souhlas, Jr. case, Retained by Ernest Souhlas, Attorney at Law, Covington, Louisiana.

4.  Trial Testimony – Circuit Court of Washington County, Mississippi, February 24, 2004; Laird Scott case, Retained by Robert Wiygul, Attorney at Law, Biloxi, Mississippi.

TRIAL TESTIMONY AND DEPOSITIONS
BY
NATHANIEL FENTRESS, MS, CRC, CCM
2005

1.   Discovery Deposition- January 19, 2005; Amanda Foster case, Retained by Calvin Williams, Attorney at Law, Jackson, Mississippi.

2.   Trial Testimony - January 25, 2005; Gerald Page case, Retained by Gary Roth, Attorney at Law, New Orleans, Louisiana.

3.   Trial Deposition – January 31, 2005; Diedre Lott case, Retained by Bragg Williams, Attorney at Law, Poplarville, Mississippi.

4.   Trial Testimony - February 1, 2005; Michael Malone case, Retained by Michael Reed, Attorney at Law, Hattiesburg, Mississippi.

5.   Discovery Deposition - February 18, 2005; Josip Brackovic case, Retained by Jerry Hermann, Attorney at Law, Houma, Louisiana.

6.   Discovery Deposition - February 23, 2005; Robin Harris case, Retained by Edward Sherman, Attorney at Law, New Orleans, Louisiana.

7.   Discovery Deposition - March 17, 2005; Alvin & Charlene Murray case, Retained by Daniel Foley, Attorney at Law, New Orleans Louisiana.

8.   Discovery Deposition - March 29, 2005; Jeremy Graham case, Retained by Jack Denton, Attorney at Law, Biloxi, Mississippi.

9.   Discovery Deposition - March 30, 2005; Sidney Hill case, Retained by George Byrne, Attorney at Law, New Orleans, Louisiana.

10.   Discovery Deposition- April 8, 2005; Richard Raybourn case, Retained by Gregory Discon, Attorney at Law, New Orleans, Louisiana.

11.   Discovery Deposition- April 15, 2005; James Melear case, Retained by Daphne Pattison, Attorney at Law, Dallas Texas.

12.   Discovery Deposition- April 20, 2005; Troy Douse case, Retained by James Cazalot, Attorney at Law, Gonzales Louisiana.

13.   Workers Compensation Trial- April 27, 2005; James Pittman case, Retained by Alfred Lee Felder, Attorney at Law, McComb, Mississippi.

14.   Discovery Deposition- May 16, 2005; Kristi Walley case, Retained by Donna Emenheiser, Attorney at Law, College Station, Texas.

15.   Trial Testimony- May 17, 2005; Anthony Johnson case, Retained by Malcolm Harrison, Attorney at Law, Jackson, Mississippi.

16. Trial Testimony - June 15, 2005; Walter Winbush case, Retained by Scott Mercer, Attorney at Law, Baton Rouge, Louisiana.

17. Discovery Deposition - June 27, 2005; Robert Myles case, Retained by Deborah McDonald, Attorney at Law, Natchez, Mississippi.

18. Discovery Deposition - July 15, 2005; Lead Paint Cases, Retained by Michael Casano, Attorney at Law, Gulfport, Mississippi.

19. Discovery Deposition - August 3, 2005; Jamie Scarborough case, Retained by Rusty Gill, Attorney at Law, Biloxi, Mississippi.

20. Trial Testimony - August 16, 2005; Robert Hannah case, Retained by Timothy Young, Attorney at Law, New Orleans, Louisiana.

21. Discovery Deposition - August 23, 2005; Clifford Welch case, Retained by Robert Diliberto, Attorney at Law, New Orleans, Louisiana.

22. Discovery Deposition - September 12, 2004; Pamela Humphries case, Retained by Marshall Sanders, Attorney at Law, Vicksburg, Mississippi.

23. Trial Testimony - September 21, 2005; Robert Myles case, Retained by Deborah McDonald, Attorney at Law, Natchez, Mississippi.

24. Trial Testimony - October 5, 2005; Michael Foradori case, Retained by R.H. Burress, III, Attorney at Law, Booneville, Mississippi.

25. Discovery Deposition - October 21, 2005; Gloria Sims case, Retained by Terry Loup, Attorney at Law, New Orleans, Louisiana.

26. Trial Testimony - November 17, 2005; Kenneth Silver case, Retained by David Allen, Attorney at Law, Houma, Louisiana.

TRIAL TESTIMONY AND DEPOSITIONS
BY
NATHANIEL FENTRESS, MS, CRC, CCM
2006

1. Trial Testimony - January 4, 2006; Ofelia Martinez case, Retained by Ashley Ogden, Attorney at Law, Jackson, Mississippi.

