IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

EARLBON HUNTER                                        PLAINTIFF


VS.                        CIVIL ACTION NO. 3:12-cv-315-WHB-LRA


INTOWN LESSEE ASSOCIATES;
INTOWN LESSEE SERVICES, LLS;
IT TENANT RBS, LLC;
CHARLES CAMPBELL, Individually;
BRANDON WALKER, Individually; and
JOHN DOES 1-3                                         DEFENDANTS


<u>OPINION AND ORDER</u>

This cause is before the Court on plaintiff's Motion to
Remand.  Having considered the pleadings, the attachments thereto,
as well as supporting and opposing authorities, the Court finds the
Motion is well taken and should be granted.


I.  Factual Background and Procedural History

Plaintiff, Earlbon Hunter ("Hunter"), was a resident of the
InTown Suites in Jackson, Mississippi ("InTown").  According to the
Complaint, Hunter advised InTown that he had health problems, and
requested a handicap room as well as daily check-ins.  Hunter was
provided a handicap room, and was allegedly promised that either
the management or a maintenance person would check on him daily.

On or about April 12, 2009, Hunter allegedly fell in his
bathroom at InTown and sustained serious injuries.  According to
the Complaint:

> Hunter fell in such manner that he was trapped between
> the toilet and the bathtub.  There was no telephone or
> emergency alarm in the bathroom.  Hunter was in and out
> of consciousness.  When conscious, Hunter gave cries for
> help which went unanswered.  Despite their promises to
> check on Hunter daily, the Defendants did not check on
> him for several days during this entire incident.  Hunter
> remained trapped in the bathroom with intermittent losses
> of consciousness until April 15, 2009 when finally he was
> found by an unknown cleaning woman.

See Compl. at ¶ 12.

On August 6, 2011, Hunter filed a lawsuit in the Circuit Court for the First Judicial Circuit of Hinds County, Mississippi, alleging claims of, *inter alia*, negligence against all of the named defendants.  The negligence claim is predicated on allegations including, but not limited to, that Defendants failed to: (1) check on Hunter daily as promised; (2) maintain proper sanitation on the property; (3) instruct its employees to check on Hunter daily; and (4) properly maintain the guest room bathrooms.  On April 2, 2012, while the case was pending in state court, Hunter filed his Designation of Experts, which included the designation of Fred Del Marva ("Marva"), who is purportedly an expert in fields including hotel, motel, and hospitality industry standards of care.  In his Designation, Hunter indicates that Marva is:

> expected to testify regarding policies and procedures
> utilized throughout the hotel industry regarding
> handicapped rooms and facilities for the disabled,
> including any and all specific features, design elements,
> and equipment that are commonly found in hotel rooms that
> are designed for and intended to be used by disabled
> and/or handicapped persons.  He is expected to provide
> testimony regarding a number of specific methods hotels
> and extended-stay locations employ when securing their

2

handicap rooms, including everything from the use of
bathroom phones, alarms, pull-cord alarms, and other
safety features.  He is expected to testify regarding any
and all provisions of the Americans With Disabilities Act
that apply to hotels such as InTown Suites.

See Mot. To Remand [Docket No. 3], Ex. B (Designation of Experts),

at 1-2.  Based, in part, on Marva's expected testimony regarding

the Americans with Disabilities Act ("ADA"), Defendants removed the

lawsuit suit to this Court on the basis of federal question

jurisdiction.  Hunter has now moved for remand arguing that such

jurisdiction does not exist in this case.


## II.  Discussion

Under 28 U.S.C. § 1331, federal courts may exercise subject

matter jurisdiction in cases "arising under the Constitution, laws,

or treaties of the United States."  Here, a federal question does

not appear on the face of Hunter's Complaint.  Defendants, however,

argue that the Court may nevertheless exercise subject matter

jurisdiction under Section 1331 because Hunter's state law claims

involve a substantial federal issue, namely the ADA.

Relevant to this argument, the United States Supreme Court has

recognized that state law causes of action may "arise under"

federal law in cases in which the plaintiff's right to relief under

state law requires resolution of a substantial, disputed question

of federal law.  See Franchise Tax Bd. of State of Cal. v. Constr.

Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983). The

3

Supreme Court has also recognized that "the congressional determination that there should be no federal remedy for the violation of [a] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 814 (1983).  The absence of a federal private right of action, however, should be treated as "evidence relevant to, but not dispositive of, the 'sensitive judgments about congressional intent' that § 1331 requires." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 318 (2005).  Thus, when considering whether federal question jurisdiction may properly be exercised on a claim that seemingly arises under state law, a court must ask: "[D]oes [the] state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 314.  In so asking, federal courts must be mindful that the existence of a federal issue should not be treated as a "password opening federal courts to any state action embracing a point of federal law." Id. See also Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 701 (2006)("[I]t takes more than a federal element to open the 'arising under' door.")(internal citation omitted).

Following <u>Gamble</u>, the United States Court of Appeals for the Fifth Circuit has held that "federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." <u>Singh v. Duane Morris LLP</u>, 538 F.3d 334, 338 (5th Cir. 2008). As regards the first factor, it does not appear that resolving a federal issue under the ADA is necessary to resolution of Hunter's state-law negligence claim. Here, Hunter's negligence claim is predicated on allegations that Defendants failed to properly maintain the guest room bathrooms, which arguably could implicate handicap standards under the ADA. Hunter's negligence claim, however, is also predicated on allegations that Defendants failed to check on him daily as promised, failed to maintain proper sanitation on the property, and failed to instruct its employees to check on him daily, none of which appear to implicate the ADA in any manner. Thus, while resolving an issue under the ADA may be necessary to resolve one of the aspects of Hunter's state-law negligence claim, resolving the ADA issue would have no bearing on the resolution of the other aspects of the negligence claim, or the negligence claim in its entirety. Accordingly, the Court finds this factor for exercising federal jurisdiction has not been satisfied.

Considering the remaining factors, the Court presumes the second factor would likely be satisfied as it is probable that the parties would dispute whether there was compliance with the ADA. Regarding the third factor, i.e. whether the federal issue is substantial, courts have found, in cases in which there is no private cause of action under the federal statute in question, that the significance of an alleged violation of that statute is limited.  See <u>e.g.</u> <u>Jairath v. Dyer</u>, 154 F.3d 1280, 1283 (11th Cir. 1998)(recognizing that there is no private right of action for damages under the ADA, and that "the congressional intent not to provide a private damages remedy for this kind of ADA violation is ... 'tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction.'")(quoting <u>Merrell Dow</u>, 478 U.S. at 810). <u>See</u> <u>also</u> <u>Singh</u>, 538 F.3d at 338 (finding, in a case in which there was no federal statutory private remedy, that the plaintiff's negligence/malpractice claim made federal law only "tangentially relevant" to an element of that claim).  Additionally, it does not appear that the federal issue in this case is substantial because resolution of the ADA violation (if such violation has been alleged) is not dispositive or indispensable to Hunter's case as there are several aspects of Hunter's negligence claim that have no connection with the ADA.

Finally, discussing the fourth factor, the Fifth Circuit has recognized:

> Construing Merrell Dow, the Grable Court, 545 U.S. at 319, observed that a "general rule of exercising federal jurisdiction over state [tort] claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts.  Although "violation of federal statutes and regulations is commonly given negligence per se effect in state tort proceedings," id. at 318 (quotation omitted), the Court in Merrell Dow declined to exert such expansive federal jurisdiction over state-law tort claims, despite the embedded federal issue.

Singh, 538 F.3d at 349 (alterations in original).  Here, the Court finds that the exercise of federal question jurisdiction in this case would disturb the balance of state and federal responsibilities by "federalizing" state law negligence cases that incidentally allege the violation of a federal statute, which itself provides no remedy for such violation.  Under governing authority, the Court finds such result is not intended by Congress or the Supreme Court.

Thus, having reviewed the pleadings and applicable law, the Court finds Defendants have not shown that this case falls within the limited circumstances in which a federal court may exercise subject matter jurisdiction under Section 1331 because a federal issue is embedded within a state law cause of action.  Accordingly, the Court finds Defendants have not shown that this Court may properly exercise federal subject matter jurisdiction in this case and, therefore, Hunter's Motion to Remand should be granted.

7

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Docket No. 3] is hereby granted.  The parties are to bear their own attorneys' fees and costs incurred with respect to removal and remand.

IT IS FURTHER ORDERED that the Clerk of Court is directed to remand this case to the Circuit Court for the First Judicial District of Hinds County, Mississippi.

IT IS FURTHER ORDERED that Plaintiff's Motion to Expedite Ruling [Docket No. 10] is hereby granted to the extent the subject Motion to Remand has now be considered.

SO ORDERED this the 25th day of July, 2012.


                              s/ William H. Barbour, Jr.
                              UNITED STATES DISTRICT JUDGE