2. Discovery Deposition - January 17, 2006; Gary Agee case, Retained by Keith Foreman, Attorney at Law, Ridgeland, Mississippi.

3. Discovery Deposition - January 17, 2006; Francis Hays case, Retained by Vincent Bowers, Attorney at Law, New Orleans, Louisiana.

4. Trial Testimony - January 19, 2006; Joseph Thames case, Retained by Timothy Young, Attorney at Law, New Orleans, Louisiana.

5. Discovery Deposition - January 20, 2006; Kelly Billiot case, Retained by Edward Sherman, Attorney at Law, New Orleans, Louisiana.

6. Trial Deposition - February 14, 2006; Ida Smith case, Retained by Ellis Turnage, Attorney at Law, Cleveland, Mississippi.

7. Discovery Deposition- February 24, 2006; Richard Krohn case, Retained by David Allen, Attorney at Law, Houma, Louisiana.

8. Discovery Deposition- March 10, 2006; Gabriel Black case, Retained by Daniel Foley, Attorney at Law, New Orleans, Louisiana.

9. Trial Testimony - March 21, 2006; Albert James case, Retained by Ashley Ogden, Attorney at Law, Jackson, Mississippi.

10. Trial Testimony - March 22, 2006; Shad Jenkins case, Retained by William Culver, Attorney at Law, New Orleans, Louisiana.

11. Trial Testimony - March 28, 2006; Gerard Gisclair case, Retained by Arlen Braud, Attorney at Law, Madisonville, Louisiana.

12. Discovery Deposition - March 29, 2006; John Paul Jones case, Retained by Edward Sherman, Attorney at Law, New Orleans, Louisiana.

13. Discovery Deposition - April 24, 2006; Jody White case, Retained by Rance Ulmer, Attorney at Law Bay Springs, Mississippi.

14. Discovery Deposition - April 26, 2006; James Funchess case, Retained by Ashley Ogden, Attorney at Law, Jackson, Mississippi.

15. Discovery Deposition - April 27, 2006; Wayne Orgeron case, Retained by Gregory Discon, Attorney at Law, New Orleans, Louisiana.

16.   Trial Testimony – April 28, 2006; Bernice Greer case, Retained by George Luter, Attorney at Law, Jackson, Mississippi.

17.   Trial Testimony – May 1, 2006; Walter Agnelly case, Retained by Kristi Post, Attorney at Law, New Orleans, Louisiana.

18.   Discovery Deposition – May 4, 2006; Rhema Anazonwu case, Retained by David Whitmore, Attorney at Law, New Orleans, Louisiana.

19.   Discovery Deposition – May 9, 2006; Randy Scott case, Retained by Marshall Sanders, Attorney at Law, Vicksburg, Mississippi.

20.   Discovery Deposition – May 18, 2006; Robin Mitchell case, Retained by Christopher Smith, Attorney at Law, Cut Off, Louisiana.

21.   Trial Testimony – July 12, 2006; William Schmidt case, Retained by Thomas Schwab, Attorney at Law, New Orleans, Louisiana.

22.   Trial Testimony – July 18, 2006; Helen Lawrence case, Retained by George Luter, Attorney at Law, Jackson, Mississippi.

23.   Trial Testimony – July 20, 2006; Lead paint cases, Retained by Michael Casano, Attorney at Law, Gulfport, Mississippi.

24.   Trial Testimony – July 25, 2006; John Paul Jones case, Retained by Edward Sherman, Attorney at Law, New Orleans, Louisiana.

25.   Discovery Deposition – August 7, 2006; Michael Jones case, Retained by Kinney Swain, Attorney at Law, Greenville, Mississippi.

26.   Discovery Deposition – August 7, 2006; Robert Bush case, Retained by Kinney Swain, Attorney at Law, Greenville, Mississippi.

27.   Discovery Deposition – August 14, 2006; Tammy Dillingham case, Retained by Timothy Holleman, Attorney at Law, and William Dreher, Attorney at Law, Gulfport, Mississippi.

28.   Discovery Deposition – August 18, 2006; Eddie Bradham case, Retained by Michael Stag, Attorney at Law, New Orleans, Louisiana.

29.   Discovery Deposition – August 21, 2006; Howard Sanders case, Retained by Danny Lirette, Attorney at Law, Houma, Louisiana.

30.   Trial Deposition – August 25, 2006; Edna Dianne Morrison case, Retained by Don Evans, Attorney at Law, Jackson, Mississippi.

31.   Discovery Deposition – August 28, 2006; Laurence Landry case, Retained by Robert Tyler, Biloxi, Mississippi.

32.   Discovery Deposition – September 8, 2006; Seneca Hodges case, Retained by Ellis Turnage, Attorney at Law, Cleveland, Mississippi.

33. Trial Testimony – September 18, 2006; James Achee case, Retained by Joseph Weigand, Attorney at Law, Houma, Louisiana.

34. Discovery Deposition – October 2, 2006; Joshua Patterson case, Retained by Daniel Ware, Attorney at Law, Magee, Mississippi.

35. Discovery Deposition – October 13, 2006; Douglas Anderson case, Retained by Glenn Lieberman, Attorney at Law, New Orleans, Louisiana.

36. Discovery Deposition – October 26, 2006; Brent Clements case, Retained by Randy Ungar, Attorney at Law, New Orleans, Louisiana.

37. Trial Testimony – October 31, 2006; Sidney Odom case, Retained by Kay Hardage, Attorney at Law, Jackson, Mississippi.

38. Discovery Deposition – November 29, 2006; Tommie Johnson case, Retained by Matt Friedman, Attorney at Law, Chicago, Illinois.

39. Discovery Deposition – December 5, 2006; Jalisa & Jatavis Banks cases; Retained by Philip Carby, Attorney at Law, Natchez, Mississippi.

40. Discovery Deposition – December 8, 2006; Jerry Smith case, Retained by Robert Diliberto, Attorney at Law, Metairie, Louisiana.

### TRIAL TESTIMONY AND DEPOSITIONS
### BY
### NATHANIEL FENTRESS, MS, CRC, CCM
### 2007

1.   Discovery Deposition - January 17, 2007; Jason Wylie case, retained by Kristi Post, Attorney at Law, New Orleans, Louisiana.

2.   Discovery Deposition - January 26, 2007; Donald Berrigan case, retained by Chris Lawler, Attorney at Law, Metairie, Louisiana.

3.   Discovery Deposition - January 29, 2007; Steve Woods case, retained by Philip Carby, Attorney at Law, Natchez, Mississippi.

4.   Trial Testimony - February 1, 2007; Lonnie Campbell case, retained by David Abraham, Attorney at Law, Lafayette, Louisiana.

5.   Trial Testimony - February 8, 2007; Randy Scott case, retained by Marshall Sanders, Attorney at Law, Vicksburg, Mississippi.

6.   Discovery Deposition - February 26, 2007 Thomas Harris case, retained by David Pitre, Attorney at Law, Gulfport, Mississippi.

7.   Discovery Deposition - March 12, 2007; Aniceto Caldazilla case, retained by Kinney Swain, Attorney at Law, Greenville, Mississippi.

8.   Discovery Deposition - April 10, 2007; Robert Minor case, retained by Philip Carby, Attorney at Law, Natchez, Mississippi.

9.   Discovery Deposition - April 17, 2007; Danny Vanoven case, retained by Frank Thackston, Attorney at Law, Greenville, Mississippi.

10.   Discovery Deposition - April 30, 2007; David Fleming case, retained by Kinney Swain, Attorney at Law, Greenville, Mississippi.

11.   Trial Testimony - May 2, 2007; Robert Wylie case; retained by Susan O'Neal, Attorney at Law, Greenville, Mississippi.

12.   Discovery Deposition - May 21, 2007; Lionel Francois case, retained by Dennis Sweet, Attorney at Law, Jackson, Mississippi.

13.   Trial Testimony - May 23, 2007; Thomas Harris case, retained by David Pitre, Attorney at Law, Gulfport, Mississippi.

14. **Discovery Deposition - June 4, 2007; Andrew Shaun Turner case, retained by Philip Carby, Attorney at Law, Natchez, Mississippi.**

15. **Discovery Deposition - July 13, 2007; Richard Tucker case, retained by Kristi Post, Attorney at Law, New Orleans, Louisiana.**

16. **Discovery Deposition - July 24, 2007; Darrell Smallwood case, retained by Cliff Easley, Attorney at Law, Bruce, Mississippi.**

17. **Trial Testimony - August 15, 2007; Richard Tucker case, retained by Kristi Post, Attorney at Law, New Orleans, Louisiana.**

18. **Trial Deposition - August 29, 2007; Tommie Johnson case, retained by Matt Friedman, Attorney at Law, Chicago, Illinois.**

19. **Discovery Deposition - November 7, 2007; Charles Schultz case, retained by Michael Stag, Attorney at Law, New Orleans, Louisiana.**

20. **Discovery Deposition - November 27, 2007; Gene Easley case, retained by Ellis Turnage, Attorney at Law, Cleveland, Mississippi.**

21. **Discovery Deposition - December 14, 2007; Nathan Laurenson case, retained by James Cazalot, Attorney at Law, New Orleans, Louisiana.**

TRIAL TESTIMONY AND DEPOSITIONS
BY
NATHANIEL FENTRESS, MS, CRC, CCM
2008

1.  Discovery Deposition - January 11, 2008; Darin Hunt case, retained by Gary
    Gaudin, Attorney at Law, Gonzales, Louisiana.



## NATHANIEL FENTRESS
### REHABILITATION COUNSELOR

**LIFE CARE PLAN**
**EARLBON HUNTER**

**PREPARED BY**
**NATHANIEL FENTRESS, MS, CRC, CCM**

**April 2, 2012**

**SUBMITTED TO**
**JAMES ASHLEY OGDEN**
**ATTORNEY AT LAW**
**500 EAST CAPITOL STREET**
**SUITE 3**
**JACKSON, MISSISSIPPI 39201**

1151 North State Street ■ Suite 511
Jackson, Mississippi 39202
(601) 355-7550 ■ (601) 968-0896 (FAX)

New Orleans, Louisiar
(504) 522-6211 ■ (504) 522-5131 (FA



# TABLE OF CONTENTS

**Executive Summary**      **3**

**Introduction**      **4**

## EXECUTIVE SUMMARY

Life Care Plans are dynamic documents based upon published standards of practices (as adopted by the International Association of Rehabilitation Professionals), outlining an individual's future care based upon reasonable probability. Life Care Plans are provided for people who have experienced an injury or illness for which they will need treatment and care for an extensive period of time. Life Care Plans are a study at a point in time and should be modified and updated as needed. Life Care Plan modifications are typically required because of significant improvement or deterioration of an individual's condition.

This Life Care Plan is divided into two sections. The first section is an overview of predicted treatment and care regimens. The second section provides cost tables to summarize future expenses.

Life Care Plans are developed by rehabilitation professionals who are qualified to prepare such plans. The development of Life Care Plans has always been a part of the comprehensive treatment of an injured person. Life care planners are familiar with the total treatment program encountered by an injured individual. Life care planners should be familiar with and have the capacity to consult in areas that include acute medical care, comprehensive rehabilitation care, psychological care, personal care and vocational analysis.

3

# LIFE CARE PLAN

## INTRODUCTION

Earlbon Hunter is a fifty-four year old African American male.  Mr. Hunter was referred for the development of a Life Care Plan by Ashley Ogden, Attorney at Law.  The purpose of this plan is to objectively outline Mr. Hunter's anticipated future medical expenses that he will encounter after a fall in April, 2009. This Life Care Plan does comply with the standards of practice as published by the International Association of Rehabilitation Professionals and the International Academy of Life Care Planners.

## RECORDS REVIEWED

1.  The medical records from Mississippi Baptist Medical Center
2.  The medical records from Restorative Care Hospital
3.  The medical records from the Methodist Rehabilitation Center
4.  The medical records from Amedisys of Memphis
5.  The medical records from Saint Francis Hospital
6.  The medical records from University of Tennessee Medical Group
7.  The medical records from Tabor Orthopeadics
8.  The medical records from Methodist LeBonheur Healthcare

## MEDICAL INFORMATION

Mr. Hunter had a history of Parkinson's Disease and major depression prior to an incident where he fell in April, 2009.  Mr. Hunter was admitted to the Mississippi Baptist Medical Center on April 15, 2009, with a diagnosis of Parkinson's Disease, rahbdomyolysis, which is acute renal failure.  He was admitted to the Mississippi Baptist Medical Center for further treatment.  Mr. Hunter underwent surgical intervention under the care of Kendall Blake, M.D., on April 16, 2009.  The diagnosis was irreversible ischemia of the right upper extremity of the right lateral chest wall.  The surgery performed was a right shoulder disarticulation with the removal of a large portion of the lateral aspect of the right chest wall.  Mr. Hunter received ongoing follow-up care through the Mississippi Baptist Medical Center including the placement of an inferior vena cava filter and other diagnostic studies and consultations.  Mr. Hunter was discharged from the Baptist Medical Center on April 20, 2009.

Mr. Hunter has also received care through the Methodist Rehabilitation Center under the guidance of Samuel Grissom, M.D., Physiatrist.  Mr. Hunter was admitted to the Methodist Rehabilitation Center on May 5, 2009, for a comprehensive rehabilitation program.  Mr. Hunter was discharged from the Methodist Rehabilitation Center after a comprehensive rehabilitation program on May 20, 2009.

Mr. Hunter has also been treated at the St. Francis Hospital on several occasions.  Mr.

4

Hunter was also treated through the University of Tennessee Medical Group, as well as at the Methodist LeBonheur Healthcare Center in Memphis.

Mr. Hunter underwent an Independent Medical Evaluation by Howard T. Katz, M.D., Physiatrist. Dr. Katz diagnosed Mr. Hunter as follows:

1. Right shoulder disarticulation secondary to gangrene with removal of part of the right chest wall
2. Severe Parkinson's Disease
3. Status post mild to moderate traumatic brain injury
4. Dimentia
5. Depression
6. Status post rhabdomyolysis and renal failure which is resolved
7. History of deep venous thrombosis and he is on a chronic anti-coagulation therapy
8. Neurogenic bladder with continued incontinence

Dr. Katz offers, to a reasonable degree of medical certainty, that Mr. Hunter's right shoulder disarticulation and the removal of part of his right chest wall was secondary to a fall in April of 2009. Dr. Katz offers, to a reasonable degree of medical certainty, that Mr. Hunter suffered a mild to moderate traumatic brain injury as the result of the fall in April of 2009. Dr. Katz additionally offers that Mr. Hunter had pre-existing Parkinson's Disease when he fell in April of 2009. Dr. Katz notes that Mr. Hunter was independent at the time of the fall in April of 2009, and that his Parkinson's Disease was aggravated and made worse causing Mr. Hunter to become dependent in mobility and self care. Mr. Hunter had a pre-existing history of depression prior to the April, 2009, fall. Dr. Katz offers, that to a reasonable degree of medical certainty, his depression was temporarily exacerbated, if not aggravated and made worse by the injury. Dr. Katz additional offers, that to a reasonable degree of medical certainty, Mr. Hunter did not have any significant dementia prior to the fall in April, 2009. Dr. Katz offers, that to a reasonable degree of medical certainty, his dementia began and was either caused or aggravated by the fall. Dr. Katz additionally offers, that to a reasonable degree of medical certainty, Mr. Hunter's fall in April, 2009, resulted in him suffering deep venous thrombosis and as a result of this condition, he has remained on chronic anti-coagulation therapy since that time. Mr. Hunter also became incontinent of bladder after the incident and currently has a chronic neurogenic bladder problem. Mr. Hunter is at maximum medical improvement from the April, 2009, injuries.

Dr. Katz has assigned Mr. Hunter permanent medical impairment. Dr. Katz assesses Mr. Hunter as having a 100% permanent medical impairment to the right upper extremity which corresponds to a 60% permanent medical impairment to the body as a whole. Dr. Katz assesses Mr. Hunter as having an 11% permanent medical impairment to the body as a whole due to his central nervous system disorder including dementia, mild to moderate traumatic brain injury and Parkinson's Disease. Dr. Katz assesses Mr. Hunter as having a 40% permanent medical impairment rating to the body as a whole due to impairment of the use of his left upper non-

dominant extremity. Dr. Katz assigns a 25% permanent medical impairment to the body as a whole due to Mr. Hunter's inability to walk independently. Dr. Katz assigns a 30% permanent medical impairment rating to the body as a whole due to his urinary incontinence. Dr. Katz also assesses Mr. Hunter as having a 5% permanent medical impairment rating to the body as a whole due to the necessity of chronic anti-coagulation therapy. Dr. Katz assigns Mr. Hunter a combined 89% permanent medical impairment rating to the body as a whole due to the April, 2009, injuries.

Dr. Katz also assessed specific functional limitations. Dr. Katz notes that Mr. Hunter is dependent in mobility. Dr. Katz offers that Mr. Hunter has to have assistance with someone pushing a wheelchair for his mobility. Mr. Hunter can walk, but must wear a gait belt and have someone provide assistance with his walking ability. Dr. Katz also notes that Mr. Hunter requires assistance in all activities of daily living.

Dr. Katz also assessed Mr. Hunter's future anticipated medical needs. As a result of this counselor's global review of the available medical information, as well as consultation with Dr. Katz and the providers identified on the Resources Page of this plan, the following Life Care Plan is offered.

## MEDICAL CARE

1.    Neurologist-Assessed at six visits per year.  The cost of a visit is assessed at
      $92.00 (CPT 99213), as the result of consultation with the American Medical
      Association's Physicians' Fee Reference, 2012.  This presents annual expenses of
      $552.00

2.    Urologist-Assessed at two visits per year.  The cost of a visit is assessed at $92.00
      (CPT 99213), as the result of consultation with the American Medical
      Association's Physicians' Fee Reference, 2012. This presents annual expenses of
      $184.00.

This presents Mr. Hunter with average annual expenses for medical care assessed at
$736.00.

7

## DIAGNOSTIC STUDIES

1.   Urodynamic Studies and Cystoscopy: Assessed at one time.  The cost is approximately $1,500.00 which presents fixed expenses assessed at $1,500.00 as the result of consultation with Mississippi Urology.

2.   Renal Ultrasound-Assessed at once every two years.  The cost is $629.00 (CPT 78700(26)), as the result of consultation with the American Medical Association's Physicians' Fee Reference, 2012.  This presents annual expenses of $314.50.

3.   Renal Function Study-Assessed at one time every two years.  The cost is $496.00 (CPT 78725(26)), as the result of consultation with the American Medical Association's Physicians' Fee Reference, 2012.  This presents annual expenses of $248.00.

Mr. Hunter faces average annual expenses assessed at $562.50 per year and fixed expenses for $1,500.00 for diagnostic studies.

8

**LABORATORY STUDIES**

1.  Comprehensive Metabolic Pane and CBC: Assessed at a cost of $143.00 (CPT 80050) as a result of consultation with the American Medical Association's Physicians' Fee Reference, 2012.   This presents average annual expenses assessed at $143.00.

2.  Urinalysis with Creatine Clearance: The cost of this study is assessed at $92.00 (CPT 82575 &81050 ) as a result of consultation with the American Medical Association's Physicians' Fee Reference, 2012. These studies are to be conducted once every two years.  This presents average annual expenses assessed at $46.00.

3.  Urinalysis with Urine Culture:  The cost of this study is assessed at $28.00 (CPT 81001) as a result of consultation with the American Medical Association's Physicians' Fee Reference, 2012.  These studies are to be conducted two times per year.  This presents average annual expenses assessed at S56.00 .

4.  Guaiac Study-Assessed at a cost of $ 21.00 (CPT 82270) as a result of consultation with the American Medical Association's Physicians' Fee Reference, 2012.  These studies are to be conducted at annual intervals.  This presents average annual expenses assessed at $21.00.

5.  PT/INR:  The cost of this study is assessed at $27.00 (CPT 85610) as a result of consultation with the American Medical Association's Physicians' Fee Reference, 2012.  These studies are to be conducted times one time per month. This presents average annual expenses assessed at $324.00 .

6.  Thyroid study:  The cost of this study is assessed at S88.00 (CPT 84479 & 84436) as a result of consultation with the American Medical Association's Physicians' Fee Reference, 2012.  These studies are to be conducted at least one time.  This presents fixed expenses assessed at $88.00 .

Mr. Hunter therefore faces average annual expenses for laboratory studies assessed at $590.00, per year and fixed expenses of $88.00.

## PSYCHOLOGICAL COUNSELING

Assessed at 4 sessions per year at a cost of $125.00 per session as a result of consultation with Pam Cameron, MSW.  This presents annual expenses assessed at $500.00.

Family Therapy: Assessed at 4 sessions per year at a cost of $125.00 per session as a result of consultation with Pam Cameron, MSW.  This presents annual expenses assessed at $500.00.

This presents average annual expenses for psychological counseling assessed at $1,000.00.

# THERAPY

1.  Physical Therapy: Equipment re-evaluation assessed at one time per year at a cost of $78.00(CPT#97002) per visit.   This presents average annual expenses assessed at $78.00 as the result of consulting with the American Medical Association's Physicians' Fee Reference, 2012.

    Mr. Hunter and his caregivers will also benefit from 4- 6 visits for an exercise program and reviewed three times per year by the therapist. This presents 5 physical therapy sessions at a cost of $272.00 (CPT 97530)per visit which presents fixed expenses assessed at $1,360.00 and annual expenses of $816.00 as the result of consulting with the American Medical Association's Physicians' Fee Reference, 2012.

2.  Occupational Therapy: Equipment evaluation assessed at one time per year at a cost of $93.00(CPT#97004) per visit.   This presents average annual expenses assessed at $93.00 as the result of consulting with the American Medical Association's Physicians' Fee Reference, 2012.

    Mr. Hunter and his caregivers will also benefit from 4- 6 visits for an exercise program and reviewed three times per year by the therapist. This presents 5 occupational therapy sessions at a cost of $272.00 (CPT 97530)per visit which presents fixed expenses assessed at $1,360.00 and annual expenses of $816.00 as the result of consulting with the American Medical Association's Physicians' Fee Reference, 2012.

3.  Recreational Therapy: Mr. Hunter will benefit from recreational therapy to increase his enjoyment of life.  Consultation with the American Medical Association's Physicians' Fee Reference, 2012 indicates that the cost of a recreational therapy visit is assessed at $228.00(CPT#97537).  Dr. Katz offers that he will benefit from 2 sessions per year indefinitely.  Mr. Hunter will benefit from 6 sessions per year over the next 2 years to develop an ongoing program.  This presents fixed expenses for 2 sessions assessed at $456.00 .  This presents average annual expenses for 2 sessions per year at $456.00 per year.

4.  Speech Therapy: Mr. Hunter needs to be re-evaluated every 2 years for swallowing function.   Consultation with the American Medical Association's Physicians' Fee Reference, 2012 indicates that the cost of a visit is assessed at $234.00(CPT#92610).  This presents annual costs of $117.00.

Mr. Hunter faces annual expenses for therapy assessed at $2,376.00, per year and fixed expenses of $3,176.00 .

11

## ATTENDANT CARE

Mr. Hunter does need 24 hour per day attendant care as he is unable to direct his own care. Consultation with Southern HealthCare indicates that the average hourly expense for LPN care is assessed at $28.31 per hour.

This presents overall anticipated annual expenses for attendant care assessed at $247,995.60, for 365 days per year.

12

## RESIDENTIAL TREATMENT

Mr. Hunter does require 24 hour per day care. He needs approximately 16 ours of direct assistance. If Mr. Hunter does not have anyone to care for him in his own home, he will need to be placed in a residential treatment facility that specializes in long term care such as Hammond Place, TASS Brain Injury Rehabilitation or Neurologic Rehabilitation Living Center. Consultation with these facilities indicate that the cost for this type of treatment is assessed at $500.00-$700.00, per day or an average of $600.00, per day. This presents an annual cost of $219,000.00, or fixed expenses of $4,774,200.

13

## MEDICATION

1.  Klonopin (Clonazepam) - .5 mg, 30 per month at a cost of $13.99 per month

2.  Comtan- 200 mg, 150 per month at a cost of $549.93 per month

3.  Colace- 100mg, 60 per month at a cost of $24.99 per month

4.  Aricept(Donepezil HCl)- 10 mg, 30 per month at a cost of $188.00 per month

5.  Iron Sulfate- 325 mg ,90 per month at a cost of $8.63 per month.

6.  Neurontin (Gabapentin)- 300mg, 30 per month at a cost of $6.33 per month

7.  Selegiline- 5 mg, 60 per month at a cost of $110.99 per month

8.  Coumadin(Wafarin Sodium)- 10 mg, 16 per month at a cost of $13.33 per month

9.  Coumadin(Wafarin Sodium)- 7.5 mg, 4 per month at a cost of $3.20 per month

10. Coumadin(Wafarin Sodium)- 5 mg, 8 per month at a cost of $3.73 per month

Mr. Hunter faces annual expenses for medication assessed at $11,077.44.

## MEDICAL SUPPLIES

Mr. Hunter requires medical supplies currently assessed at approximately $300.00, per month. It is anticipated that he will continue to benefit from such medical supplies as medical gloves, KY Jelly, gloves, germicidal soaps, barrier powders, adhesives, solvents, handi-wipes, skin lotions, skin sealants and catheters.

This presents Mr. Hunter with average annual expenses assessed at $3,600.00, per year.

## DURABLE MEDICAL EQUIPMENT

1. Manual Wheelchair -Assessed as a Quickie II type wheelchair assessed at a cost of $2,300.00, to be replaced at 4-6 year intervals plus average annual expenses for maintenance assessed at $75.00, which presents average overall expenses of $535.00.

2. Jay Cushion- Assessed as a Jay II cushion with deep contour at a cost of $460.00, to be replaced at 3-5 year intervals plus average annual expenses for maintenance assessed at $40.00, which presents average annual expenses assessed at $155.00.

3. Commode shower chair:  Assessed at a cost of $929.00, to be replaced at 3-5 year intervals which presents average annual expenses assessed at $232.25.

4. Portable wheelchair ramps: Assessed at a cost of $700.00, to be replaced at 5 year intervals which presents average annual expenses assessed at $140.00.

5. Electric hospital bed:   Assessed at a cost of $899.00, to be replaced at 10 year intervals which presents average annual expenses assessed at $89.90 .

6. Egg Crate mattress:  Assessed at a cost of $24.00, to be replaced at 3 year intervals which presents average annual expenses assessed at $8.00 .

7. Traveling tub bench: Assessed at a cost of $365.00, to be replaced at 10 year intervals which presents average annual expenses assessed at $36.50.

8. Wheelchair back pack: Assessed at a cost of $39.00, to be replaced at 3 year intervals which presents average annual expenses assessed at $13.00 .

9. Gait Belt: Assessed at a cost of $15.54, to be replaced at 5 year intervals which presents average annual expenses assessed at $3.11 .

This presents anticipated annual expenses of $1,212.76, as the result of consultation with The Medical Supply Group, the Medical Club, Walmart and onlinemedicalsupply .

16

## TRANSPORTATION

Mr. Hunter will benefit from an accessible van with hydraulic lift. Consultation with The Paralyzed Veterans of America indicates that the allowance of a van with hydraulic lift and tie downs and modifications is assessed at a cost of $33,000.00. The average life expectancy of a van is assessed at 5–7 years or an average of 6 years. The average annual expenses for a van is therefore assessed at $5,500.00, per year.

Due to the level of his injury, Mr. Hunter will benefit from a cellular telephone for emergency purposes. The basic fee for a cell phone based on consultation with AT&T is assessed at $39.99, per month or $479.88, per year

This presents annual costs for transportation assessed at $5,979.88.

## ARCHITECTURAL RENOVATIONS

Mr. Hunter will benefit from a totally accessible living environment. The cost of a renovation of an average home is assessed at approximately $63,780.00, as the result of consultation with Paralyzed Veterans Association. Mr. Hunter therefore faces expenses currently assessed at a fixed rate of $63,780.00, for home renovations over his life expectancy.

## LIFE CARE PLAN CONCLUSIONS

It is this counselor's opinion that the Life Care Plan offered is an objective reflection of Mr. Hunter's current medical care requirements.  Mr. Hunter's  Life Care Plan is a point in time study and therefore it should be modified if his condition deteriorates or if his condition does improve.  This study is an objective analysis based on reasonable probability, as the result of a review of the available records, as well as consultation with the providers identified on the resources page of this report.  The cost of care presented in this study is based on the value of a dollar today. Mr. Hunter's current life expectancy is 21.8 years.  Mr. Hunter currently faces an approximate cost of care of  **$5,185,163.66 (residential treatment) - $6,066,381.92 (living at home)** .  For further analysis, please review the next section of this plan which contains the Table of Annual Expenses (living at home and residential treatment), the Table of Fixed Expense (living at home and residential treatment) and the Table of Total Lifetime Expenses (living at home and residential treatment).

19

**TABLE OF ANNUAL EXPENSES**
**(AT HOME)**

| | | |
|---|---|---|
| I | Medical Care | $ 736.00 |
| II | Medication | $11,077.44 |
| III | Medical Supplies | $3,600.00 |
| IV | Therapy | $2,376.00 |
| V | Attendant Care | $ 247,995.60 |
| VI | Laboratory Studies | $590.00 |
| VII | Diagnostic Studies | $ 562.50 |
| VIII | Durable Medical Equipment | $1,212.76 |
| IX | Psychological Counseling | $1,000.00 |
| X | Transportation | $5,979.88 |
| | Total: | $275,130.18 |

20

## TABLE OF ANNUAL EXPENSES
### (RESIDENTIAL TREATMENT)

| | | |
|---|---|---|
| I | Medical Care | $ 736.00 |
| II | Medication | $11,077.44 |
| III | Medical Supplies | $3,600.00 |
| IV | Laboratory Studies | $ 590.00 |
| V | Diagnostic Studies | $562.50 |
| VI | Psychological Counseling | $1,000.00 |
| VII | Durable Medical Equipment | $1,212.76 |
| | **Total:** | **$18,778.70** |

21

**TABLE OF FIXED EXPENSES**
**(RESIDENTIAL TREATMENT)**

| | | |
|---|---|---|
| I | Diagnostic Studies | $ 1,500.00 |
| II | Laboratory Studies | $88.00 |
| III | Residential Treatment | $4.774.200.00 |
| | **Total:** | **$4,775,788.00** |

## TABLE OF TOTAL LIFETIME EXPENSES
### (AT HOME)

| | | |
|---|---|---|
| I | Table of Total Annual Expenses | $5,997,837.92 |
| II | Table of Total Fixed Expenses | $   68,544.00 |
| | **Total:** | **$6,066,381.92** |

24

## TABLE OF TOTAL LIFETIME EXPENSES
## (RESIDENTIAL TREATMENT)

| | | |
|---|---|---|
| I | Table of Total Annual Expenses | $   409,375.66 |
| II | Table of Total Fixed Expenses | $ 4,775,788.00 |
| | **Total:** | **$5,185,163.66** |

25

## RESOURCES PAGE

Howard T. Katz, M.D.

American Medical Association - CPT Codes-2012

Physicians' Fee Reference, 2012

drugstore.com

Historical Bill Summaries

costhelper.com

United State Department of Health, Life Tables

26

## SIGNATURE PAGE

Sincerely,

Nathaniel Fentress, MS, CRC, CCM
NF/cm